UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JOHN KLOSTERMAN,<br>    Plaintiff, | Case No. 1:25-cv-312<br>Dlott, J.<br>Litkovitz, M.J. |
| vs. | |
| KONZA, LLC, *et al.*,<br>    Defendants. | **ORDER AND REPORT<br>AND RECOMMENDATION** |

This matter is before the Court on plaintiff's motions for leave to amend the original complaint (Doc. 17) and for partial summary judgment against defendants Jennifer Donathan and Keller Williams Advisors Realty (Doc. 27).

On June 27, 2025, plaintiff filed an amended complaint in accordance with the Court's June 26, 2025 Order. (Doc. 33). The amended complaint supersedes the original complaint and is the operative complaint in this case. *See Calhoun v. Bergh*, 769 F.3d 409, 410 (6th Cir. 2014). Therefore, plaintiff's motion for leave to amend the original complaint (Doc. 17) is **DENIED** as moot.

Plaintiff's motion for partial summary judgment against defendants Jennifer Donathan and Keller Williams Advisors Realty (Doc. 27) should be denied without prejudice to refiling as premature. "It is well established in the Sixth Circuit that a grant of summary judgment, absent *any* opportunity for discovery, is an abuse of discretion." *El-Bey v. Wallace*, No. 2:21-cv-00389, 2023 WL 1857797, at *5 (S.D. Ohio Feb. 9, 2023) (internal quotation marks omitted) (quoting *Moore v. Shelby County, Ky.*, 718 Fed. App'x 315, 320 (quoting *White's Landing*, 29 F.3d 229, 231 (6th Cir. 1994)). This case is at its initial stages and defendants' time for responding to plaintiff's amended complaint has not yet expired. Therefore, it is **RECOMMENDED** that plaintiff's motion for partial summary judgment be **DENIED** as premature.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

Date: 7/7/2025

Karen L. Litkovitz
United States Magistrate Judge