IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **JOHN KLOSTERMAN,** *et al.*, | Case No. 1:25-cv-0312 |
| Plaintiffs, | Judge Susan J. Dlott<br>Magistrate Judge Karen L. Litkovitz |
| v. | |
| **KONZA, LLC,** *et al.*, | **DEFENDANT COMMUNITY ACTION AGENCY'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT** |
| Defendants. | |

Defendant Community Action Agency ("CAA"), by and through undersigned counsel, submits its Motion to Dismiss Plaintiff John Klosterman's ("Klosterman") Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Klosterman does not name CAA as a Defendant in his Amended Complaint, does not purport to serve CAA his Amended Complaint, does not provide any factual basis for this Court's jurisdiction over CAA, and does not state a plausible claim for relief against CAA. *See generally*, Doc. 33.  Additionally, this Court lacks jurisdiction pursuant to the *Rooker-Feldman* doctrine or, alternatively, should decline jurisdiction pursuant to the doctrines of *Younger* abstention and *Colorado River* abstention.  A Memorandum in Support of this Motion more fully laying out the grounds for dismissal is attached hereto.

1

Respectfully submitted,

*/s/ R. Samuel Gilley*
R. Samuel Gilley (0092533)
Dinsmore & Shohl LLP
255 East Fifth Street, Suite 1900
Cincinnati, OH 45202
(513) 977-8200
(513) 977-8141 (fax)
samuel.gilley@dinsmore.com

*Attorney for Defendant*
*Community Action Agency*

**MEMORANDUM IN SUPPORT**

I.    **PRELIMINARY STATEMENT**

Plaintiff John Klosterman's Amended Complaint reflects the latest in an overwrought litigation saga spanning over six years. In 2019, the City of Cincinnati initiated foreclosure proceedings against Klosterman for numerous code violations stemming from his properties in the Sedamsville neighborhood. Those properties were placed in receivership, ultimately resulting in the judicially approved sale of those properties. In the course of those proceedings, Klosterman made countless frivolous objections, and the state court eventually designated Klosterman a vexatious litigator requiring court approval for additional filings. Nevertheless, Klosterman has continued to object to and appeal decisions in the state court proceedings.

The present case is another such objection and appeal, albeit a collateral and improper one. As the Court has recognized, Klosterman initially filed a 104-page Complaint consisting of 346 numbered paragraphs. Klosterman filed a shorter Amended Complaint pursuant to an Order of this Court. (Doc. 33). In the short time this case has been active, the docket has already ballooned to nearly fifty entries, including a Motion for leave to amend a second time. The focal point of all Complaints is an allegedly "engineered sale" of the Sedamsville properties, asserting a vast conspiracy of state actors and court officers to deprive Klosterman of the properties' true value. (Doc 1, PAGEID# 2, 7-13; Doc. 33, PAGEID#364–76; Doc 45, PAGEID#421). In short, Klosterman attacks the judicially approved sale of the Sedamsville properties by accusing the Defendants of racketeering activity under the civil RICO statute, deprivation of his constitutional rights pursuant to § 1983, and numerous tort causes of action.

None of Klosterman's filings, including the Amended Complaint, implicate Community Action Agency ("CAA"). Klosterman's primary contention is the judicially approved sale of the

1

at-issue properties. Even if Klosterman can raise a claim on that basis, he does not allege that CAA had any role in the valuation or sale of those properties. The only allegation directed at CAA is that it did not investigate allegedly-fraudulent rental assistance applications as identified by Klosterman (Doc 33, PAGEID#366) – not actionable by Klosterman on any basis, let alone on the tort bases he alleges. Indeed, Klosterman appears to have abandoned his claims against CAA between the filing of the original Complaint and the Amended Complaint. He does not identify CAA as a Defendant in the Amended Complaint, he does not offer any jurisdictional information as to CAA, and he does not purport to serve CAA. (*Id*. PAGEID#363–64).

Accordingly, CAA respectfully requests that it be dismissed from the present lawsuit with prejudice.

**II.    LEGAL STANDARD**

To survive a motion to dismiss pursuant to Rule 12(b)(1), a complaint must plead "specific facts forming the basis of subject matter jurisdiction," such as how a defendant violated a particular federal statute or how a defendant's conduct otherwise gives rise to a federal cause of action. *See Roper v. Ford Motor Co.*, No. 1:09-cv-427, 2010 U.S. Dist. LEXIS 66302, at *4–5 (S.D. Ohio Apr. 6, 2010) (citing *Turner v. Metro. Savings Bank*, No. 98-3186, U.S. App. LEXIS 14089, at *3 (6th Cir. June 21, 1999)). To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Id.* at 668.

