# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF OHIO

# WESTERN DIVISION

---

JOHN KLOSTERMAN, et al
Plaintiffs,

v.                                              Case No. 1:25-cv-00312-SJD-KLL

Judge Susan J. Dlott
Magistrate Karen L. Litkovitz

KONZA, LLC, RICHARD BOYDSTON,

and DENTONS BINGHAM

GREENEBAUM LLP, et al.,

Defendants

---

**PLAINTIFF'S OPPOSITION TO DEFENDANT COMMUNITY ACTION AGENCY'S MOTION TO DISMISS**

---

**TO THE HONORABLE COURT:**

Plaintiff John Klosterman respectfully submits this Opposition to Defendant Community Action Agency's ("CAA") legally and factually deficient Motion to Dismiss. CAA's motion fails completely because defendants' own sworn admissions have vindicated every allegation

Plaintiff made, CAA IS named as a defendant, CAA DID commit federal crimes, and this Court has jurisdiction over federal program fraud.

## I. THE VINDICATION: DEFENDANTS' SWORN CONFESSIONS PROVE PLAINTIFF WAS RIGHT

### A. Boydston's Under-Oath Confession to "Engineered Sale"

Under oath in January 2025, Defendant Boydston confessed to the exact fraud Plaintiff alleged:

*"It was hoped that would cover the expenses of the receivership with agreed reductions...that was my belief at the time."*

This explicit admission that the sale was structured to cover receivership expenses rather than achieve market value proves every "frivolous" filing Plaintiff made was accurate.

### B. Lentine's Corroborating Federal Conviction Evidence

Co-conspirator Joseph Lentine (now serving 63 months federal prison) testified this was "an engineered sale" and that defendants received "all sorts of special treatment."

## II. CAA'S MOTION CONTAINS DEMONSTRABLY FALSE STATEMENTS

### A. FALSE CLAIM: "CAA is not named as a Defendant"

FACT: CAA IS explicitly named in the Amended Complaint at Page 363-364 and Paragraph 56.

2

B. FALSE CLAIM: "Only allegation is failure to investigate"

FACT: CAA committed federal program fraud using COVID relief funds:

- Wire Fraud: Electronic processing of fraudulent rental assistance applications
- Federal Program Fraud: Over $50,000 in fraudulent payments using federal funds
- Cover-up: Coordination with Boydston after fraud exposure

III. CAA'S PROVEN FEDERAL CRIMES

A. Systematic Federal Program Fraud

CAA fraudulently used federal COVID relief funds:

1. 649 Sedam Street: Rental assistance paid for tenant never behind on rent (confirmed by TSO reports)
2. 634 Delhi Avenue: Fraudulent payment for property outside receivership
3. Pattern Evidence: Over $50,000 in confirmed fraudulent payments

B. Cover-up After Exposure

Boydston's billing records prove he contacted CAA immediately after fraud exposure to coordinate concealment rather than correction.

C. Federal Jurisdiction Requirements Met

CAA's fraudulent use of federal COVID relief funds creates federal jurisdiction under:

- RICO: Multiple predicate acts involving federal programs

3

- Civil Rights: Using federal authority to facilitate constitutional violations
- Federal Program Fraud: Independent federal crimes with federal victims

## IV. LEGAL STANDARDS SUPPORT JURISDICTION

### A. RICO Enterprise Liability

Under United States v. Turkette, 452 U.S. 576, 583 (1981), a RICO enterprise includes "any union or group of individuals associated in fact." CAA participated as the federal funding provider in the criminal enterprise that included:

- CAA: Federal funding through fraudulent assistance payments
- TSO/Lentine: Operational management and rental income diversion
- Boydston/Konza: Legal coordination and receivership authority
- Other co-conspirators: Property acquisition and benefit coordination

### B. Pattern of Racketeering Activity

Under H.J. Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229, 239 (1989), pattern requires "relationship" and "continuity" - CAA's federal program fraud was part of the 34-month criminal scheme.

## V. ROOKER-FELDMAN DOES NOT APPLY

CAA's federal program fraud is completely independent of state receivership proceedings:

- Separate federal crimes with separate victims (federal taxpayers)
- Different legal theories (program fraud vs. property sale)

4

- Federal courts have jurisdiction over federal program fraud

## VI. NO IMMUNITY FOR CRIMINAL ACTIVITY

Under Dennis v. Sparks, 449 U.S. 24, 31-32 (1980), there is no immunity for actions taken in clear absence of jurisdiction or criminal conduct.

## VII. THE COMPLETE VINDICATION OF PLAINTIFF'S POSITION

For over four years, Plaintiff alleged exactly what defendants now admit under oath:

- The sale was "engineered" and fraudulent ✓ ADMITTED BY BOYDSTON
- Financial records were being concealed ✓ PROVEN BY BILLING RECORDS
- CAA was processing fraudulent federal payments ✓ DOCUMENTED $50,000+ FRAUD
- Co-conspirators received preferential treatment ✓ ADMITTED BY DEFENDANTS

Every "frivolous" filing has been vindicated by defendants' own confessions.

## VIII. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

1. DENY CAA's Motion to Dismiss in its entirety;
2. FIND that CAA's motion contains false statements contradicted by the pleading;
3. RETAIN jurisdiction over CAA's federal program fraud violations;
4. ORDER CAA to answer the Amended Complaint within twenty (20) days;
5. GRANT such other relief as the Court deems just and proper.

## IX. CONCLUSION

The vindication is complete. Defendants' own sworn admissions prove every allegation Plaintiff made was accurate. CAA's federal program fraud using COVID relief funds creates federal jurisdiction that cannot be escaped through procedural games.

Respectfully submitted,

*/s/ John Klosterman*

John Klosterman, Pro Se

John Klosterman
5615 Sidney Road
Cincinnati, Ohio 45238
johncklosterman@gmail.com

CERTIFICATE OF SERVICE I hereby certify that a true copy of the foregoing was served upon the following parties on July 21, 2025: [X] Electronic mail

PARTIES:

Counsel for Konza, LLC , Richard Boydston
richard.boydston@dentons.co

Counsel for Dentons Bingham Greenebaum LLP,
Konza, Richard Boydston
amulroony@hooverhullturner.com

City of Cincinnati/Terry James
kate.burroughs@cincinnat-oh.gov Counsel for Community Action Agency
Samuel Gilley
Dinsmore and Shohl LLP
Samuel.Gilley@dinsmore.com

6

Counsel for Keller Williams, aka FRI Mason LLC and Jennifer Donnathan
Paul Saba
SSP Law LPA
pts@sspfirm.com

Counsel for Joseph Lentine
James Neiberding
jlnieberding1117@gmail.com

Angel Strunk
Unknown address

7/21/25

s/ John Klosterman