## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| **JOHN KLOSTERMAN**, *et al.*, | Case No. 1:25-cv-0312 |
| Plaintiffs, | Judge Susan J. Dlott |
| | Magistrate Judge Karen L. Litkovitz |
| v. | **DEFENDANT COMMUNITY ACTION AGENCY'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT** |
| **KONZA, LLC**, *et al.*, | |
| Defendants. | |

Defendant Community Action Agency ("CAA"), by and through undersigned counsel, submits the following Reply Memorandum (the "Reply") in support of its Motion to Dismiss Plaintiff John Klosterman's ("Klosterman") Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (the "Motion"), and in opposition to Klosterman's Opposition to Defendant Community Action Agency's Motion to Dismiss (the "Opposition"). Klosterman attempts to save his Amended Complaint by raising new allegations and claims that are outside of the four corners of his pleading, which he may not do in response to a Motion to Dismiss. For this reason, and for other reasons more fully laid out below, Klosterman's Opposition does not address any of the deficiencies raised in CAA's Motion.

**I.    Klosterman Does Not Name or Identify CAA as a Defendant in His Amended Complaint.**

Klosterman contends that "CAA IS explicitly named in the Amended Complaint at Page 363-364 "(Opposition, Doc. 48, PAGEID # 460), but that statement is demonstrably false upon reviewing the text of the Amended Complaint. Assuming Klosterman refers to the PAGEID numbers in his Opposition, his Amended Complaint does not list CAA anywhere on PAGEIDs 363

or 364. (*See* Amended Complaint, Doc. 33, PAGEID ## 363–64). He does identify certain Defendants on those pages in Paragraph 4, but he explicitly excluded CAA from his list:

> Defendants are: Konza, LLC (Ohio LLC); Richard Boydston (Ohio resident, Dentons partner); Dentons Bingham Greenebaum LLP (Indiana law firm, Cincinnati office); Tri-State Organization, Inc. (Connecticut corporation); Joseph Lentine (Ohio resident, TSO owner); Angel Strunk (Ohio resident, TSO employee); Jennifer Donathan (Ohio resident, real estate agent); Keller Williams Advisors Realty (Ohio corporation); Terry James (Ohio resident, former Cincinnati building inspector); City of Cincinnati (Ohio municipal corporation).

(*Id.*). Moreover, the caption to the Amended Complaint does not identify CAA. (*Id.* at PAGEID # 362). Klosterman does not purport to have served CAA. (*See* Doc. 34). And the docket text for the entry of Klosterman's Amended Complaint reads: "AMENDED COMPLAINT against Richard Boydston, City Of Cincinnati, Dentons Bingham Greenebaum LLP, Jennifer Donathan, Terry James, Keller Williams Advisors Realty, Konza, LLC., Joseph Lentine, Angel Strunk, Tri-State Organization, Inc., filed by John Klosterman." Nowhere does Klosterman expressly identify as CAA as a Defendant.

Klosterman then suggests that simply referring to CAA in the body of the Amended Complaint suffices to state a claim against CAA. This approach is deficient under the Federal Rules. *See* Fed. R. Civ. P. 10(a). But even on the most generous reading of the Amended Complaint, the references to CAA do not in any way suggest that CAA is a Defendant to this action.

Klosterman points to Paragraph 56 of the Amended Complaint as an instance of "naming" CAA. (*See* Opposition, Doc. 48, PAGEID # 460). But the allegations in Paragraph 56 read: "The overt cover-up began when Boydston intervened with the Community Action Agency on behalf of Lentine, becoming a co-conspirator rather than a neutral receiver." (Amended Complaint, Doc. 33, PAGEID # 374). Klosterman alleges only that Boydston "intervened," and he does not identify any actions taken or statements made by CAA. Klosterman does not elaborate on the substance

2

of this alleged "intervention," but nevertheless he does not allege that CAA had any role in any alleged wrongdoing by Boydston and Lentine. (*Id.*).

The only other references to CAA in the Amended Complaint suffer the same deficiency. In Paragraph 19, Klosterman alleges that "[f]raudulent rental assistance applications were submitted to the Community Action Agency." (*Id.* at PAGEID # 366). Again, this attributes no conduct to CAA. Finally, Paragraph 20 asserts only that "CAA took no corrective action" when Klosterman "alerted" CAA to the alleged fraud. (*Id.*). As fully briefed in CAA's Motion, this allegation—a failure to investigate or act upon Klosterman's allegations of fraud—does not support any actionable claim against CAA. (CAA's Motion to Dismiss, Doc. 47, PAGEID ## 453–54).

