

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

JOHN KLOSTERMAN, et al
Plaintiffs,

v.

Case No. 1:25-cv-00312-SJD-KLL

Judge Susan J. Dlott
Magistrate Karen L. Litkovitz

KONZA, LLC, RICHARD BOYDSTON,

and DENTONS BINGHAM

GREENEBAUM LLP, et al.,

Defendants

---

**PLAINTIFF'S REPLY TO DEFENDANT COMMUNITY ACTION AGENCY'S REPLY MEMORANDUM**

---

TO THE HONORABLE COURT:

Plaintiff John Klosterman respectfully submits this Reply to Defendant Community Action Agency's ("CAA") Reply Memorandum. CAA's motion epitomizes the old saying: "When the facts are against you, argue the law; when the law is against you, argue the facts; when both

are against you, attack the pleadings." Here, both facts and law establish CAA's criminal liability.

## I. CAA'S TECHNICAL ARGUMENTS CANNOT OVERCOME SUBSTANTIVE CRIMINAL ALLEGATIONS

### A. Form Over Substance Fails Under Federal Rules

CAA's reliance on what can only be described as "legal mumbo jumble" cannot mask their criminal participation. They argue they were not "properly named" as a defendant, but substance controls over form under Federal Rule of Civil Procedure 8(a), which requires only "fair notice" of claims. The Amended Complaint extensively details CAA's criminal participation across multiple paragraphs, providing more than adequate notice.

Federal courts consistently reject technical naming arguments when substantive allegations are clear. The original complaint details CAA's active criminal participation, not mere passive involvement.

### B. The Original Complaint Details Extensive Criminal Conduct by CAA

Contrary to CAA's strawman argument about "failure to investigate," the Amended Complaint alleges active criminal participation:

**634 Delhi Avenue Fraud (¶19):**

- Property outside the receivership entirely
- Lentine had no authority over this property
- CAA processed fraudulent applications knowing Lentine lacked standing

- Direct theft of Plaintiff's rental assistance funds

**649 Sedam Street Fraud (¶20, ¶56):**

- Tenant was current on $795/month rent
- Management reports proved no delinquency
- CAA paid fraudulent assistance for fabricated hardship
- After Plaintiff's warning with evidence, CAA took no corrective action

## II. THE SMOKING GUN: "IT LOOKS LIKE BANK AND WIRE FRAUD"

### A. CAA Board Member's Explicit Admission

When Plaintiff contacted CAA board member Matt Strauss with documented evidence of fraud, Strauss explicitly stated: "It looks like bank and wire fraud."

IT WAS bank and wire fraud - and CAA knew it.

### B. Criminal Cover-Up After Admission

Instead of reporting to authorities or correcting the fraud, CAA:

- Continued processing fraudulent applications
- Coordinated with Boydston after Plaintiff's court filing exposed the fraud
- Concealed rather than corrected known criminal activity
- Allowed criminal enterprise to continue operating

## III. BOYDSTON'S COVER-UP COORDINATION WITH CAA

### A. Legal Billing Records Prove Coordination

Boydston's own billing records show he contacted CAA immediately after Plaintiff's court filing exposed the fraud. This was Boydston's first communication with CAA - proving it was damage control, not legitimate receivership business.

### B. Boydston Allowed Criminal Enterprise to Continue

Despite knowing of CAA fraud, Boydston:

- Continued employing Lentine after FBI investigation began
- Failed to report CAA's criminal activity to authorities
- Coordinated cover-up instead of correction
- Enabled criminal enterprise to continue operations

## IV. CAA'S LEGAL ARGUMENTS FAIL ON THE MERITS

### A. Standing and Injury-in-Fact Clearly Established

Plaintiff has direct injury from CAA's fraud:

- 634 Delhi rental assistance stolen from Plaintiff's property
- 649 Sedam fraudulent payments allowed Lentine's criminal enterprise to flourish
- Constitutional violations through coordinated enterprise
- RICO enterprise damages exceeding $4.5 million

### B. Federal Jurisdiction Clearly Exists

CAA's use of federal COVID relief funds creates mandatory federal jurisdiction:

- Wire fraud through interstate electronic processing

- Federal program fraud using taxpayer funds
- RICO predicate acts involving federal programs
- Constitutional violations under color of federal authority

## C. Rooker-Feldman Does Not Apply

CAA's federal program fraud is completely independent of state receivership proceedings:

- Separate federal crimes with federal victims (taxpayers)
- Different legal theories (program fraud vs. property sale)
- Independent federal jurisdiction over federal program violations

## V. PRO SE LITIGANT DESERVES REASONABLE LATITUDE

This Court should recognize that pro se litigants deserve reasonable latitude in pleading standards while ensuring substantive claims receive fair adjudication. Any minor technical deficiencies pale in comparison to the serious criminal conduct alleged against CAA.

## VI. DISCOVERY IS ESSENTIAL TO EXPOSE FULL CRIMINAL COORDINATION

### A. Banking Records Will Prove Systematic Fraud - "Follow the Money"

Discovery will reveal:

- Full scope of fraudulent payments by CAA
- Coordination communications with other defendants
- Cover-up activities after fraud exposure
- Pattern of criminal enterprise operations

## B. CAA Cannot Escape Through Technical Arguments

The facts are clearly alleged:

- Active fraud participation (not passive failure)
- Coordinated cover-up with enterprise members
- Federal program fraud using COVID relief funds
- Systematic criminal activity over multiple properties

## VII. CONCLUSION

The evidence is overwhelming:

- CAA board member admitted the activity "looks like bank and wire fraud"
- It WAS bank and wire fraud - documented across multiple properties
- No one was arrested or reported to proper authorities
- Systematic cover-up coordinated with Boydston after exposure
- Criminal enterprise continued with CAA's knowing participation

CAA's technical arguments are smoke screens designed to avoid accountability for serious federal crimes. The substantive criminal conduct is clearly alleged in the original complaint and cannot be dismissed through procedural gamesmanship.

This case must proceed to discovery to expose the full scope of CAA's criminal coordination with the enterprise and ensure accountability for federal program fraud using taxpayer funds.

WHEREFORE, Plaintiff respectfully requests this Court DENY CAA's Motion to Dismiss.

Respectfully submitted,

*[signature]*

John Klosterman, Pro Se
5615 Sidney Road
Cincinnati, Ohio 45238
(513) 250-2610
johncklosterman@gmail.com

CERTIFICATE OF SERVICE I hereby certify that a true copy of the foregoing was served

upon the following parties on July 21, 2025: [X] Electronic mail PARTIES: -


Counsel for Konza, LLC , Richard Boydston
richard.boydston@dentons.com

Counsel for Dentons Bingham Greenebaum LLP,
Konza, Richard Boydston
amulroony@hooverhullturner.com

City of Cincinnati/Terry James
kate.burroughs@cincinnat-oh.gov

Counsel for Community Action Agency
Samuel Gilley
Dinsmore and Shohl LLP
Samuel Gilley@dinsmore.com

Counsel for Keller Williams aka FRI Mason LLC and Jennifer Donnathan
Paul Saba
SSP Law LPA
pts@sspfirm.com

Counsel for Joseph Lentine
James Neiberding
jlnieberding1117@gmail.com

Angel Strunk
Unknown address

Courtesy Non Party HCLRC
Kara Czanik
Dinsmore and Shohl, LLP
kara.czanik@dinsmore.com

_____
/s/ John Klosterman