IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| John Klosterman, | |
| | Case No. 1:25-cv-312 |
| Plaintiff, | |
| | Judge Susan J. Dlott |
| v. | |
| | Order Adopting Report and |
| Konza, LLC, *et al.*, | Recommendation and Denying Without |
| | Prejudice Motion for Partial Summary |
| Defendants. | Judgment |

This matter is before the Court on the Order and Report and Recommendation issued by Magistrate Judge Karen L. Litkovitz on July 7, 2025 to the extent that she recommended denying as premature Plaintiff's Motion for Partial Summary Judgment. (Docs. 27, 42.) *Pro se* Plaintiff John Klosterman did not file objections to the Report and Recommendation. For the reasons below, the Court will **ADOPT** the Report and Recommendation and **DENY WITHOUT PREJUDICE** the Motion for Partial Summary Judgment.

I. **STANDARD OF REVIEW ON A REPORT AND RECOMMENDATION**

Title 28 U.S.C. § 636(b)(1)(B) & (C) and Federal Rule of Civil Procedure 72(b)(1) authorize magistrate judges to make recommendations concerning dispositive motions that have been referred to them. Parties then have fourteen days to make, file, and serve specific written objections to the report and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). When no objections are filed, "[t]here is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review [the] magistrate's report." *Thomas v. Arn*, 474 U.S. 140, 152 (1985); *see also Weir v. Centurion*, No. 3:19-CV-00131, 2021 WL 5165930, at *1 (M.D. Tenn. Nov. 5, 2021) ("The district court is not required to review, under a de novo or any

other standard, those aspects of the report and recommendation to which no objection is made."). Nonetheless, some district courts follow the Advisory Committee Notes to Rule 72(b) and review the report and recommendation for clear error. *See e.g., Roane v. Warden of Corr. Reception Ctr.*, No. 2:22-CV-2768, 2022 WL 16535903, at *1 (S.D. Ohio Oct. 28, 2022); *Lassiter v. Dullaghan*, No. 1:10-CV-010, 2011 WL 110259, at *1 (S.D. Ohio Jan. 13, 2011). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1) (substantively similar).

## II. ANALYSIS

The Court will review the Report and Recommendation for clear error only because Klosterman did not file objections to it. Klosterman moved for summary judgment as to his claims against Defendants Jennifer Donathan and Keller Williams Advisors Realty ("KWA Realty") on June 20, 2025 on the grounds that they had not timely responded to his original Complaint and on the merits. (Doc. 27.) Setting aside the issue of whether Klosterman properly served either Donathan or KWA Realty, the Court agrees with the Magistrate Judge's recommendation that it would be premature to grant summary judgment on this basis.

Klosterman filed an Amended Complaint on June 27, 2025, one week after filing the pending Motion. (Doc. 33.) As the Magistrate Judge noted, the Amended Complaint became the operative complaint in this matter when it was filed. *See Calhoun v. Bergh*, 769 F.3d 409, 410 (6th Cir. 2014) ("An amended complaint supersedes an earlier complaint for all purposes.") (citation omitted). It would be fundamentally unfair for the Court to grant partial summary judgment against Donathan and KWA Realty before they have had time to respond to the Amended Complaint or to engage in discovery. *Cf. White's Landing Fisheries, Inc. v.*

*Buchholzer*, 29 F.3d 229, 231 (6th Cir. 1994) (instructing that defendants generally must be given an opportunity for discovery as a matter of "fundamental fairness" before summary judgment can be granted). Accordingly, Klosterman's Motion should be denied.

### III. CONCLUSION

For the foregoing reasons, the Report and Recommendation (Doc. 42) is **ADOPTED** and Klosterman's Motion for Partial Summary Judgment (Doc. 27) as to Donathan and KWA Realty is **DENIED WITHOUT PREJUDICE**.

IT IS SO ORDERED.

BY THE COURT:

Susan J. Dlott
United States District Judge