**EXHIBIT A**

## COURT OF COMMON PLEAS
## HAMILTON COUNTY, OHIO

*FILED 2020 FEB 24 A 9:31 — CLERK OF COURTS HAMILTON COUNTY, OH COMMON PLEAS*

D128204488

CITY OF CINCINNATI,

    Plaintiff,   :      Case No. A1905588

v.   :

  :      <u>MOTION TO VACATE ORDER</u>

JOHN KLOSTERMAN, et al.   :      <u>APPOINTING RECEIVER</u>

    Defendant(s)   :

  :

---

Comes now the Defendant, pro se John Klosterman, on this 24th day of February, 2020, and moves this honorable court to vacate its order appointing receiver filed on 14th day of February 2020.

### STATEMENT OF FACTS

1. This court has, on the 14th day of February 2020, on motion from the City of Cincinnati, did appoint a receiver pursuant to R.C. ss2735.01(A)(1).

2. The Defendant did on the 13th day of February file, in the US District Court for the Southern District of Ohio, a civil action challenging the constitutionality of the judgement of approximately $550,000 obtained by the City of Cincinnati.

3. The Defendant alleges the manner in which the city obtained and levied fines and penalties was a result of a conspiracy, in which the city and its employees did utilize their positions under color of authority, to amass fines upon the Defendant so massive (currently approximately $550,000 at last representation) that once the city obtained a judgement it could force the Defendant to divest of his properties. This is little more than theft by deception, misrepresentation and fraud.

4. Defendant asserts the court's use of the receiver statute R.C. ss2735.01(A)(1) was never intended to allow the sovereign City of Cincinnati to force the sale of private property for accumulated fines and levies. The intent of the statute was to protect interested parties such as "partners and creditors", and only insofar as, "the property is in danger of being lost or removed or materially injured".

5. By denying Defendant his real property rights through the application of the receiver statute in this manner is further evidence of the singling out and disparate treatment of this Defendant by the City of Cincinnati. In this matter, there are no tenants complaining, all utilities are on, repairs are made in a timely manner and despite the false representations of the City, all the rented properties are in good repair. Generally, everyone is happy but the City of Cincinnati.

6. The City of Cincinnati has a remedy other than the receiver statute. It can foreclose it's liens as it does in almost every other case in which property is involved, and sell such property at sheriff sale.

7. The judgement obtained by the City of Cincinnati should be vacated for the following:

    a. The judgement was obtained as essentially a blanket lien on properties owned by multiple individuals and corporate entities. Many of these properties are free of code violations or fines and Defendant has attempted to obtain an itemized list from the city which has been refused. The judgement the city obtained is also being challenged in the U.S. District Court for the Southern District of Ohio, as being in violation of the "excessive fines" clause of the 8th Amendment.

    b. Additionally the city's judgement should be vacated, as many of the code violations were written capriciously, maliciously and retalitorily that they had no basis in actual fact, fraudulently written in an attempt to "stack" the fines against the Defendant and materially misrepresenting to this court the actual condition of the properties.

## CONCLUSION

In lieu of the constitutional questions, the already filed federal matter, the questions of sufficiency of the city's judgement, to wit the fraudulent collusionary and conspiratorial actions of the city employees, and the targeting of the Defendant, to allow the order appointing the receiver to stand, would cause further irreparably harm the Defendant, where as vacating order appointing receiver and allowing the City of Cincinnati to foreclose it's judgement/lien does not prejudice the City of Cincinnati, it is in fact how it is always done. The very fact that the City of Cincinnati has moved this court to appoint a receiver, to sell the property of the Defendant, proves how differently than all other similarly situated persons, this Defendant has been treated. Where as the Defendant respectfully requests:

1. The Court to vacate its order of February 14, 2020 appointing receiver.

2. Stay all further proceedings as all parties in this matter are named Defendants in the federal civil matter, until such time as a multitude of constitutional questions may be answered.

Respectfully Submitted on this 24th day of February 2020,

_[signature]_

John Klosterman, Plaintiff pro se