

**EXHIBIT C**

FILED
RICHARD W. NAGEL
CLERK OF COURT

20 FEB 26 PM 1:18

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

U.S. District Court
Southern District of Ohio

| | | |
|---|---|---|
| John Klosterman | ) | |
| Plaintiff | ) | Case No. 1:20CV119 |
| Vs. | ) | |
| City of Cincinnati, et al | ) | Judge Cole |
| Defendant(s) | ) | |
| | ) | MJ. Bowman |
| | ) | |

**Plaintiff's Amended Complaint**

John Klosterman, the Plaintiff pro se, on this 26th day of February, 2020, comes forth and moves this honorable court, pursuant to rule 15(a)(1), to amend the Plaintiff's original complaint. Plaintiff brings this action pursuant to 42 U.S.C. 1983.

**STATEMENT OF FACTS**

1. The fines placed on the Plaintiff's properties in controversy by the City of Cincinnati, currently totalling over $550,000 as described in Plaintiff's complaint, constitute a violation of the "excessive fines" clause of the 8th Amendment of the

United States Constitution. i.e: A fine that the city issues for $1000 which is excessive in itself, is then after one week doubled to $2000. Actions such as this between parties is considered usurious under federal law and punishable under federal criminal law. The city of Cincinnati, et al has used these actions to run up massive fines in an attempt to deny Plaintiff rights to his property.

2. The desparitive treatment of the Plaintiff pro se, in relation to all similarly situated property owners, is a violation of the "Equal Application Clause" of the 14th Amendment. The Plaintiff currently holds approximately 53 properties, of which are 35 vacant lots with little or no fines attached, and approximately 27 structures, of which 15 have little or no code violations, leaving approximately 12 structures representing the bulk of $550,000 of the City's judgement, allowing for minor fines on the other properties. That leaves tens of thousands of dollars in fines per property on the basis of these 12 properties. (No other property owner in the area in which the properties are situated - many of whom whose properties are in such disrepair that they are in danger of collapse, have collapsed, or look as if they are junkyards - have been targeted in such a manner.)

3. Plaintiff further alleges the City has violated the "Due Process Clause" of the 14th Amendment, in so far as an administrative remedy process for appealing of fines and levies has no meaningful chance of resolution. (Many times the landlord does not receive any notification because they are posted on buildings which are

often affected by weather, human interaction or delay of mail, which does not even allow ample time to receive and address the issue at hand before the fine is doubled.) From the arbitrary manner in which fines and code violations are issued, to the doubling of the fine after 10 days, to the administrative hearing process at which you are pleading to a City employee with little to no chance of being found innocent, to the magistrate judges - also city employees - who enforce the city's "money-grab" scheme, to the Housing Court judges through threats of incarceration of individuals and property owners, who often times have no prior criminal record or interaction with the criminal justice system, leaving them in fear of the unknown of incarceration, often times willing to do whatever the City requires for them to avoid this. What this amounts to is judicial extortion through the threat of incarceration. Without an independent arbiter not employed by the City, i.e. the very people you are in controversy with, there can be no meaningful chance of resolution, rendering the City's administrative remedies process and Housing Court process useless (Plaintiff is not asserting that Housing Court doesn't have legitimate cause in cases of violations involving tenant's safety or occupied structures which represent a danger or hazard to the occupant, but Plaintiff asserts these are not such cases. This is a very coordinated attack involving mostly unoccupied structures with no occupant or tenant in jeopardy).

4. Plaintiff, a septuagenarian, having been victimized by the City on the basis of the above described judicial extortion resulting in his incarceration, claims the City has violated the "Cruel and Unusual Punishment" clause of the 8th amendment of the United States Constitution.

5. Plaintiff would refer the court to the appendix showing examples of Plaintiff's properties listed in Appendix A, as well as examples of properties not owned by the Plaintiff, Appendix B.

Wherefore the Plaintiff prays this honorable court:

1. Awards damages in the amounts of $500,000 compensatory per defendant, as well as $500,000 punitive per defendant.
2. Vacate the lien(s) placed by the City of Cincinnati as fraudulent.
3. Permanently enjoin the City of Cincinnati from their attacks on the Plaintiff and review any and all future fines and actions taken against the Plaintiff, his entities or his property.
4. Whatever further actions this court may deem appropriate.

Respectfully Submitted on this 26th day of February 2020

_____

John Klosterman, Plaintiff pro se



















Appendix B - Property Owned By Plaintiff

















Case: 1:25-cv-00312-SJD-KSKBD Doc #: 54-3 Filed: 08/26/25 Page: 13 of 15 PAGEID #: 572







