**EXHIBIT E**

JOHN KLOSTERMAN
5615 SIDNEY ROAD
CINCINNATI, OH 45238
(513)250-2610
johncklosterman@gmail.com

## COURT OF COMMON PLEAS

## HAMILTON COUNTY, OHIO

FILED 2020 SEP 30 P 1:04
CLERK OF COURTS HAMILTON COUNTY, OH COMMON PLEAS

D129947465

| | |
|---|---|
| CITY OF CINCINNATI, | Case No.: A1905588 |
| Plaintiff, | |
| vs. | **DEFENDANT'S MOTION TO AMEND OR ALTER JUDGMENT** |
| JOHN KLOSTERMAN, ET. AL. | |
| Defendants | |

### DEFENDANT'S MOTION TO AMEND OR ALTER JUDGMENT

Plaintiff, JOHN KLOSTERMMAN, files this Motion to Amend Order and Judgment pursuant to FED. R. CIV. P. 52(b), 59(e) or, in the alternative, FED. R. CIV. P. 60 and respectfully asks the Court to amend its Order and Judgment dismissing as moot his claims against plaintiff, THE CITY OF CINCINNATI, and to re-open the case for the purpose of adjudicating his claim for damages resulting from losses he has suffered through this Plaintiff's appointment of a corrupt and clearly self-serving Receiver. In support of this Motion, Plaintiff KLOSTERMAN states the following:

### Facts

On September 16th, 2020, the Court issued it Order and Judgment, denying Defendants' Motion to Replace Receiver and Tri-State Organization, allegedly granting this order based on the merits of Plaintiff's Memorandum in Opposition to Defendant's Motion to Replace Receiver.

DEFENDANT'S MOTION TO AMEND OR ALTER JUDGMENT - 1

However, this Court's order, was very vague and simply stated that defendant's motion was not "well-taken."

The issue that arises is that this Defendant's request for injunction has not been ruled on and Defendant further asserts should the merits of his allegations be weighed thoroughly and thoughtfully again by the officers of this Court, then he believes that his arguments will be seen in a substantially more fair and unbiased light. Defendant, KLOSTERMAN now seeks an order from the Court reopening his case awarding him the injunction he initially sought, which included vacation of the Receiver along with his appointed management company, Tri-State Organization.

## **Argument**

### I. **Standard of Review**

Under FED. R. CIV. P. 59(e), a party may file a motion to alter or amend a judgment no later than 15 days after entry of the judgment. Motions to amend or alter the judgment should be granted when there exists "a manifest error of law or fact, so as to enable the court to correct its own errors and thus avoid unnecessary appellate procedures." Meghani v. Shell Oil Co., 2000 U.S. Dis. LEXIS 17402 *2, (S.D. Tex. Aug. 24, 2000) (citing Divane v. Krull Elec. Co., Inc., 194 F.3d 845, 848 (7th Cir. 1999) (internal citations omitted)); see also Kyle v. Texas, 2006 WL 3691204 (W.D. Tex. Oct. 31, 2006) (granting a motion to reconsider under FED. R. CIV. P. 59(e) and reversing the court's previous denial of a motion to remand based on a manifest error of law)). A court has discretionary authority to amend its prior decision. See Weber v. Roadway Exp., Inc., 199 F.3d 270, 276 (5th Cir. 2000). Fed. R. Civ. P. 60(a) further provides that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the

record. The court may do so on motion or on its own, with or without notice." Under Fed. R. Civ. P. 60(b), the Court may relieve a party from a final judgment or order if a mistake was made or any other reason that justifies relief. 1 1 To the extent that the Court's Order Concerning Pending Motions was intended to incorporate or substitute as findings of fact and conclusions of law, Defendant asks the Court to amend its findings and conclusions to correct.

