revised
8/5/19

COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

CITY OF CINCINNATI,

    Plaintiff,

v.

JOHN KLOSTERMAN, et al.

    Defendants.

CASE NO. A1905588

ENTERED FEB 14 2020

ORDER APPOINTING RECEIVER



D128139462

This case comes before the Court on the Plaintiff City of Cincinnati's Motion to Appoint Receiver under R.C. § 2735.01 and Complaint, the Answer of the Defendants, the evidence presented, and the filings and papers of record and the docket sheets in the case.

The Court having reviewed all evidence presented and considered all the circumstances and facts of the case, the presence of conditions and grounds justifying relief, the ends of justice, the rights of all the parties interested in the controversy and subject matter and the adequacy and effectiveness of all other remedies, and the Court further finding all necessary parties have been served with notice of this Motion to Appoint Receiver and are properly before this court, it is the opinion of the Court that the City has presented clear and convincing evidence that there is a need for a receiver to be appointed and that the motion is well taken and should be granted and therefore it is hereby ordered as follows.

1. <u>Appointment of Receiver</u>. Konza, LLC, by its Manager Ricard Boydston, is appointed as receiver pursuant to R.C. 2735.01 (A)(1) for the following real estate (collectively, the "Properties"):

| tract # | address | parcel number | record owner | comp. count # |
|---|---|---|---|---|
|  |  |  |  |  |

EXHIBIT 2

| tract # | address | parcel number | record owner | comp. count # |
|---|---|---|---|---|
| 1 | 671 Delhi Ave. | 153-0002-0094 | Boldface Properties LLC | 1 |
| 2 | 679 Delhi Ave. | 153-0002-0092 | Boldface Properties LLC | 2 |
| 3 | 794 Delhi Ave. | 152-0039-0150 | John Klosterman | 3 |
| 4 | 742 Delhi Ave. | 153-0003-0027 | John Klosterman | 5 |
| 5 | 793 Delhi Ave. | 153-0003-0048 | John Klosterman | 8 |
| 6 | 753 Delhi Ave. | 153-0003-0063 | John Klosterman and Sue S. Klosterman | 9 |
| 7A | 652 Steiner Ave. | 153-0002-0014 | John Klosterman | 10 |
| 7B | same | 153-0002-0198 | same | same |
| 8 | 4053 Palos St. | 179-0076-0161 | John Campbell Klosterman | 11 |
| 9A | 639 Steiner Ave. | 152-0042-0055 | John Klosterman | 12 |
| 9B | same | 152-0042-0057 | same | same |
| 10A | 638 Steiner Ave. | 152-0042-0044 | John Klosterman and Sue Klosterman | 13 |
| 10B | 938 Striker Ave. | 152-0042-0043 | same | same |
| 10C | 940 Stiker Ave. | 152-0042-0045 | same | same |
| 10D | 640 Steiner Ave. | 152-0042-0172 | same | same |
| 11 | 632 Delhi Ave. | 153-0002-0062 | John C. Klosterman and Susan S. Klosterman | 14 |
| 12 | 701 Delhi Ave. | 153-0002-0091 | John C. Klosterman and Susan S. Klosterman | 15 |
| 13 | 659 Sedam St. | 153-0002-0145 | John C. Klosterman and Susan S. Klosterman | 16 |
| 14A | 667 Delhi Ave. | 153-0002-0185 | John C. Klosterman and Susan S. Klosterman | 17 |
| 14B | 646 Sedam St. | 153-0002-0182 | John C. Klosterman and Susan S. Klosterman | same |
| 15 | 703 Delhi Ave. | 153-0002-0090 | Geneva Quatkemeyer | 18 |
| 16 | 649 Steiner Ave. | 153-0002-0057 | Sedamsville Heritage Properties LLC | 20 |
| 17 | 705 Delhi Ave. | 153-0002-0089 | Sedamsville Heritage Properties LLC | 21 |
| 18A | 654 Steiner Ave. | 153-0002-0013 | Sedamsville Heritage Properties LLC | 22 |
| 18B | same | 153-0002-0199 | same | same |
| 19 | 636 Delhi Ave. | 153-0002-0064 | Sedamsville Heritage Properties LLC | 23 |
| 20 | 700 Delhi Ave. | 153-0002-0037 | Virginia Williamsburg LLC | 24 |
| 21 | 685 Halsey Ave. | 155-0048-0001 | Virginia Williamsburg LLC | 26 |
| 22 | 749 Sedam St. | 153-0003-0094 | Worldwide Mobile Latrine, Inc. | 27 |
| 23 | 740 Delhi Ave. | 153-0003-0028 | Boldface Properties LLC | 28 |
| 24 | 739 Sedam St. | 153-0003-0089 | Boldface Properties LLC | 29 |

