ENTERED
JUL 22 2025

**COURT OF COMMON PLEAS**
**HAMILTON COUNTY, OHIO**
**CIVIL DIVISION**

| | | |
|---|---|---|
| CITY OF CINCINNATI, | : | Case No. A 1905588 |
| *Plaintiff,* | : | |
| | : | JUDGE WENDE C. CROSS |
| v. | : | |
| JOHN KLOSTERMAN, et al., | : | ENTRY DENYING OBJECTIONS AND |
| | : | ADOPTING THE MAGISTRATE'S |
| *Defendants.* | : | DECISION |

This matter is before the Court on Objections[1] to the Magistrate's Decision issued on April 11, 2025. Having considered the Objections, as well as the Magistrate's Decision, the Court finds the Objections not well-taken for the reasons that follow.

This Court's de novo review in considering Objections to a Magistrate's decision is outlined in Civ. R. 53(D)(4)(d):

> In ruling on objections, the court shall undertake an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law. Before so ruling, the court may hear additional evidence but may refuse to do so unless the objecting party demonstrates that the party could not, with reasonable diligence, have produced that evidence for consideration by the magistrate.

The Magistrate's Decision presents the framework and scope for the Court's review. Civ.R. 53 contemplates an independent review of the Magistrate's Decision and the evidence presented to him. Objections are not intended to be an opportunity for blanket consideration as if

---

[1] Intervening party Tri State Organization Inc.("TSO") and Mr. Joseph Lentine III ("Lentine"), filed their Objection on April 24, 2025. The Receiver, Konza, LLC ("Konza") filed its Objection on April, 25, 2025. Substitute Plaintiff Hamilton County Land Reutilization Corporation ("HCLRC"), filed its Objection on April 25, 2025. Konza filed a response to HCLRC and TSO and Letine's Objections on May 9, 2025.

1


EXHIBIT 27

ugh

on first impression without specific regard to the Magistrate's findings of fact and conclusions of law.

Having conducted an independent review as to the Objections, the Court finds that the Magistrate has properly determined the factual issues and appropriately applied the law. Accordingly, the Court finds the Objections to the Magistrate's Decision not well taken and hereby accepts and adopts as its own the April 11, 2025 Decision of the Magistrate pursuant Civ. R. 53(D)(4).

This dispute only involves claims and counterclaims among TSO, Lentine, and Konza. The Magistrate conducted a four-day bench trial. The Court in agreement with the Magistrate's findings concludes that there was an implied-in-fact contract as to the essential terms between TSO and Konza, and finds there was no breach. However, TSO has a valid unjust enrichment claim against Konza. The prima facie elements of unjust enrichment are that: (1) the plaintiff conferred a benefit on the defendant; (2) the defendant knew of the benefit; and (3) it would be unjust to allow the defendant to retain the benefit without payment."[2] The Court finds there was a benefit conferred by Konza as TSO provided a necessary service as property manager. Thus, $74,211.18 is owed to TSO.

Konza also alleged that TSO converted the prepaid rents and security deposits. Conversion is "the wrongful exercise of dominion over property to the exclusion of the rights of the owner, or withholding it from his possession under a claim inconsistent with his rights."[3] The Court concludes that TSO converted $11,970.00 in prepaid rents and security deposits.

---

[2] *Fox Consulting Grp., Inc. v. Mailing Servs. Of Pittsburgh, Inc.*, 2022-Ohio-1215, ¶ 10 (1st Dist.).
[3] *R&S Distrib. v. Hartge Smith Nonwovens, LLC*, 2010-Ohio-3992, ¶ 23 (1st Dist.).

Accordingly, the Court adopts the conclusions, damages, and set offs outlined in the Magistrate's Decision issued on April 11, 2025 as follows:

1. TSO's unjust enrichment claim is sustianed against Konza and the Court awards property management compensation of $74,211.18 to TSO;

2. Konza's conversion claim against TSO is sustained, and the Court awards $11,970.00 for prepaid rents and security deposits to Konza;

3. The remaining claims and counterclaims are dismissed;

4. In total, $62,241.18 is rewarded to TSO in damages;

5. The amount of $4,970.00 awarded in attorney fees to Konza remains. TSO and Lentine were found jointly and severally liable for the amount. If the amount is still outstanding, Konza could resolve the balances by paying $57,271.18 in damages to TSO; and

6. The Court agrees with the Magistrate not to award any additional attorney fees or costs to TSO, Lentine, or Konza as part of this judgment. In accordance with the Magistrate's Decision the money owed to TSO for their property management fee should be considered a cost of the receievership for the purposes of R.C.§ 2735.04. In contrast, the money owed to Konza for contempt related to attorney fees is not an administrative expense of this action, and should be paid by TSO and Lentine.

**IT IS SO ORDERED.**

Date: 7/22/2025

*Wende C. Cross*
**JUDGE WENDE C. CROSS**

3