IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| John Klosterman, | : | Case No. 1:25-cv-312 |
| | : | |
| Plaintiff, | : | Judge Susan J. Dlott |
| | : | |
| v. | : | Order Granting Defendant CAA's |
| | : | Motion to Dismiss Plaintiff's Amended |
| Konza, LLC, *et al.*, | : | Complaint |
| | : | |
| Defendants. | : | |

This matter is before the Court on Defendant Community Action Agency's ("CAA's") Motion to Dismiss Plaintiff's Amended Complaint. (Doc. 47.) For the reasons that follow, the Court will **GRANT** the Motion to Dismiss.

I. BACKGROUND

Plaintiff John Klosterman filed a *pro se* Consolidated Complaint for Civil Violations of the Racketeer Influenced and Corrupt Organizations Act (18 USC 1961–1968) & Deprivations of Constitutional Rights (42 USC § 1983) ("Complaint") on May 13, 2025. (Doc. 1.) The 104-page Complaint named eleven Defendants, including CAA. On June 26, 2025, Magistrate Judge Karen L. Litkovitz ordered Plaintiff to "file an amended complaint, which must not exceed 20 pages in length, setting forth in clear, short and concise terms the names of each defendant, the specific claims for relief attributable to each defendant, and the factual allegations supporting each such claim." (Doc. 32 at PageID 360.)

Plaintiff filed an Amended Complaint the next day, explicitly listing only ten Defendants: Konza, LLC; Richard Boydston; Dentons Bingham Greenbaum LLP; Tri-State Organization, Inc.; Josph Lentine; Angel Strunk; Jennifer Donathan; Keller Williams Advisors Realty; Terry James; and the City of Cincinnati. (Doc. 33 at PageID 363–364.) Plaintiff's Amended

1

Complaint omits CAA as a Defendant. CAA then filed the pending Motion to Dismiss. (Doc. 47.) Plaintiff filed an Opposition in response, to which CAA filed a Reply Memorandum. (Docs. 48, 50.) Finally, Plaintiff filed a Reply to CAA's Reply Memorandum without leave of the Court. (Doc. 51.)[1]

## II. STANDARD OF LAW

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To withstand a dismissal motion, a complaint must contain "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Courts do not require "heightened fact pleading of specifics, but only enough facts to state a claim for relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A district court examining the sufficiency of a complaint must accept the well-pleaded allegations of the complaint as true. *Id.*; *DiGeronimo Aggregates, LLC v. Zemla*, 763 F.3d 506, 509 (6th Cir. 2014).

## III. ANALYSIS

CAA moves to be dismissed from this action because Plaintiff did not name CAA as a Defendant in the Amended Complaint; nor serve the Amended Complaint on CAA; nor provide a factual basis for this Court's jurisdiction over CAA; nor state a plausible claim for relief against CAA. (Doc. 47 at PageID 449.) The Court agrees that CAA should be dismissed.

---

[1] The Local Rules provide that "[n]o additional memoranda beyond [opposing and reply memoranda] are permitted except upon leave of court for good cause shown." S.D. Ohio Civ. R. 7.2(a)(2). The Court ordinarily will strike a sur-reply filed without leave, but the Court will not strike Plaintiff's sur-reply here because his arguments therein do not affect the Court's resolution of the Motion to Dismiss.

Pursuant to the June 26, 2025 Order, Plaintiff filed a seventeen-page Amended Complaint; however, he named only ten Defendants as parties in the Amended Complaint. (Doc. 33 at PageID 363–364.) The fact that Plaintiff had named CAA as the eleventh Defendant in the initial Complaint no longer is relevant. "An amended complaint supersedes an earlier complaint for all purposes." *Calhoun v. Bergh*, 769 F.3d 409, 410 (6th Cir. 2014) (citation omitted). Plaintiff did not name CAA as a Defendant in the caption of the Amended Complaint, nor in his list of Defendants. (Doc. 33 at PageID 362–364). Furthermore, after filing the Amended Complaint, Plaintiff filed a Corrected Certificate of Service stating that a copy of the Amended Complaint was served on the following ten parties: Konza, LLC; Richard Boydston; Dentons Bingham Greenbaum LLP; Tri-State Organization, Inc.; Josph Lentine; Angel Strunk; Jennifer Donathan; Keller Williams Advisors Realty; Terry James; and the City of Cincinnati. (Doc. 34 at PageID 380–381.) The Corrected Certificate of Service did not list CAA as a party served. (*Id.* at PageID 380.)

Plaintiff mentioned CAA in only three of the more than sixty paragraphs in the Amended Complaint, and these mentions are insufficient to state a plausible claim for relief against it. (Doc. 33 at PageID 366, 374.) He alleged that "[f]raudulent rental assistance applications" were submitted to CAA, that one CAA board member—not a party to this lawsuit—acknowledged potential fraud, and that the receiver over Plaintiff's rental propertied "silenced the investigation" into the fraud. (*Id.*) He also alleged that CAA "took no corrective action," but he did not provide facts that plausibly suggested that CAA had a duty to take corrective action or that it benefitted from or participated in the alleged fraudulent activity by others. (*Id.*) "A plaintiff must establish the liability of any defendant with a clear showing that the defendant was personally involved in the activities which form the basis of the alleged [wrongful] behavior."

*Smith v. City of Jackson Tenn.*, Case No. 1:19-cv-01061-JDB-jay, 2019 WL 3213579, at *2 (W.D. Tenn., June 26, 2019) (dismissing purported defendants when plaintiff did not allege sufficient facts against those defendants). Plaintiff made no clear showing here. In sum, Plaintiff's allegations in the Amended Complaint are neither procedurally nor substantively sufficient to state a claim against CAA.

### IV. CONCLUSION

For the reasons stated above, CAA's Motion to Dismiss (Doc. 47) is **GRANTED**. Plaintiff's claims against Defendant CAA are **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge