

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JOHN KLOSTERMAN, et al
Plaintiff,

v.

Case No. 1:25-cv-00312-SJD-KLL

Judge Susan J. Dlott
Magistrate Karen L. Litkovitz

KONZA, LLC, RICHARD BOYDSTON,

and DENTONS BINGHAM

GREENEBAUM LLP, et al.,

Defendants.  REQUEST FOR LEAVE OF COURT

TO THE HONORABLE COURT:

Plaintiff John Klosterman respectfully requests leave to amend his complaint to add federal extortion claims under 18 U.S.C. § 1951 (Hobbs Act) against the City of Cincinnati and Terry James.

GROUNDS FOR AMENDMENT

On August 6, 2025—after Plaintiff filed this federal civil rights lawsuit—the City's Building Department issued its first-ever invoice demanding $15,015.00 in "Unpaid VBML fees for over 3 years plus late fees" for 621 Delhi. Despite these fees allegedly accruing since January 2020 (Case Number B202006417), Plaintiff never received any prior invoices or billing notices until after filing this federal action. (exhibit A)

This retaliatory billing constitutes federal extortion under the Hobbs Act. The City obtained money under color of official right, demanding retroactive fees for a building the City itself forced vacant through fraudulent condemnation orders—despite engineering reports confirming structural safety. The timing demonstrates clear retaliatory intent to financially weaken Plaintiff and discourage his civil rights claims.

## LEGAL BASIS

Under Federal Rule of Civil Procedure 15(a)(2), leave to amend "shall be freely given when justice so requires." Good cause exists because:

Newly Discovered Conduct: The August 6, 2025 invoice constitutes post-filing retaliatory conduct that could not have been included in the original complaint.

No Prejudice: Adding claims based on Defendants' own recent conduct causes no unfair prejudice.

Judicial Efficiency: Consolidating related claims promotes efficiency and avoids duplicative litigation.

Relation to Existing Claims: The extortion acts constitute additional RICO predicate acts, strengthening the pattern of racketeering activity and demonstrating the criminal enterprise's continuing nature.

The proposed amendment is not futile. It satisfies all Hobbs Act elements with documentary support and directly advances this Court's comprehensive resolution of the systemic misconduct alleged.

CONCLUSION

Justice requires full accountability for ongoing criminal conduct. Plaintiff respectfully requests this Court grant leave to amend the complaint to include federal extortion claims arising from the City's retaliatory post-lawsuit billing practices.

Respectfully submitted,

/s/ John Klosterman
John Klosterman, Plaintiff Pro Se
5615 Sidney Road
Cincinnati, Ohio 45238
(513) 250-2610
johncklosterman@gmail.com

**Exhibits**

(A) invoice from City of Cincinnati building department

---

**CERTIFICATE OF SERVICE**

I hereby certify that on September 30, 2025, a true and accurate copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

/s/John Klosterman


Rebecca P. Salley (0097269)
Johnnie Fitzpatrick (0100476)
Mark Manning (0088331)
Assistant City Solicitors
801 Plum Street, Suite 214
Cincinnati, OH 45202
Phone: (513) 352-4576

# City of Cincinnati



Department of Buildings & Inspections
Division of Property Maintenance Code Enforcement

Two Centennial Plaza - 805 Central Avenue, Suite 500 - Cincinnati, Ohio 45202 - P (513) 352-3275 - F (513) 564-1708

August 06, 2025

JOHN JENNAGANS LLC
C/O JOHN KLOSTERMAN
5615 SIDNEY RD
CINCINNATI OH 45238-1857

## INVOICE

CASE NUMBER: B202006417  Hamilton County Auditor- Book, Page & Parcel: 0153-0001-0003

IN RE: UNPAID VBML FEES DUE

**621 DELHI AV**

To: JOHN JENNAGANS LLC

The subject building was ordered to be vacated or kept vacant on January 17, 2020. A Vacant Building Maintenance License (VBML) for the subject building is due for renewal each and every year until the building is code compliant and no longer vacated. The VBML must be renewed each year no later than January 17. You are required to apply for a VBML by the due date annually to avoid a late fee equal to the License fee or $1000.00 for each late fee, whichever is less: Section 1101-77 Cincinnati Building Code (CBC). Our records indicate the VBML application has not been made each year as required. Pay the back fees within 30 days of this notice to avoid collections.

The unpaid VBML fee total owed for this property is $15,015.00

Remit the fee to:

Department of Buildings & Inspections\
Attn: VBML Fees
805 Central Avenue, Suite 500,
Cincinnati, Ohio 45202

VBML fees and late fees remaining unpaid are considered a debt due and owed to the City and subject to referral to the solicitor's office for collection. The collection efforts include, but are not limited to, obtainment of a civil judgement and recording of a lien against the subject property.

Enclosure: VBML Application Form

**EXHIBIT A**

DOC-ID# CODE6511

B202006417

