

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JOHN KLOSTERMAN, et al
Plaintiff,

v.

Case No. 1:25-cv-00312-SJD-KLL

Judge Susan J. Dlott
Magistrate Karen L. Litkovitz

KONZA, LLC, RICHARD BOYDSTON,

and DENTONS BINGHAM

GREENEBAUM LLP, et al.,

Defendants.

## MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO ADD EXTORTION CLAIMS AGAINST CITY DEFENDANTS

## I. FACTUAL BASIS FOR EXTORTION CLAIMS

On August 6, 2025, after Plaintiff filed this federal civil rights lawsuit, the City's current Building Department administration issued the first-ever invoice to Plaintiff's entity John Jennagans LLC demanding $15,015.00 in "Unpaid VBML fees for over 3 years plus late

fees" for 621 Delhi, with fees allegedly beginning in January 2020 under Case Number B202006417. (Exhibit A: VBML Invoice dated August 6, 2025). This retaliatory billing constitutes federal extortion for the following reasons:

A. No Prior Invoices Ever Issued: Despite allegedly owing these fees since January 2020, Plaintiff never received any prior invoices, bills, or demands for VBML fees until after filing this federal lawsuit—demonstrating the retaliatory nature of the billing.

B. Retaliatory Timing: The first-ever VBML invoice was issued on August 6, 2025, after Plaintiff filed this federal civil rights lawsuit, demonstrating retaliatory intent designed to financially weaken Plaintiff and discourage his federal civil rights action.

C. Predicate Act Pattern: The three years of retroactive fees (2020, 2021, 2022) plus late fees constitute separate predicate acts under RICO, establishing the required pattern of racketeering activity.

D. Economic Coercion After Fraudulent Property Emptying: The current Building Department administration, continuing the conspiracy initiated by retired inspector Terry James, first forced Plaintiff's income-producing tenants from 621 Delhi through fraudulent condemnation orders (despite GEI engineering reports confirming structural safety), then demanded over three years of retroactive fees for the empty building they created.

E. Systematic Financial Destruction: This extortion continues the systematic scheme to financially destroy Plaintiff, now administered by current Building Department officials who know the vacancy was wrongfully created by James's fraudulent condemnation orders.

There was a "public nuisance hearing" where the GEI report and the 2 affidavits were submitted prior to the Federal suit filing. The suit was filed, and the results of the hearing where I, Randy Hatfield and Mike Avery testified under oath. The results were never sent even after Plaintiff called and requested the results.

## II. LEGAL STANDARD FOR HOBBS ACT EXTORTION

Under 18 U.S.C. § 1951, extortion is defined as "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right."

The Sixth Circuit recognizes that extortion "under color of official right" occurs when:

- A public official
- Obtains property from another
- Under color of official right
- Knowing the payment is not due or made in excess of what is due

## III. THE CITY'S EXTORTION SATISFIES ALL ELEMENTS

A. Public Officials: Current Building Department administrators are public officials acting under color of official right, continuing the criminal conspiracy initiated by retired inspector Terry James.

B. Obtaining Property: The $15,015.00 VBML demand seeks to obtain money from Plaintiff's entity John Jennagans LLC.

C. Under Color of Official Right: The demand uses the City's governmental authority to impose building fees and penalties retroactively.

D. Not Due or Excessive: The fees are extortionate because:

- They were imposed retroactively for a building the City forced to be vacant through James's fraudulent condemnation orders
- No prior invoices were ever sent despite allegedly being owed since January 2020
- The building was structurally safe per GEI engineering reports
- The timing after the federal lawsuit demonstrates retaliatory rather than legitimate regulatory purpose

## IV. EXTORTION AS RICO PREDICATE ACTS

Hobbs Act extortion constitutes a predicate act under 18 U.S.C. § 1961(1)(B). The retroactive VBML demand provides multiple predicate acts:

A. Year 2020 Extortion: Demanding VBML fees retroactively for 2020

B. Year 2021 Extortion: Demanding VBML fees retroactively for 2021

C. Year 2022 Extortion: Demanding VBML fees retroactively for 2022

D. Late Fee Extortion: Adding excessive late fees to retroactive demands

These acts, combined with existing mail fraud, wire fraud, and money laundering predicate acts, establish the clear pattern of racketeering activity required under RICO.

