UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN KLOSTERMAN,  	Case No. 1:25-cv-312
    Plaintiff,  	Dlott, J.
        	Litkovitz, M.J.

    vs.

KONZA, LLC, *et al*.,  	**ORDER**
    Defendants.

This matter is before the Court on plaintiff's motions titled "Opposition To Defendants' Joint Motions For Extension Of Time, Motion For Immediate Constructive Trust Relief, Motion For Bench Trial, And Motion To Add FRI Mason, LLC And Jennifer Donnathan As Defendants" (Doc. 45),[1] and "Plaintiff's Informational Memorandum Regarding Newly Discovered Judicial Admissions By Non-Party HCLRC [and] Motion To Negate Fraudulent Property Acquisition" (Doc. 49).  None of the defendants have responded to plaintiff's motions.

As an initial matter, the Court notes that plaintiff raises various arguments concerning the merits of his claims in both motions before the Court.  (Docs. 48, 49).  Those arguments are premature, as defendants have filed several motions to dismiss that remain pending.  (*See* Docs. 53-55).  Further, plaintiff seeks a merit-based decision on the subject of this action which he has not yet proven.  (Doc. 49 at PageID 477-78, seeking "immediate relief based on judicial admissions).

Plaintiff's request for "Immediate Constructive Trust Relief" is also premature.  (Doc. 45 at PageID 436-38).  Under Ohio law, a constructive trust is not an independent cause of action, but an equitable remedy imposed only after the court determines that fraud, unjust enrichment, or

---

[1] The Court previously granted plaintiff's motion to amend his complaint to clarify that the corporate entity for defendant Keller Williams Advisors Realty is FRI Mason, LLC, d/b/a Keller Williams Advisors Realty and consequently will not be addressing it again here.  (*See* Docs. 43, 63).

other unconscionable conduct has occurred. *Estate of Cowling v. Estate of Cowling*, 847 N.E.2d 405, 411-412 (2006); *Ferguson v. Owens*, 459 N.E.2d 1293, 1295-96 (1984). The Sixth Circuit has recognized that in Ohio, "there is no stand-alone claim for constructive trust; instead it is a *remedy* that can only be imposed 'where there is some ground . . . upon which equity will grant relief.'" *Gaymar Indus., Inc. v. FirstMerit Bank, N.A.,* 311 F. App'x 814, 817 (6th Cir. 2009) (internal quotations omitted). *See also Chevalier v. Est. of Barnhart*, 803 F.3d 789, 802 (6th Cir. 2015) (quoting *In re Handy*, 624 F.3d 19, 22 (1st Cir. 2010) (finding that constructive trusts are "remedial devices employed by courts once liability is found and where equity requires")). Because no adjudication of fraud, unjust enrichment, or other equitable grounds has yet occurred, granting the relief plaintiff seeks would be premature and improper. Therefore, plaintiff's motion titled "Plaintiff's Informational Memorandum Regarding Newly Discovered Judicial Admissions By Non-Party HCLRC [and] Motion To Negate Fraudulent Property Acquisition" and plaintiff's motion for immediate constructive trust relief are **DENIED** as premature.

Next, plaintiff requests a "bench trial pursuant to Fed. R. Civ. P. 39(c)." (Doc. 45 at PageID 437). However, plaintiff previously issued a demand for a jury trial. (*See* Compl., Doc. 33 at PageID 377). Rule 38 requires consent of all parties to withdraw a demand for jury trial. Fed. R. Civ. P. 38(d). *See Rockies Exp. Pipeline, LLC v. 4.895 Acres of Land, More or Less, in Butler Cnty., Ohio (Pipeline Right-of-Way Servitude)*, No. 2:08-cv-554, 2009 WL 2005305, at *5 (S.D. Ohio July 9, 2009) (holding defendant's pending motion for an expedited bench trial moot "[a]bsent [p]laintiff's consent to withdrawal of the jury demand"). Here, defendants have not consented to the withdrawal of plaintiff's jury demand. In light of the plain language of Rule 38(d), which requires the consent of both parties to withdraw a properly made jury demand, plaintiff's request for a bench trial is **DENIED**.

2

Lastly, plaintiff's request that the Court deny "defendants' coordinated requests for additional time to respond to the [a]mended complaint" (Doc. 45 at PageID 421) is moot, as the Court has already granted those extensions (*See* Docs. 39, 40).

**IT IS SO ORDERED.**

Date: 10/7/2025

*Karen L. Litkovitz*
Karen L. Litkovitz
United States Magistrate Judge