UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
AT CINCINNATI

| | | |
|---|---|---|
| JOHN KLOSTERMAN, | : | Civil Action No. 1:25-cv-00312-SJD-KLL |
| | : | (Judge Susan J. Dlott) |
| Plaintiff, | : | (Magistrate Judge Karen L. Litkovitz) |
| | : | |
| v. | : | |
| | : | |
| KONZA, LLC, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**REPLY BY DEFENDANTS KONZA, LLC, RICHARD BOYDSTON,
AND DENTONS BINGHAM GREENEBAUM LLP
<u>IN SUPPORT OF THEIR MOTION TO DISMISS</u>**

Defendants Konza, LLC, Richard Boydston, and Dentons Bingham Greenebaum LLP's

(collectively the "Boydston Defendants") sought dismissal on grounds of subject matter

jurisdiction, quasi-judicial immunity, collateral estoppel, and other grounds. In response,

Plaintiff failed to (i) present legal argument, (ii) cite legal authority, (iii) address legal authority

relied upon in the Boydston Defendant's Motion (Doc. 55), or (iv) replead. Plaintiff's Amended

Complaint should be dismissed in its entirety, with prejudice.

**1. The Court lacks jurisdiction under the *Barton* doctrine.**

Because Plaintiff has not obtained leave from the Receivership Court, this Court lacks

jurisdiction pursuant to the *Barton* doctrine. (Doc. 55, PageID 782–83.); *see also OHM Sys., Inc.

v. Park Place Corp.*, No. 1:19-cv-0907, 2020 WL 2572203, at \*5 (S.D. Ohio May 21, 2020)

("Where a plaintiff neglects to obtain leave from the appointing court, a suit filed against the

receiver [or bankruptcy trustee] in another court must be dismissed for lack of subject matter

jurisdiction.") (alteration in original; citations omitted). In his opposition, Plaintiff does not argue

that he has satisfied the *Barton* doctrine or that application of the *Barton* doctrine is incorrect.

Consequently, Plaintiff has now waived any argument on this issue. *See Foster v. Health Recovery Servs., Inc.*, 493 F. Supp. 3d 622, 637 (S.D. Ohio 2020) (holding that plaintiff forfeited claims by failing to respond to arguments raised in motion to dismiss); *Ohio Star Transp. LLC v. Roadway Exp., Inc.*, No. 2:09-cv-00261, 2010 WL 3666982, at *3 (S.D. Ohio Sept. 14, 2010) (stating plaintiff "waiv[ed] its ability to challenge [an] argument and effectively conced[ed] the point" by failing to respond to argument raised in summary judgment motion); *see also Ellison v. Knox Cnty.*, 157 F. Supp. 3d 718, 724–25 (E.D. Tenn. 2016) ("It is well established in the Sixth Circuit that failure to respond to an argument made in support of a Rule 12(b)(6) motion to dismiss a claim results in a forfeiture of the claim."). Under the *Barton* doctrine, all the claims against the Boydston Defendants should be dismissed.

**2. The Court lacks jurisdiction under the *Rooker-Feldman* doctrine.**

Dismissal is also appropriate under the *Rooker-Feldman* doctrine because Plaintiff's claims are premised on alleged injuries caused by Ohio state court orders. (Doc. 55, PageID 783–85.) Plaintiff does not address *Rooker-Feldman* in his opposition apart from claiming, without authority, that "prior state court proceedings cannot immunize defendants from federal RICO liability when those very proceedings were themselves vehicles for the racketeering activity." (Doc. 60, PageID 1395.) But *Rooker-Feldman* applies because Plaintiff's Amended Complaint confirms that the state court orders are the source of his alleged injuries. (*See* Doc. 33, PageID 376) (requesting "declaration that the 'engineered sale' was fraudulent and dismissed with prejudice"); *see also Kost v. Hoseth Kreeger*, 832 F. App'x 438, 439 (6th Cir. 2021) (holding *Rooker-Feldman* applied where the plaintiff requested that the district court "enjoin/invalidate" the state court's order). For this additional reason, this Court lacks jurisdiction.

Dismissal under *Rooker-Feldman* is also appropriate because Plaintiff failed to make a

developed argument to the contrary. *See McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones"); *see also Dyamond G., Plaintiff v. Comm'r of the Soc. Sec. Admin.*, No. 1:25-CV-525, 2025 WL 2753626, at *4 (S.D. Ohio Sept. 29, 2025) ("*pro se* litigants . . . are held to this same standard") (collecting cases).

