UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JOHN KLOSTERMAN, | : | Case No. 1:25cv312 |
| | : | |
| Plaintiff, | : | Judge Susan J. Dlott |
| | : | |
| v. | : | **REPLY IN SUPPORT OF MOTION** |
| | : | **TO DISMISS AMENDED** |
| KONZA, LLC, et al., | : | **COMPLAINT BY DEFENDANTS** |
| | : | **CITY OF CINCINNATI AND TERRY** |
| Defendants. | : | **JAMES** |

Defendants City of Cincinnati and Terry James (hereinafter collectively "City Defendants") submit the following reply in support of their Motion to Dismiss Plaintiff's Amended Complaint (Doc. 54).

I. Introduction

Plaintiff Klosterman does not provide legal argument or authority to support most of his claims against the City Defendants. *Coleman v. Shoney's, Inc.*, 79 Fed. Appx. 155, 157 (6th Cir. 2003) ("[P]ro se parties must still brief the issues advanced with some effort at developed argumentation."). Plaintiff fails to rebut Defendants' arguments that Plaintiff's claims are barred by this Court's lack of jurisdiction, claim preclusion, applicable statutes of limitation, and immunity doctrines, offering barebones conclusory statements or no response at all. *Notredan, L.L.C, v. Old Republic Exchange Facilitator Co.*, 531 F. App'x 567, 569 (6th Cir. July 29, 2013) (failure to respond to an argument that a claim is subject to dismissal "amounts to a forfeiture of [such] claim[.]"). Instead of substantively responding to the City

1

Defendants' legal arguments, Plaintiff uses his Response in Opposition to the City's Motion (Doc. 59), to improperly raise new arguments based on alleged facts and claims not pleaded in his Amended Complaint. Focusing the bulk of his Response on the RICO claim, Plaintiff fails to establish that the actions taken by the City Defendants to stabilize distressed residential properties were done with intent to defraud Plaintiff or to engage in a criminal scheme as a "regular way of doing business." *Moon v. Harrison Piping Supply*, 465 F.3d 719, 727 (6th Cir. 2006).

All claims against the City Defendants in Plaintiff's Amended Complaint (Doc. 33) should be dismissed.

## II. Argument

### A. Plaintiff Raises New, Unpleaded Allegations in His Response.

Plaintiff's Response consists largely of unpleaded allegations of fact related to persons and properties not identified in the operative Amended Complaint (Doc. 33). In some instances, it appears that Plaintiff cites obsolete paragraphs from his original complaint (*see e.g.* Doc. 59, PageID#1356, 1357), while other allegations are wholly new to this litigation. Neither category of allegations in Plaintiff's Response is properly considered by the Court on this motion to dismiss.

First, an amended complaint supersedes the original complaint and is the operative complaint. *See Calhoun v. Bergh*, 769 F.3d 409, 410 (6th Cir. 2014). Plaintiff's citation to the original complaint is improper because amendment "renders the [original complaint] a legal nullity." *Ajna El v. Gentry*, No. 3:23-cv-222, 2024 U.S. Dist. LEXIS 151644, at *3 (S.D. Ohio Aug. 23, 2024). Plaintiff's operative complaint is the Amended Complaint (Doc. 33) filed on June 27, 2025, following the Court's June

2

26, 2025 Order to file an amended complaint. Plaintiff's "367-paragraph Complaint" is null and void. Second, "[a]s a general rule, a court considering a motion to dismiss 'must focus only on the allegations in the pleadings.'" *Waskul v. Washtenaw Cty. Cmty. Mental Health*, 979 F.3d 426, 440 (6th Cir. 2020), quoting *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020) ("The court may not . . . take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a)."). Plaintiff may not "amend [his] complaint in an opposition brief or ask the court to consider new allegations (or evidence) not contained in the complaint." *Waskul*, 979 F.3d at 440.

Plaintiff's unpleaded allegations are extensive and span several topics. They include, but are not limited to:

- Six pages of new allegations related to code enforcement at seven properties. (Doc. 59, PageID#1350-1356; 1358; 1361).
- Unpleaded allegations involving former assistant city solicitor Jaclyn Martin (*see id.*, PageID#1351-1352; 1354-6; 1361),[1] former City Solicitor Andrew Garth (*see id.*, PageID#1357, 1361), and Department of Buildings & Inspections employee Ed Cunningham (*see id.*, PageID#1353-1354).[2]
- Unpleaded allegations of discriminatory enforcement actions and "manufactured violations" by Inspector Terry James (*Id.*, PageID#1353-1355, 1358-1359).
- New allegations that the City ignored evidence of fraud in receiver reports and engaged in "criminal planning" by assigning the foreclosure lien to the Hamilton County Land Reutilization Corp. (the Landbank) (*Id.*, PageID#1357,1358).
- Alleged City policies of "granting 'free passes' to non-targeted owners," (*id.*, PageID#1362), "discriminatory enforcement," (*id.*, PageID#1357-