"[A]lthough [the Court] must accept all well-pleaded factual allegations in the complaint as true, [it] need not 'accept as true a legal conclusion couched as a factual allegation.'" *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555). A complaint must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

### III. ARGUMENT

#### A. Klosterman appears to abandon his claims against CAA and fails to state a claim in his Amended Complaint.

As an initial matter, Klosterman does not name CAA as a Defendant in the Amended Complaint. (Doc. 33, PAGEID#363–64). Accordingly, Klosterman does not actually allege any causes of action against CAA in the Amended Complaint, nor does he provide any specific facts forming the basis of subject matter jurisdiction over CAA. Additionally, Klosterman does not purport to serve on CAA a copy of the Amended Complaint. (*See* "Corrected Certificate of Service," Doc. 34). From the state of the pleadings, it appears that Klosterman has abandoned his claims against CAA and has elected not to pursue CAA as a Defendant in the present action.

Even if Klosterman had not apparently abandoned his claims against CAA, his Amended Complaint still fails to state a claim against CAA. At bottom, Klosterman alleges a sweeping conspiracy by the Defendants to undervalue the Sedamsville properties and deprive Klosterman of his interest in those properties. Even if Klosterman's allegations could state a claim against the

3

other Defendants (which CAA denies), Klosterman makes no effort to connect CAA to these allegations in his Amended Complaint.

The only conduct Klosterman actually attributes to CAA is that it allegedly "took no corrective action" after Klosterman reported "[f]raudulent rental applications" submitted by other parties. (Doc. 33, PAGEID#366).[1] Klosterman does not say how CAA's alleged failure to intervene damaged him, nor does he connect this alleged conduct with any of his stated causes of action. An alleged failure to take "corrective action" is not a predicate act under the civil RICO statute, *see* 18 U.S.C. § 1961(1), and therefore it cannot form the basis of a civil RICO or RICO conspiracy claim. (*See* Doc. 33, PAGEID#369-70). Nor does Klosterman allege how the supposed failure to take "corrective action" deprived him of an interest in the at-issue properties, meaning he has not stated a § 1983 or § 1985 claim against CAA. (*See id.*). For the same reason, Klosterman does not state a conversion claim against CAA because he does not allege that CAA took or exercised control over any of his property. (*See id*). An alleged failure to take "corrective action" similarly does not form the basis of a fraud claim, and Klosterman makes no effort to tie this conduct to his intentional infliction of emotional distress claim. (*See id.* PAGEID#370, ¶¶ 42, 46).

For the foregoing reasons, Klosterman has failed to allege grounds for this Court exercising jurisdiction over CAA, and he has failed to state a plausible claim against CAA for which relief can be granted. Accordingly, the Court should dismiss CAA from the present action with prejudice.

---

[1] Notably, Klosterman purports to attach evidence of reporting this alleged fraud to CAA at Exhibits J and K to his original Complaint (*see* Doc. 33, PAGEID#376), but he did not attach an "Exhibit J" to the original Complaint, and the Exhibit K attached does not reflect a communication with CAA or its personnel, as he claims. (*See* Doc. 1-1, PAGEID#137–41).

4

**B.     The Court Lacks Jurisdiction to Hear Klosterman's Claims Because He Seeks Review of a State Court Judgment.**

CAA also notes that the entire action invites review of a state-court judgment, and therefore the Court lacks jurisdiction under the *Rooker-Feldman* doctrine. *Rooker-Feldman* precludes federal court review of state court judgments, applying to direct appeals of state-court judgments and to "claims that are 'inextricably intertwined' with the judgment of a state court." *Anderson v. Charter Twp. of Ypsilanti*, 266 F.3d 487, 492–93 (6th Cir. 2001). *Rooker-Feldman* applies to judicially approved sales of real property. *See, e.g.*, *Givens v. Longwell*, No. 2:25-cv-593, 2025 U.S. Dist. LEXIS 123797, at *5–7 (S.D. Ohio June 30, 2025) (Vascura, Mag. J.); *Powell v. U.S. Bank, Nat'l Ass'n*, No. 1:22-cv-05389, 2023 U.S. Dist. LEXIS 116805, at *4–5 (N.D. Ill. July 7, 2023); *George v. US Bank*, No. 24-cv-1598 (JMC), 2025 U.S. Dist. LEXIS 62394, at *3–4 (D.D.C. Apr. 1, 2025).