In short, Klosterman refers to CAA in only three places in his Amended Complaint, and the only conduct he attributes to CAA is the inactionable "failure to investigate" alleged in Paragraph 20. None of the foregoing reasonably indicate an intention to pursue claims against CAA in the present action. Accordingly, the Court should dismiss CAA.

**II.    Klosterman Cannot Save His Amended Complaint by Adding New Claims in His Opposition.**

Responding to the deficiencies identified in CAA's Motion, Klosterman alleges "federal program fraud using COVID relief funds" for the first time in his Opposition. (Opposition, Doc. 48, PAGEID # 461). The scope of this new allegation is not entirely clear, but it appears that Klosterman construes the alleged "federal program fraud" as an independent claim for relief against CAA on behalf of "federal taxpayers." (*See id.* at PAGEID # 462). Simply stated, Klosterman does not have a viable private right of action for "federal program fraud." Even if Klosterman had properly invoked these allegations in his Amended Complaint (he did not), he would have no standing to do so, nor could he establish an injury in fact based on "federal program

3

fraud." *See Coyne ex rel. Ohio v. Am. Tobacco Co.*, 183 F.3d 488, 494–95 (6th Cir. 1999); *ASARCO Inc. v. Kadish*, 490 U.S. 605, 613 (1989).

Moreover, Klosterman may not raise new claims for the first time in his Opposition, nor may he cite new facts not in the pleadings. *Guzman v. U.S. Dept. of Homeland Sec.*, 679 F.3d 425, 429–30 (6th Cir. 2012); *Nwabue v. Wayne St. Univ. Sch. of Med.*, 513 F. App'x 551, 553 (6th Cir. 2013); *Guy v. Bd. of Educ. Rock Hill Local Sch. Dist.*, No 1:18-cv-893, 2021 U.S. Dist. LEXIS 56482, at *8 (S.D. Ohio Mar. 25, 2021). The Amended Complaint does not mention "federal program fraud" or "COVID relief funds." As explained above, the only allegations in the Amended Complaint pertaining to CAA are: (1) CAA "received" allegedly fraudulent rental assistance applications; (2) Defendant Boydston "intervened" with CAA after Klosterman alleged this fraud; and (3) CAA allegedly failed to take "corrective action" with respect to the purportedly fraudulent applications. (*See* Section I, *supra*).

Even in his Opposition, Klosterman does not allege that CAA engaged in any affirmative misrepresentations or fraudulent omissions—a far cry from a fraud claim, let alone the allegation that CAA somehow engaged in "federal program fraud." Klosterman includes an unsupported accusation that CAA somehow "coordinat[ed] with Boydston after fraud exposure," but even if he had properly invoked this allegation in the Amended Complaint (he did not), Klosterman does not identify the substance of this "coordination," nor any action taken by CAA. (*See* Opposition, Doc. 48, PAGEID # 461). None of the foregoing supports a plausible fraud claim against CAA, nor does it meet the standard for pleading under Rule 9(b).

To be sure, Klosterman's Opposition impermissibly references claims not contained in his pleadings. The Opposition speciously invokes an allegation of wire fraud against CAA for "[e]lectronic processing of fraudulent rental assistance applications." (*Id.* at PAGEID # 461). But

4

the only allegedly "fraudulent" applications pertain to two addresses in the Sedamsville neighborhood. (Amended Complaint, Doc. 33, PAGEID # 366). While CAA hesitates to breathe life into absurd allegations, given that the Sedamsville properties and CAA are located in Ohio, there is no plausible indication that these applications involved any *interstate* use of the wires. To violate the federal wire fraud statute, wire transmission must occur "in interstate or foreign commerce." *See* 18 U.S.C. § 1343. "[D]istrict courts have often noted that such general allegations concerning intrastate wire communications do not give rise to the predicate act of wire fraud." *Griffin v. Jones*, No. 5:12-CV-00163, 2014 U.S. Dist. LEXIS 136831, at *12 (W.D. Ky. Sept. 29, 2014) (collecting cases); *see also Nero v. Mayan Mainstreet INV 1 LLC*, No. 6:14-cv-1363, 2014 U.S. Dist. LEXIS 196301, at *49–50 (M.D. Fla. Nov. 13, 2014) (collecting cases). Accordingly, even if Klosterman had made this claim in his Amended Complaint, it would fail as a matter of law.