## II. The Court's Order and Judgment did not Address State Defendants' request for injunction and vacation of the Receiver along with Tr-State Organization

See 42 U.S.C. § 2000d; see also Alexander v. Sandoval, 532 U.S. 275, 279 (2001) (holding that private individuals may sue under Title VI to obtain both injunctive relief and damages). Article III of the U.S. Constitution prohibits courts from ruling on nonjusticiable controversies, including cases in which the controversy has become moot. See Flast v. Cohen, 392 U.S. 83, 95 (1968). However, a case involving a claim for relief that has yet to be determined is not moot. See Gulf Pub. Co. v. Lee, 679 F.2d 44, 46 n.2 (5th Cir. 1982) ("Claims for relief ordinarily prelude a finding of mootness unless the parties have settled the case."); see also 13A Wright, Miller & Cooper, Federal Practice and Procedure § 3533.3 at 262 (2d ed. 1984) ("Relief should be denied on the merits, not on grounds of mootness."). Even in cases where one of the several issues presented becomes moot, the remaining live issues fulfill the constitutional requirement of a case or controversy. Powell v. McCormack, 395 U.S. 486, 497 (1969). manifest errors of law and fact consistent with the arguments in this motion. Under FED. R. CIV. P. 52(b), a motion to amend findings of fact and conclusions of law must be predicated on the need to correct manifest errors of law or fact. Fontenot v. Mesa Petroleum Co., 791 F.2d 1207, 1219 (5th Cir. 1986). A district

DEFENDANT'S MOTION TO AMEND OR ALTER JUDGMENT - 3

court should correct its findings and conclusions when its judgment is not guided by sound legal principles such as: 1) when a court relies on clearly erroneous fact findings; 2) relies on erroneous conclusions of law; or 3) misapplies its factual or legal conclusions. Alcatel U.S.A., Inc. v. DGI Techs, Inc., 166 F.3d 772, 790 (5th Cir. 1999).

As discussed in Defendant's Motion to Replace Receiver and Tri-State Organization, Defendant KLOSTERMAN asserted several facts that were either blatantly not ruled on or simply ignored by this court. The allegations are as follows:

1. *The manner in which the City obtained and levied fines and penalties was a result of a conspiracy in which the city and its employees did utilize their positions under color of authority to amass overwhelming fines upon the Defendant (excess of $550,000) that once the City obtained their judgment, the Defendant would be forced to divest of his properties. Defendant asserted these actions were theft by deception, misrepresentation, and fraud.*

2. *Defendant asserts the Court's use of the receiver statute R.C. ss2735.01(A)(1) was never intended to allow the sovereign City of Cincinnati to force the sale of private property for accumulated fines and levies. He further asserts the intent of this statute was to protect interested parties such as "partners and creditors" and only insofar, as "the property is in danger of being lost or removed or materially injured.*

3. *By denying the Defendant his real property rights through the application of the receiver statute in this manner is further evidence of the singling out and disparate treatment of said Defendant by the Plaintiff. In this matter, there are no tenants complaining, all utilities are on, repairs are made in a timely manner and*

DEFENDANT'S MOTION TO AMEND OR ALTER JUDGMENT - 4

Dated this 30TH day of September, 2020.

*[signature]*

Plaintiff in Pro-Se

JOHN KLOSTERMAN
5615 SIDNEY ROAD
CINCINNATI, OH 45238
(513)250-2610
johncklosterman@gmail.com

DEFENDANT'S MOTION TO AMEND OR ALTER JUDGMENT - 6





IN THE COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| CITY OF CINCINNATI, | : | Case No. A 1905588 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Judge Wende C. Cross |
| | : | |
| JOHN KLOSTERMAN et al., | : | |
| | : | **ENTRY DENYING DEFENDANT'S** |
| | : | **MOTION TO AMEND OR ALTER** |
| Defendants. | : | **JUDGMENT** |
| | : | |

This matter having come before the Court pursuant to the Defendant's Motion to Amend or Alter Judgment (the "Motion"), and the Court upon consideration thereof, and being fully advised in the Premises, finds said Motion not well taken. For good cause shown, the Court **DENIES** the Motion.

**IT IS SO ORDERED.**

Date: 8/17/2021

_Wende C. Cross_
**JUDGE WENDE C. CROSS**