| tract # | address | parcel number | record owner | comp. count # |
|---|---|---|---|---|
| 25 | 702 Sedam St. | 153-0002-0196 | Emily Vets LLC | 30 |
| 26 | 767 Steiner Ave. | 153-0003-0003 | Emily Vets LLC | 31 |
| 27 | 764 Delhi Ave. | 153-0003-0004 | Emily Vets LLC | 32 |
| 28 | 762 Delhi Ave. | 153-0003-0006 | Emily Vets LLC | 33 |
| 29 | 756 Delhi Ave. | 153-0003-0008 | Emily Vets LLC | 34 |
| 30 | 732 Delhi Ave. | 153-0003-0036 | Emily Vets LLC | 35 |
| 31 | 730 Delhi Ave. | 153-0003-0038 | Emily Vets LLC | 36 |
| 32 | 728 Delhi Pk. | 153-0003-0040 | Emily Vets LLC | 37 |
| 33 | 789 Delhi Ave. | 153-0003-0050 | Emily Vets LLC | 38 |
| 34 | 787 Delhi Ave. | 153-0003-0052 | Emily Vets LLC | 39 |
| 35 | 773 Delhi Ave. | 153-0003-0055 | Emily Vets LLC | 41 |
| 36 | 737 Delhi Ave. | 153-0003-0070 | Emily Vets LLC | 42 |
| 37 | 735 Delhi Ave. | 153-0003-0072 | Emily Vets LLC | 43 |
| 38 | 733 Delhi Ave. | 153-0003-0073 | Emily Vets LLC | 44 |
| 39 | 714 Delhi Ave. | 153-0002-0082 | Emily Vets LLC | 45 |
| 40 | 709 Delhi Ave. | 153-0002-0086 | Emily Vets LLC | 47 |
| 41 | 626 Steiner Ave. | 152-0042-0168 | Virginia Williamsburg LLC | 48 |
| 42 | 637 Steiner Ave. | 152-0042-0059 | Klosterman John & Sue | 49 |
| 43 | 759 Delhi Ave. | 153-0003-0060 | Klosterman John & Sue | 50 |
| 44 | 712 Steiner Ave. | 152-0038-0011 | Klosterman John & Susan | 51 |
| 45 | 757 Delhi Ave. | 153-0003-0061 | Klosterman John & Susan S | 52 |
| 46 | 755 Delhi Ave. | 153-0003-0062 | Klosterman John & Susan S | same |
| 47 | 751 Delhi Ave. | 153-0003-0064 | Klosterman John & Sue S | 53 |
| 48 | 624 Stainer Ave. | 152-0042-0032 | Virginia Williamsburg LLC | 54 |
| 49 | 924 Striker Ave. | 152-0042-0031 | Virginia Williamsburg LLC | same |
| 50 | 624 Steiner Ave. | 152-0042-0166 | Virginia Williamsburg LLC | 56 |
| 51 | 621 Steiner Ave. | 152-0042-0067 | Sedamsville Historical Society | 57 |
| 52 | 619 Steiner Ave. | 152-0042-0069 | Sedamsville Historical Society | 58 |
| 53 | 769 Delhi Ave. | 153-0003-0056 | Virginia Williamsburg LLC | 59 |
| 54 | 767 Delhi Ave. | 153-0003-0058 | Virginia Williamsburg LLC | same |
| 55 | 626 Steiner Ave. | 152-0042-0034 | Virginia Williamsburg LLC | 48 |
| 56 | 679 Fernland Ave. | 153-0002-0154 | Virginia Williamsburg LLC | 60 |
| 57 | 677 Halsey Ave. | 153-0002-0155 | Virginia Williamsburg LLC | Same |
| 58 | 628 Delhi Ave. | 152-0041-0058 | Virginia Williamsburg LLC | 61 |
| 59 | 649 Sedam St. | 153-0002-0140 | Virginia Williamsburg LLC | 62 |