## V. RELATION TO EXISTING CLAIMS

The extortion claims directly relate to Plaintiff's existing RICO and civil rights claims:

A. Same Enterprise: The extortion continues the criminal enterprise, now administered by current Building Department officials who know of James's fraudulent condemnation orders.

B. Continuing Conspiracy: The extortion demonstrates the criminal enterprise's ongoing retaliatory efforts against Plaintiff's federal civil rights action.

C. Pattern Enhancement: The extortion acts strengthen the pattern of racketeering activity already alleged.

## VI. NEWLY DISCOVERED CONDUCT JUSTIFIES AMENDMENT

The August 6, 2025 VBML invoice was issued after the original complaint was filed, constituting newly discovered retaliatory conduct by current Building Department administration that could not have been included in the original pleading.

## VII. THE EXTORTION CLAIMS ARE NOT FUTILE

The proposed extortion claims satisfy all required elements and are supported by documentary evidence (Exhibit A: VBML Invoice dated August 6, 2025) and the established pattern of retaliatory conduct. The claims are viable and merit adjudication on their merits.

## VIII. CONCLUSION

The City of Cincinnati's current Building Department administration's post-lawsuit extortion demand demonstrates the continuing nature of the criminal enterprise initiated by James and provides additional predicate acts that strengthen Plaintiff's RICO claims. The proposed

amendment adds federal extortion claims under 18 U.S.C. § 1951 against the City of Cincinnati and Terry James based on current Building Department administration's retaliatory conduct.

Respectfully submitted,

/s/ John Klosterman

John Klosterman, Plaintiff Pro Se

5615 Sidney Road

Cincinnati, Ohio 45238

(513) 250-2610

johncklosterman@gmail.com

## EXHIBIT LIST

Exhibit A: VBML Invoice dated August 6, 2025 - $15,015.00 demand to John Jennagans LLC for "Unpaid VBML fees for over 3 years plus late fees" for 621 Delhi, Case Number B202006417

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2025, a true and accurate copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed to those parties who are not served via the Court's electronic filing system. Parties may access this filing through the Court's system

/s/ John Klosterman

# City of Cincinnati

Department of Buildings & Inspections
Division of Property Maintenance Code Enforcement



Two Centennial Plaza - 805 Central Avenue, Suite 500 - Cincinnati, Ohio 45202 - P (513) 352-3275 - F (513) 564-1708

August 06, 2025

JOHN JENNAGANS LLC
C/O JOHN KLOSTERMAN
5615 SIDNEY RD
CINCINNATI OH 45238-1857

## INVOICE

**CASE NUMBER: B202006417**  Hamilton County Auditor- Book, Page & Parcel: 0153-0001-0003

**IN RE: UNPAID VBML FEES DUE**

**621 DELHI AV**

To: JOHN JENNAGANS LLC

The subject building was ordered to be vacated or kept vacant on January 17, 2020. A Vacant Building Maintenance License (VBML) for the subject building is due for renewal each and every year until the building is code compliant and no longer vacated. The VBML must be renewed each year no later than January 17. You are required to apply for a VBML by the due date annually to avoid a late fee equal to the License fee or $1000.00 for each late fee, whichever is less: Section 1101-77 Cincinnati Building Code (CBC). Our records indicate the VBML application has not been made each year as required. Pay the back fees within 30 days of this notice to avoid collections.

**The unpaid VBML fee total owed for this property is $15,015.00**

Remit the fee to:

Department of Buildings & Inspections\
Attn: VBML Fees
805 Central Avenue, Suite 500,
Cincinnati, Ohio 45202

VBML fees and late fees remaining unpaid are considered a debt due and owed to the City and subject to referral to the solicitor's office for collection. The collection efforts include, but are not limited to, obtainment of a civil judgement and recording of a lien against the subject property.

Enclosure: VBML Application Form

DOC-ID# CODE6511

**EXHIBIT A**

B202006417