### 3. The Boydston Defendants are entitled to quasi-judicial immunity.

The Boydston Defendants also seek dismissal based upon quasi-judicial immunity. (Doc. 55, PageID 786–88.) Plaintiff's opposition includes four sentences opposing the Boydston Defendants' immunity argument:

- "[P]rior state court proceedings cannot immunize defendants from federal RICO liability when those very proceedings were themselves vehicles for the racketeering activity." (Doc. 60, PageID 1395);

- "Under established precedent, qualified immunity does not protect criminal conduct." (Doc. 60, PageID 1408);

- "When municipal officials engage in systematic collusion with federal criminals, they forfeit any claim to immunity protection." (Doc 60, PageID 1408);

- "This Court should not provide civil immunity for conduct that federal prosecutors have determined constitutes federal crimes." (Doc. 60, PageID 1414.)

As explained in the Boydston Defendants' Motion (Doc. 55, PageID 786–88), the Boydston Defendants are entitled to immunity against Plaintiff's claims because the state court approved every action Plaintiff complains of. The Receivership Court approved the sale of the Receivership Properties, the payment of the Boydston Defendants' fees, and the removal of

personal property from the Receivership Properties. Plaintiff's claims fail as a matter of law.[1]

### 4. Plaintiff's claims are barred by collateral estoppel.

Plaintiff's attempt to re-litigate issues that were decided in prior proceedings is improper. (Doc. 55, PageID 788–89.) Plaintiff did not submit a developed argument to the contrary; he has therefore conceded the point. *Foster*, 493 F. Supp. 3d at 637; *Ohio Star Transp.*, 2010 WL 3666982, at *3; *see also Ellison*, 157 F. Supp. 3d at 724–25. The Receivership Court approved, (a) fees paid to Konza and Dentons; (b) the sale of the Receivership Properties; and (c) the removal of Plaintiff's personal property from the properties. Plaintiff cannot rehash these issues *again* in this Court. The claims against the Boydston Defendants should be dismissed.

### 5. Plaintiff fails to plead a viable RICO claim.

Plaintiff does not state a viable RICO or RICO conspiracy claim. (Doc. 55, PageID 791–97.) In his opposition, Plaintiff re-states his RICO allegations (Doc. 60, PageID 1406–1408), but he provides no authority supporting the conclusion that these allegations state a viable claim

The allegations fail to state a claim because:

- Plaintiff does not adequately plead an association-in-fact. (Doc. 55, PageID 792–93); *see also Begala v. PNC Bank, Ohio, Nat'l Ass'n*, 214 F.3d 776, 781 (6th Cir. 2000) (holding that plaintiff failed to state RICO claim where the complaint "essentially list[ed] a string of entities allegedly comprising the enterprise, and then list[ed] a string of supposed racketeering activities in which the enterprise purportedly engage[d]")

- Plaintiff alleges the defendants pursued a single objective, which is insufficient to support a RICO claim. (Doc. 55, PageID 793); *see also Vemco, Inc. v. Camardella*, 23 F.3d 129, 135 (6th Cir. 1994); *Moon v. Harrison Piping Supply*, 465 F.3d 719, 725 (6th Cir. 2006) (affirming dismissal of RICO claim where "there [we]re no facts suggesting that the scheme would continue beyond the Defendants accomplishing their goal of terminating [the plaintiff's] benefits");

---

[1] Additionally, because Plaintiff did not develop his argument in opposition to the application of quasi-judicial immunity, the arguments are deemed waived. *McPherson*, 125 F.3d at 995–96; *see also Dyamond G., Plaintiff* 2025 WL 2753626, at *4.

- Plaintiff failed to plausibly allege that the Boydston Defendants committed at least two predicate offenses. (Doc. 55, PageID 793–97.)

Plaintiff provides no argument in response, and his claim also fails as a result.

**6. Plaintiff's § 1985 claim fails.**

Plaintiff does not state a viable claim under 42 U.S.C. § 1985. (Doc. 55, PageID 797–98.) Because Plaintiff does not dispute this argument in his opposition, he has also forfeited the claim. *Foster*, 493 F. Supp. 3d at 637; *Ohio Star Transp.*, 2010 WL 3666982, at *3; *see also Ellison*, 157 F. Supp. 3d at 724–25.