---

[1] While Plaintiff filed a motion to add Jaclyn Martin as a Defendant in this action (Doc. 17), Martin was not named or referenced in Plaintiff's subsequently filed Amended Complaint (Doc. 33). The factual basis set out in that motion (Doc. 17, PageID#245-248), is entirely different than the factual basis newly set out in Plaintiff's Response (Doc. 59).
[2] The Amended Complaint contains one reference to "Mr. Cunningham's inspection reports" as documents containing proof of the deterioration of receivership properties. (Doc. 33, PageID#373). This may be a reference to Ed Cunningham, but the paragraph does not contain allegations of wrongdoing by Cunningham.

3

- 1358), and selective upgrades of sidewalk wheelchair ramps. (*Id.*, PageID#1359).
- New allegations that the City engaged in "extortion" and "direct retaliation for this federal lawsuit" through code enforcement. (*Id.*, PageID#1358-1359).[3]
- Unpleaded constitutional violations arising from "discriminatory enforcement" at properties including 787 Delh and, 665 Delhi. (*Id.*, PageID#1361).

The Court may not entertain Plaintiff's attempt to amend his pleading through his brief by raising a barrage of unpleaded factual allegations, new legal claims, and claims previously considered and dismissed in federal and state courts. Plaintiff is not permitted to shore up his inadequately pleaded RICO and constitutional claims by introducing entirely new facts and theories in his response brief. Nor did Plaintiff plead the discriminatory enforcement and extortion claims which are the significant focus of his Response brief. Those claims are not properly before the Court in assessing City Defendants' Motion to Dismiss.

Further, for the reasons described in City Defendants' memorandum in support of the motion to dismiss (Doc. 54, PageID#531-533, 538-541), Plaintiff is barred from raising a discriminatory enforcement claim in this proceeding because, like his other constitutional and state tort claims, such a claim would be precluded and beyond the applicable statutes of limitation.[4] Plaintiff cannot evade these

---

[3] The City Defendants will file a separate response to Plaintiff's Docs. 61 and 62, seeking leave to amend his pleadings again to add extortion claims against the City.

[4] For example, Plaintiff raises new allegations that City attorney Jaclyn Martin engaged in conspiratorial "intelligence gathering," including at the 649 Sedam property, for the purpose of engaging in selective enforcement against Plaintiff. (Doc. 59, PageID#1352). Publicly available City records of enforcement activity at 649 Sedam establish that Klosterman, accompanied by his counsel, voluntarily toured the property with Defendant James and Law Department representatives including Martin on or around May 3, 2018. Similarly, public records of B&I enforcement case B201505392, at 794 Delhi, show no action taken by Terry James at that property since August 2019. These facts were known to Plaintiff at the time he filed his 2020 federal lawsuit and throughout the litigation of the foreclosure suit, and claims arising from these facts are time-barred to the extent they are not precluded by res judicata.

doctrines by forcing allegations and argument on those points into his Response brief. The Court should decline to consider all unpleaded allegations and claims raised by Plaintiff in its consideration of City Defendants' Motion to Dismiss.

### B. Plaintiff still fails to plead with specificity a pattern of racketeering activity or underlying criminal acts.

In his Response, Plaintiff repackages his theory of RICO liability against the City, inundating the Court and Defendants with unpleaded factual allegations. The Court should disregard unpleaded facts for the reasons described *supra*, but even on its face, Plaintiff's Response fails to address the inadequacies of the RICO claim in his Amended Complaint.

Plaintiff has failed to identify "indictable" criminal acts by the City, Terry James, or any other City employee. Plaintiff' presents unpleaded allegations against Inspector James, which are inadequate for the reasons described in Defendants' memorandum (Doc. 54) and Section A, *infra*. Otherwise, Plaintiff's Response includes a laundry list of brief parentheticals under the topic "Pattern of Racketeering Activity," which are too vague to decipher as allegations against any City Defendant. (PageID#1361). Plaintiff does not describe, with the heightened specificity required by Civ. R. 9(b), the facts he alleges constitute mail fraud, wire fraud, or money laundering, or whether those acts were conducted by a City employee; nor does he articulate why or how the unpleaded allegations against former City Solicitor Garth (Doc. 59, PageID#1367), constitute "obstruction of justice." *See e.g. 6100 Cleveland, Inc. v. Staff Builders Int'l, Inc.*, 127 F. Supp. 2d 877, 881 (N.D. Ohio 1999) (to adequately plead fraud as a predicate act "a plaintiff must at a minimum allege the

5

time, place and contents of the misrepresentation(s) upon which he relied."); *United States v. Jester*, 775 F.2d 670, 675-76 (6th Cir. 1985) (18 U.S.C. § 1503 "forbids the influencing, intimidation, or impeding of any witness, juror, or court official.").