Klosterman's Amended Complaint plainly invites review of a state-court judgment and is barred by *Rooker-Feldman*. At the center of Klosterman's allegations is a purportedly "engineered sale" of the Sedamsville properties, which the Hamilton County Court of Common Pleas placed in receivership pursuant to state-court foreclosure proceedings (the "State Court Proceedings"). (*See* Order Appointing Receiver, *City of Cincinnati v. Klosterman*, Hamilton Cnty. C.P. No. A1905588 (entered Feb. 14, 2020)). The receiver moved the court to approve the sale of the properties in the State Court Proceedings, which the state court approved after reviewing the receiver's memorandum in support and holding a hearing on the issue. (*Id.* ¶ 17; Motion by Receiver to Approve Sale, *City of Cincinnati v. Klosterman*, Hamilton Cnty. C.P. No. A1905588 (filed Sept. 26, 2022)).

Klosterman was properly noticed and had an opportunity to object to all pertinent papers and at all pertinent hearings on the matter. (*See* Magistrate's Order on Motion by Receiver to

5

Approve Sale, *City of Cincinnati v. Klosterman*, Hamilton Cnty. C.P. No. A1905588 (entered Oct. 19, 2022)). Indeed, Klosterman did object on numerous occasions in the State Court Proceedings. He has filed at least four appeals related to the State Court Proceedings. (*See* Relator John Klosterman's Petition for Writs of Procedendo, *Klosterman v. Hon. Jody M. Luebbers et al.*, 1st Dist. C.A. No. C2400121 (filed Feb. 23, 2024); Motion for Leave to File Appeal to Judge Wende Cross Orders, *Hamilton Cnty. Land Reutilization Corp. v. Klosterman*, 1st Dist. C.A. No. C2400320 (filed June 3, 2024); Defendant's Motion for Leave to Appeal Judge Cross's May 30, 2024 Entry, *Klosterman v. Hamilton Cnty. Land Reutilization Corp.*, 1st Dist. C.A. No. C2400425 (filed July 22, 2024); Motion for Leave to File Emergency Motion and Supplemental [sic] for Writ of Mandamus, *City of Cincinnati v. Klosterman*, 1st Dist. C.A. No. C2500048 (filed Jan. 30, 2025)).

Having lost on all objections and appeals connected to the State Court Proceedings, Klosterman now asks this Court to review the property sale as approved by the Hamilton County Court of Common Pleas. (Doc. 33 ¶¶ 5–16). The fact that Klosterman frames his claims as civil RICO, § 1983, and various tort causes of action does not change the analysis. *Hillman v. Edwards*, No. 2:11-cv-00501, 2011 U.S. Dist. LEXIS 115804, at *5 (S.D. Ohio Oct. 6, 2011) ("[The plaintiff] cannot circumvent the *Rooker-Feldman* doctrine by recasting a request for the district court to review state-court rulings as a complaint about civil rights, due process, conspiracy, or RICO violations." (quoting *Wallis v. Fifth Third Bank*, 443 F. App'x 202, 204–05 (7th Cir. 2011))). Klosterman's claims amount to a collateral attack on the State Court Proceedings and an attempt to undo the judicially approved terms of the sale. *Rooker-Feldman* bars his claims.

Klosterman's collateral attack on the State Court Proceedings is barred for other reasons as well. Klosterman filed an objection to the Magistrate's Decision approving the property sale, in

6

which he did raise or could have raised all the claims in his Amended Complaint. (*See* Objection Magistrate's Order, *City of Cincinnati v. Klosterman*, Hamilton Cnty. C.P. No. A1905588 (filed Dec. 28, 2022)). His claims challenging sale are res judicata and subject to collateral estoppel for this reason. Moreover, the property sale occurred as part of an enforcement proceeding initiated by the City of Cincinnati, and while the foreclosure and underlying sale have been decided in the State Court Proceedings, the underlying proceedings remain open. Accordingly, the Court should abstain pursuant to the doctrines of *Younger* abstention and *Colorado River* abstention.

**IV.     CONCLUSION**

For the foregoing reasons, Community Action Agency respectfully moves the Court to dismiss it from the present action with prejudice.

Respectfully submitted,

*/s/ R. Samuel Gilley*
R. Samuel Gilley (0092533)
Dinsmore & Shohl LLP
255 East Fifth Street, Suite 1900
Cincinnati, OH 45202
(513) 977-8200
(513) 977-8141 (fax)
samuel.gilley@dinsmore.com

*Attorney for Defendant*
*Community Action Agency*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing has been filed electronically on July 15, 2025. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. I further certify that a copy of the foregoing is being served on Plaintiff contemporaneously with this filing at the following address:

John Klosterman
5615 Sidney Road
Cincinnati, Ohio 45238
***Pro Se Plaintiff***

        /s/ *R. Samuel Gilley*
        R. Samuel Gilley