Klosterman also attempts to save his § 1983 claim against CAA by alleging that CAA "[u]s[ed] federal authority to facilitate constitutional violations," (Opposition, Doc. 48, PAGEID # 462), but the Amended Complaint contains no allegation that CAA exercises any sort of "federal authority" or allegations suggesting the conduct of CAA, a private actor, is fairly attributable to a state actor. *See, e.g. Lampkins v. Ctr. of Science*, S.D.Ohio No. 2:24-cv-3026, 2024 U.S. Dist. LEXIS 229139, at *7-9, 12 (Dec. 18, 2024). Indeed, CAA is a nonprofit organized under Ohio state law; as a non-governmental entity it has no governmental authority, state or federal. Finally, Klosterman invokes his "federal program fraud" allegations as predicate acts in support of his RICO claim, (*see id.* at PAGEID ## 461–62), but nothing resembling "federal program fraud" qualifies as racketeering activity under the RICO statute. *See* 18 U.S.C. § 1961(1).

Aside from being procedurally improper, the new allegations brought for the first time in Klosterman's Opposition completely lack merit. Accordingly, the Court should dismiss Klosterman's claims as to CAA.

### III. *Rooker-Feldman* Applies Because This Lawsuit Is a Thinly Veiled Collateral Attack on Prior State Court Proceedings.

In its Motion, CAA extensively briefed the underlying State Court Proceedings and why the *Rooker-Feldman* doctrine precludes jurisdiction here. (Motion, Doc. 47, PAGEID ## 455–57). In his Opposition, Klosterman only addresses CAA's arguments to say that *Rooker-Feldman* does not apply because he alleged "[s]eparate federal crimes with federal victims" and this case involves "[d]ifferent legal theories." (Opposition, Doc. 48, PAGEID # 462). However, as CAA raised in its Motion, "[plaintiff] cannot circumvent the *Rooker-Feldman* doctrine by recasting a request for the district court to review state-court rulings as a complaint about civil rights, due process, conspiracy, or RICO violations." *Hillman v. Edwards,* No. 2:11-cv-00501, 2011 U.S. Dist. LEXIS 115804, at *5 (S.D. Ohio Oct. 6, 2011). This is a well-established point of law, and Klosterman cannot challenge a judicially approved property sale by reframing his claims as various tort and statutory causes of action. *E.g.*, *Klimowicz v. Deutsche Bank Nat'l Tr. Co.*, 907 F.3d 61, 66 (1st Circ. 2018) ("[A] plaintiff cannot escape the *Rooker-Feldman* bar through the simple expedient of introducing a new legal theory in the federal forum that was not broached in the state courts."); *Behr v. Campbell*, 8 F.4th 1206, 1211 (11th Cir. 2021) ("*Rooker-Feldman* also does not prioritize form over substance. It bars all appeals of state court judgments—whether the plaintiff admits to filing a direct appeal of the judgment or tries to call the appeal something else."). Accordingly, *Rooker-Feldman* applies and the Court should dismiss the present action.

**IV.  Conclusion**

For the foregoing reasons, Community Action Agency respectfully requests that the Court dismiss if from the present action with prejudice.

                                        Respectfully submitted,

                                        */s/ R. Samuel Gilley*
                                        R. Samuel Gilley (0092533)
                                        Dinsmore & Shohl LLP
                                        255 East Fifth Street, Suite 1900
                                        Cincinnati, OH 45202
                                        (513) 977-8200
                                        (513) 977-8141 (fax)
                                        samuel.gilley@dinsmore.com

                                        *Attorney for Defendant*
                                        *Community Action Agency*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing has been filed electronically on July 24, 2025. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. I further certify that a copy of the foregoing is being served on Plaintiff contemporaneously with this filing at the following address:

John Klosterman
5615 Sidney Road
Cincinnati, Ohio 45238
***Pro Se Plaintiff***

/s/ *R. Samuel Gilley*
R. Samuel Gilley