2. <u>Bond</u>. *The Receiver shall post a bond of $1,000.00 with the Clerk of Court.*

3. <u>Powers of Receiver</u>. The Receiver shall have all powers of a receiver under R.C. Chapter 2735 as to the Properties and as well as pursuant to all orders issued by the Court in this

3

case. The Receiver shall have the authority to take any action to manage, maintain, preserve, lease and rent all of the Properties. The Receiver shall also have the authority to sell any and all of the Properties subject to further order of the Court. The Receiver is authorized to do the following:

> A. initiate, prosecute, defend, compromise, adjust, intervene in, or become party to such actions or proceedings in state or federal court as may in the opinion of the Receiver be necessary for the protection, maintenance and preservation of the Properties or carrying out the terms of this Order including, but not limited to, the filing of a tax valuation appeal with respect to any of the Properties;
>
> B. employ such attorneys, managers, agents, and persons as its judgment are advisable or necessary for performance of the duties of the Receiver; and
>
> C. retain contractors and other persons and entities to make repairs to the Properties and to Maintain the Properties.

4. <u>Limited Liability</u>. In carrying out its duties, the Receiver is entitled to act in the exercise of its own business judgment as the Receiver deems appropriate within its sole discretion. The Receiver shall not be liable for any action taken or not taken by it in good faith and shall not be liable for any mistake or fact or error of judgment or for any actions or omissions of any kind unless caused by willful misconduct or gross negligence. All owners of the Properties shall indemnify, hold harmless, and defend the Receiver from and against any and all liabilities, costs, and expenses including, but not limited to and other fees and expenses incurred by it arising from or in any way connected to the performance of its duties as receiver. The Receiver shall have no personal liability for any environmental matter with respect to any of

4

the Properties.

5. <u>Turnover to Receiver</u>. Defendants John Klosterman, Susan Klosterman, Jimmy Smith, Estate of Geneva Quatkemeyer, Sedamsville Heritage Properties LLC, Jeremy Tausch, Boldface Properties LLC, Virginia Williamsburg LLC, Emily Vets LLC, Emily Klosterman, Sedamsville Historical Society and Worldwide Mobile Latrine, Inc. (collectively, the "Owner Defendants") and their respective agents, employees, representatives and creditors are hereby prohibited from taking any act interfering in any way with the acts of the Receiver and from in any way, manner, or means, wasting, disposing of, transferring, selling, assigning, or pledging any of the Properties; and, upon request of the Receiver or its agents, the foregoing persons and entities shall promptly:

> A. make available to the Receiver all of the books, records, computer hardware and software (including computer programs, data bases, disks and all other mediums), relating to the Propertie and
>
> B. disclose the nature, amount, and location of any and all assets, books, computer hardware and software (including computer programs, data bases, disks and all other mediums), and records that are in any way connected with any of the Properties.

6. <u>Payment of Rent to Receiver</u>. All amounts due by any person by reason of any past or present occupancy or use of any of the Properties shall be immediately and fully paid to the Receiver. All rent due by all tenants of the Properties shall be paid to the Receiver.

7. <u>Cooperation with Receiver</u>. All persons to whom notice of this Order is given shall immediately and at all times cooperate with the Receiver and promptly and fully respond to all reasonable requests made by the Receiver for the benefit of any of the Properties.

8. Injunction. All persons to whom notice of this Order is given are enjoined and stayed from:

   A. commencing or continuing any action at law or suit or proceeding in equity to foreclose any lien or enforce any claim against any of the Properties or the Receiver;

   B. executing or issuing or causing the execution or issuance out of any Court of any writ, process, summons, attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with, or enforcing any claim or lien upon any of the Properties or the books, records, revenues, profits and related assets associated with the Property, the Receivership Assets, or upon the Receiver; and

   C. doing any act or thing whatsoever which may impair, impede or interfere with the Receiver in the discharge of the performance of its duties and powers.