**7. Plaintiff's § 1983 claim fails.**

As explained in the Boydston Defendants' Motion, the claim fails under the immunity and collateral estoppel analysis; there are no facts supporting the claim; and the claim is time-barred. (Doc. 55, PageID 798–800.) Plaintiff also does not make any developed argument in his opposition that his claim under 42 U.S.C. § 1983 should survive. Accordingly, he has forfeited this claim, too. *Foster*, 493 F. Supp. 3d at 637; *Ohio Star Transp.*, 2010 WL 3666982, at *3; *see also Ellison*, 157 F. Supp. 3d at 724–25. The § 1983 claim should be dismissed.

**8. Plaintiff's state law claims fail.**

Plaintiff's opposition does not set forth a cogent argument that any of his state law claims should survive the motion to dismiss.

**a. Conversion**

In response, Plaintiff lists allegations under the heading "systematic theft of Plaintiff's personal property" (Doc. 60, PageID 1405–06), but he does not address any of the arguments in the Boydston Defendants' motion. (Doc. 55, PageID 800–02.) The claim is therefore also forfeited. With respect to the conversion claim, the Boydston Defendants are entitled to immunity; the Amended Complaint fails to allege facts supporting the claim; and the claim is

barred by the applicable statute of limitations.

### b. Fraud

The Amended Complaint does not state a viable fraud claim. (Doc. 55, PageID 802–804.) Plaintiff failed to plead this claim with adequate specificity, and the facts alleged do not support a fraud claim. Plaintiff makes no developed argument to the contrary in his opposition, and has forfeited this claim.

### c. Breach of fiduciary duty

Plaintiff's fiduciary duty claim is factually lacking, and it is barred by the statute of limitations, quasi-judicial immunity, and collateral estoppel. (Doc. 55, PageID 43–44.) Plaintiff does not address any of these arguments in his opposition and has forfeited this claim.

### d. Malicious prosecution

The malicious prosecution claim is time-barred. (Doc. 55, PageID 805.) Plaintiff does not make any argument that he timely asserted this claim and has forfeited this claim.

### e. Negligent supervision

Plaintiff does not argue that his negligent supervision claim should survive. For the reasons stated in the Boydston Defendants' Motion (Doc. 55, PageID 45), the claim should be dismissed with prejudice.

### f. Intentional infliction of emotional distress

Plaintiff's Amended Complaint does not allege any outrageous conduct, the claim is barred by collateral estoppel, and the Boydston Defendants are entitled to immunity on the claim. (Doc. 55, PageID 808.) Plaintiff does oppose these arguments in his opposition. Consequently, the claim fails and should be dismissed.

**Conclusion**

For the reasons set forth in the Boydston Defendants' Motion to Dismiss all claims should be dismissed because the Court lacks subject-matter jurisdiction to adjudicate this dispute. Further, the claims against the Boydston Defendants should also be dismissed, (a) because the facts fail to state a claim, (b) pursuant to the doctrine collateral estoppel, and (c) because the Boydston Defendants are entitled to quasi-judicial immunity. Dismissal with prejudice is warranted.

Respectfully submitted,

/s/ James D. Houston
James D. Houston (OH 0072794)
Stephen E. Schilling (OH 0086897)
STRAUSS TROY CO., LPA
150 East Fourth Street, 4th Floor
Cincinnati, OH 45202-4018
(513) 621-2120
Facsimile (513) 241-8259
jdhouston@strausstroy.com
seschilling@straustroy.com

Andrew W. Hull (admitted *pro hac vice*)
Gregory A. English (admitted *pro hac vice*)
111 Monument Circle, Suite 4400
Indianapolis, IN 46204
Telephone: (317) 822-4400
awhull@hooverhullturner.com
genglish@hooverhullturner.com

*Counsel for Defendants Konza, LLC,*
*Richard Boydston, and Dentons Bingham*
*Greenebaum LLP*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing has been filed electronically with the U.S. District Court, Southern District of Ohio this 14th day of October 2025. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

The following parties will be served by ordinary United States mail, first class postage prepaid:

Joseph Lentine                           Tri-State Organization, Inc.
3633 Puhlman                             [no address given by Plaintiff
Cincinnati, OH 45211                     and no summons filed]

Jennifer Donathan                        Angel Strunk
3505 Columbia Parkway #125               638 Steiner Ave
Cincinnati, OH 45226                     Cincinnati, OH 45204


                                         */s/ James D. Houston*
                                         James D. Houston (OH 0072794)

19132023.1