Ultimately, no matter the shifting underlying facts, Plaintiff fundamentally fails to define the City's involvement in a racketeering enterprise. There are no allegations bearing the markings of "long-term criminal conduct," rather than a singular plan to address Plaintiff's foreclosed properties, dooming his RICO claim. *See Moon v. Harrison Piping Supply*, 465 F.3d 719, 726 (6th Cir. 2006) (gathering cases); *Efron v. Embassy Suites (Puerto Rico), Inc.*, 223 F.3d 12, 19 (1st Cir. 2000), cert. denied, 532 U.S. 905, 121 S. Ct. 1228 (2001) (where the plaintiff alleged a pattern of racketeering acts focused on coercing him into relinquishing his ownership interest in a real estate development project, the court characterized the alleged racketeering activities as "finite in nature" and occurring over a "relatively modest period of time," thus foreclosing a finding of closed-period continuity); *Edmondson & Gallagher v. Alban Towers Tenants Ass'n*, 48 F.3d 1260, 1265 (1995) (fact pattern involving a "single scheme, single injury, and few victims… makes it virtually impossible for plaintiffs to state a RICO claim.").

Plaintiff has not sufficiently pleaded his RICO claims against Defendants, and the claims should be dismissed.

### C. The City has not defrauded the Court.

Plaintiff's pleadings, re-filed by the City, are not a fraud on the Court. Plaintiff Klosterman's opposition claims that the City is engaged in "fraud upon the Court" by

6

citing to Plaintiff's prior court filings. (Doc. 59, PageID#1363). Defendants filed, as Exhibit C to its Motion to Dismiss, Plaintiff's own Amended Complaint in *Klosterman v. Sedamsville Community Dev. Grp., et al.*, Case No. 1:20-cv-119 (S.D. OH.), with originally filed exhibits. (Doc. 54-3, Ex. C). City Defendants filed Exhibit C to demonstrate that Plaintiff unsuccessfully alleged duplicative conspiracy, discriminatory enforcement, and due process claims in 2020. The Court's decision in the 2020 case precludes relief in this case. (Doc. 54, PageID#531-533). Plaintiff fabricates a narrative that the City filed the exhibit with the intent to mislead the Court regarding the ownership of properties depicted in the photographs in Appendix B. Plaintiff argues that the City is engaged in "calculated fraud" subject to RICO liability. (Doc. 59, PageID#1350-1351, 1363). Defendants made no representation, argument, or allegation regarding the contents of "Appendix B"—Plaintiff's own pleadings. The Court should disregard specious arguments suggesting bad faith or criminal intent by the City or undersigned counsel and deny Plaintiff's request to "impose sanctions against City Defendants and counsel." (Doc. 59, Page#1364).

### C. Plaintiff's Request for Expedited Discovery is Unwarranted.

Rule 26(d)(1) prohibits discovery until the completion of a Rule 26(f) conference unless authorized by the Court. Plaintiff has not argued there is good cause for discovery to proceed or that it should be expedited. Nor is there any such cause, particularly since individual defendants may assert interlocutory appeal rights on immunity grounds if the Court does not dismiss them from this case. *See In re Flint Water Cases*, 960 F.3d 820, 826-27 (6th Cir. 2020) (affirming district court's grant of

7

protective order prohibiting discovery on claims pending appeal for which defendants asserted qualified immunity). The request should be denied.

### III. Conclusion

For the foregoing reasons, City Defendants respectfully request that the Court strike or disregard all unpleaded facts and claims, dismiss all claims against the City and James in Plaintiff's Amended Complaint (Doc. 33), deny Plaintiff's request for expedited discovery, and strike or deny Plaintiff's baseless request to impose sanctions upon City Defendants and counsel.

Respectfully submitted,

**EMILY SMART WOERNER (0089349)**
**CITY SOLICITOR**

*/s/ Rebecca P. Salley*
Rebecca P. Salley (0097269)
Johnnie Fitzpatrick (0100476)
Mark Manning (0088331)
Assistant City Solicitors
801 Plum Street, Suite 214
Cincinnati, OH 45202
Phone: (513) 352-4576
Fax: (513) 352-1515
rebecca.salley@cincinnati-oh.gov
johnnie.fitzpatrick@cincinnati-oh.gov
mark.manning@cincinnati-oh.gov

*Counsel for Defendants City of Cincinnati, and Terry James*

**CERTIFICATE OF SERVICE**

       I hereby certify that on October 14, 2025, a true and accurate copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed to those parties who are not served via the Court's electronic filing system. Parties may access this filing through the Court's system.

John Klosterman
5615 Sidney Road
Cincinnati, OH 45238
513-250-2610
johncklosterman@gmail.com
*Plaintiff, Pro Se*

                                                  */s/ Rebecca P. Salley*
                                                  Rebecca P. Salley (0097269)