9. Utilities. Every person and entity providing any service to any of the Properties (including, but not limited to, electricity, gas, sewer, water, trash collection, telephone and cable):

   A. is prohibited from discontinuing service to any of the Properties based upon any unpaid bills incurred prior to the date of the entry of this order;

   B. shall forthwith deliver to the Receiver all deposits held with respect to any of the Properties and shall be prohibited from demanding that Receiver deposit additional funds in advance to maintain or secure such services;

   C. shall promptly open new accounts under the name of the receivership and shall be prohibited from discontinuing services while the new receivership

6

account is in the process of being established.

10. Communications with Tenants. The Owner Defendants and all agents, affiliates other persons connected with any of them are enjoined and prohibited from discussing this receivership with any tenant or other occupant of any of the Properties.

11. Pre-receivership expenses. The Receiver shall not be liable for any expense or account payable with regard to any of the Properties incurred prior to the entry of this Order.

12. Claims Against Receiver. No person or entity shall file suit against the Receiver, take other action against the Receiver, or execute against the Properties, without an explicit and prior order of this Court permitting the suit or action.

13. Limitation of Receiver Liability to Creditors. The Receiver and its employees, agents, and attorneys shall have no personal liability in connection with any claims, liabilities, obligations, liens or amounts owned to any person or entity with regard to the Properties or arising out of or related to the receivership.

14. Bank Accounts. All person and entities (including, but not limited, to all banks) shall promptly and fully deliver to the Receiver all funds arising out of any of the Properties and provide to the Receiver all records requested by the Receiver relating to any of the Properties.

15. Injunction as to John Klosterman and Susan Klosterman. Defendants John Klosterman and Susan Klosterman are specifically enjoined from (A) communicating with any tenants of the Properties and (B) entering into or on any of the Properties for any reason whatsoever except upon the express prior written request of the Receiver.

16. Receiver Advances. The Receiver may advance funds incurred in connection with the performance of the duties of receiver (collectively, "Receiver Advances") and all Receiver Advances shall be a first and best lien on all the Properties.

17. <u>Sales</u>. The Receiver may sell any and all of the Properties either through the Sheriff of Hamilton County, Ohio as to any of the Properties and by the Receiver as to any of the Properties as may be approved by order entered by the Court.

18. <u>Receiver Compensation and Reimbursement of Expenses</u>. The Receiver shall be entitled to reasonable compensation for services rendered and to reimbursement for expenses incurred, all as approved by the Court. All compensation and reimbursement of expenses awarded by the Court to the Receiver shall be an administrative expense priority in this case and for those arising from the Properties, a first and best lien on the Properties.

19. <u>Liability of Receiver</u>. Neither the Receiver nor Plaintiff shall be liable for any expense or account payable with regard to any of the Properties incurred prior to the Receiver's taking possession of the Properties. Neither the Receiver nor Plaintiff shall be liable for any expenses or accounts payable with regard to the Properties incurred after the Receiver's taking control and possession of the Properties unless the Plaintiff or Receiver shall specifically and in writing assume and accept liability for any particular expense or account payable with regard to the Properties. Except for damages, loss and liability resulting from the gross negligence or willful misconduct of the Receiver, the Receiver's liability for any loss or damages shall be limited to the assets of the receivership and the bond posted in accordance with this Order.

20. <u>Taxes</u>. The Receiver shall not be responsible for the preparation or filing of any tax return for any of the Properties or for any of the Owner Defendants including, but not limited to, with respect to income, commercial activity, gross receipts, personal property, real estate or sales and use.

21. <u>Reports</u>. The Receiver shall file a report within thirty days of the entry of this Order and monthly thereafter.

22. <u>Final Order</u>. The Court expressly determines pursuant to Civ. R. 54(B) that there is no just reason for delay. This is a final and appealable order.

SO ORDERED.

_____
Judge   2-14-20

19709639.1

**MAGISTRATE**
FEB 13 2020
**HAS SEEN**

9