UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JOHN KLOSTERMAN, | : | Case No. 1:25cv312 |
| | : | |
| Plaintiff, | : | Judge Susan J. Dlott |
| | : | Magistrate Judge Karen Litkovitz |
| v. | : | |
| | : | **DEFENDANTS CITY OF** |
| KONZA, LLC, et al., | : | **CINCINNATI AND TERRY JAMES'** |
| | : | **RESPONSE IN OPPOSITION TO** |
| Defendants. | : | **PLAINTIFF'S MOTION TO ADD** |
| | | **EXTORTION CLAIM** |

Defendants City of Cincinnati and Terry James (hereinafter collectively "City Defendants") request the Court deny Plaintiff John Klosterman's Request for Leave of Court to add an extortion claim against the City Defendants and his Memorandum in Support of Motion for Leave to Add Extortion Claims Against City Defendants. (Doc. 61 and Doc. 62). Denial is appropriate because Plaintiff failed to attach the proposed amended complaint, the motion is brought in bad faith, and the amendment of the pleading would be futile and result in dismissal.

The basis for Plaintiff's motion is to bolster his civil RICO claims. Plaintiff accuses the City's Department of Buildings & Inspections ("the Building Department") of "retaliatory" and "extortionate" invoicing of Vacant Building Maintenance Licensing ("VBML") fees and penalties at his property, 621 Delhi (also, "the Property").[1] (Doc. 62, PageID#1423). Based on these facts, Plaintiff seeks to "add federal extortion claims" as "additional RICO predicate acts." (Doc. 61, PageID#1416-

---

[1] 621 Delhi Avenue is a residential property Plaintiff admittedly owns and operates through business entity John Jennegans, LLC.

1

1417). However, Plaintiff omits from his brief the reason for escalating enforcement action at the Property in recent months: the building's collapse. On July 2, 2025, following years of Plaintiff's noncompliance with orders and specific warnings from the Building Department regarding its structural instability, 621 Delhi partially collapsed. The collapse triggered the Building Department's response to the scene, immediate action to facilitate relocation of Plaintiff's tenants illegally occupying the vacated building, and emergency assessment of the building. New orders, updated invoices, and additional fines were issued to Plaintiff in the aftermath of the collapse.

Plaintiff's motion should be denied because, as best the City Defendants can discern in the absence of the proposed pleading, amendment would be futile and Plaintiff's motion is made in bad faith. Plaintiff's Request for Leave (Doc. 61) should be denied.

I. Introduction

*a. Procedural Background*

Plaintiff filed his original 104-page Complaint on May 17, 2025 alleging a wide-ranging RICO conspiracy. (Doc. 1). Plaintiff filed a motion on June 6, 2025 to add as Defendants three former and current City employees, including: former employee Inspector Terry James in his individual capacity, former assistant city solicitor Jackolyn Martin (sic), and current employee Susan Zurface. (Doc. 17). Before the City could file a response to the Motion, the Court stayed existing deadlines and ordered Plaintiff to file an Amended Complaint of no more than 20-pages in length, "setting forth in clear, short and concise terms the names of each defendant, the specific

2

claims for relief attributable to each defendant, and the factual allegations supporting each claim. The factual claims must also arise out of the same transaction or occurrence." (Doc. 32, Jun. 26, 2025 Order).

The following day, Plaintiff filed an Amended Complaint (Doc. 33) against ten defendants, including the City of Cincinnati and Inspector Terry James. Relevant to this motion, Plaintiff brought civil RICO conspiracy claims against the City and Inspector James. (Doc. 33, PageID#367-370). In his Amended Complaint, the crux of Plaintiff's substantive allegations against the City Defendants is that, in 2020, Inspector James issued a "fraudulent" vacate notice for 621 Delhi Avenue, as part of a larger conspiracy to use the courts to deprive Plaintiff of his properties. (Doc. 33, PageID#367-368).

The City Defendants filed a 12(b)(6) Motion to Dismiss Plaintiff's claims on August 1, 2025, addressing the deficiencies in Plaintiff's pleadings on various jurisdictional, procedural, and substantive grounds, including the factual insufficiency of Plaintiff's claims of fraud in the City's enforcement activity at 621 Delhi. (*See* Doc. 54, PageID#536-538).

Plaintiff failed to timely respond to Defendants' Motion to Dismiss, either by filing a memorandum in response or by amending his pleadings. Plaintiff sought leave weeks after the deadline to respond, (Doc. 57), which the Court granted (Doc. 58). In his Response, Plaintiff inappropriately raised a substantial number of new allegations against several unnamed parties. These include allegations of extortion against "the current Building Department administration." (Doc. 59, PageID#1358).

3

The allegations stem from the Building Department's issuance of an invoice dated August 6, 2025, for $15,015.00 in unpaid fines and late fees owed at 621 Delhi due to noncompliance with the Vacant Building Maintenance License requirements of the Cincinnati Building Code. (Doc. 59, PageID#1358-1359).

The City Defendants requested via Reply (Doc. 68) that the Court strike or disregard the prohibited unpleaded allegations in its consideration of the Motion to Dismiss. Plaintiff, simultaneous to his Response, requested leave to amend his complaint to add extortion claims on the same alleged facts, (Doc. 61 and 62), arguing that the VBML invoice shows "ongoing retaliatory efforts against Plaintiff's federal civil rights action" and "strengthen[s] the pattern of racketeering activity already alleged." (Doc. 62, PageID#1424). Plaintiff made the motion without seeking leave from the City Defendants or providing notice of his intent to amend the pleadings.

### b. Activity at 621 Delhi[2]

621 Delhi has been subject to vacate orders since January 2020, via orders issued in Building Department code enforcement case B201908304 and subsequent cases. (*See* Ex. A, B201908304 Notice of Violation; Doc. 54-10, Ex. J, PageID#741). In December 2020, citing conditions making the building dangerous and unsafe, the Building Department issued orders in case B202006417 condemning the Property

---

[2] In assessing a motion to dismiss, the "court may take judicial notice of public records, and [is] not required to accept as true factual allegations that are contradicted by those records." *Clark v. Stone*, 998 F.3d 287, 298 (6th Cir. 2021) quoting *Bailey v. City of Ann Arbor*, 860 F.3d 382, 387 (6th Cir. 2017). This includes records "central to the claims" alleged in the complaint, even if the record is not appended to the pleading. *See Pinkerton v. Gov't Emples. Ins. Co.*, No. 5:18-cv-1371, 2019 WL 1026227, 2019 U.S. Dist. LEXIS 33943, at *6 (N.D. Ohio Mar. 4, 2019). Plaintiff references building department cases and billing records at the Property, including case B202006417, as central to his claim of extortion. (Doc. 62, PageID#1421).

4

and ordering it to be brought into compliance with the thirteen-point VBML standards. (Ex. B, B202006417 Notice of Violation and Invoice, at 2, 4). The orders further instructed Plaintiff to apply for a VBML and pay the fee, amongst other directives. (*Id.*)

The Building Department also issued an invoice on December 30, 2020, advising Plaintiff Klosterman that the renewal fee would be due "each year on the anniversary of the date the building was originally vacated" and that Plaintiff was "required to apply for a VBML by the due date annually for as long as the building is ordered to be vacated to avoid a late fee equal to the license fee or $1,000, whichever is less." (*Id.* at 6). The 2020 Invoice also advised that suspension of VBML fees requires application to the Director of Buildings & Inspections and that unpaid VBML fees and late fees are a debt subject to collection. (*Id.*). Building Department Property Activity Records contain inspectors' repeated observations of structural instability in the rear corner of the building between 2020 and 2025, and inspector attempts at securing compliance with VBML orders by communicating with Plaintiff and his representatives or agents. (Ex. C, B202006417 Property Activity Record Details, at 4-6, 8-9).

Building Department case records reflect that the Property "suffered a structural collapse along the first floor on July 2nd 2025." (Ex. D, B202503932 Case Records at 2, 12-13; Ex. B, at 12, 13-16[3]). The City identified tenants in the condemned units who required emergency relocation because Plaintiff allowed them

---

[3] Photographs contained in Exhibit B are public records kept as part of the case file for B202006417 depicting the collapsed portion of the Property in July 2020.

to live in the vacated, unsafe structure. (Ex. D, B202503932 Case Records, at 1-6). The Building Department issued orders on July 15, 2025 to discontinue unsafe construction at the Property and to secure proper architectural and engineering supervision and permits. (*See* Ex. E, B202503931 Case Records).

On August 6, 2025, the Building Department issued the Invoice attached to Plaintiff's Motion as Exhibit A (Doc. 62, PageID#1426), for unpaid fines and fees stemming from continued noncompliance with the City's VBML requirements. The Building Department continued, through October 2025, to assess conditions at the Property for VBML compliance. (*See* Ex. C, at 1-2).

## II. Argument

Fed. Civ. R. 15 permits amendment of a pleading only once before requiring written consent of the opposing party or leave of court to amend. Fed. Civ. R. 15(a)(2). Though the standard to amend is forgiving, it is not limitless:

> "In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment."

*Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005). It is within the sound discretion of the trial court to refuse amendments to the pleadings on such grounds. *Hagan v. Great Lakes Coca-Cola Distribution, LLC*, No. 1:25-cv-10242, 2025 U.S. Dist. LEXIS 203396, 2025 WL 2926151 at *5 (E.D. Mich. Oct. 15, 2025).

### *a. Plaintiff failed to notify City Defendants of the proposed amendment or attach a copy of the proposed amended pleading to his motion.*

As this Court has previously recognized, to justly and efficiently address claims on their merits, it is appropriate to require plaintiffs to attach a copy of a proposed amendment when they seek to amend their pleading. *Prows v. City of Oxford*, Case No. 22-cv-693, 2023 U.S. Dist. LEXIS 34798, at *3 (S.D. Ohio Feb. 28, 2023). "Normally, a party seeking an amendment should attach a copy of the amended complaint." *Kuyat v. BioMimetic Therapeutics, Inc.*, 747 F.3d 435, 444 (6th Cir. 2014). The Court should be permitted to review the Amended Complaint in its entirety to assess the propriety of the amendment, and the Prospective City Defendants should be permitted to review the actual pleading to develop responses and defenses. Additionally, Southern District of Ohio Local Rule 7.3 requires Plaintiff to confer with the City Defendants prior to the filing of a motion to amend pleadings, but no such consultation occurred. S.D. Ohio Civ. R. 7.3(b). Plaintiff's failure to present the proposed amended pleading is grounds for denial of the motion.

### *b. Plaintiff's Proposed Amendment is Made in Bad Faith.*

Plaintiff omits from his motion that the Building Department's recent enforcement actions at the Property were the result of the building's partial collapse on July 2, 2025. Instead, Plaintiff continues to insist the condemnation orders issued by Inspector James in 2020 are "fraudulent," and that recent enforcement action against the Property stems solely from those orders. (Doc. 62, PageID#1423). Plaintiff further makes misrepresentations to the Court regarding prior notice of fines and

7

fees associated with VBML code enforcement at 621 Delhi. Plaintiff's request to add extortion claims is made in bad faith and should be denied.

Justice is not served if Plaintiff is permitted to amend his complaint by presenting the Court with half-truths and omitting material facts which directly undercut his allegations. *See Crosby Capital USA LLC v. Amguard Ins. Co.*, No. 24-848-cv, 2025 U.S. App. LEXIS 2549, at *6 (2d Cir. Feb. 5, 2025) (affirming trial court denial of motion to amend because plaintiff acted in bad faith by misrepresenting facts underlying the basis for amendment). Plaintiff continues to represent to the Court that the condemnation of the Property was "fraudulent" and the building was structurally sound, omitting the fact of its physical collapse due to instability.

Plaintiff represents to the Court that the August 6 Invoice is a "newly discovered" basis for his extortion claim because he never received an invoice for the outstanding fees until after the filing of the lawsuit. (Doc. 62, PageID#1424). However, the City issued Plaintiff multiple notices of impending penalties and fines in addition to invoicing him, as early as December 2020, for VBML fees associated with the open case at 621 Delhi, B202006417. (*See* Ex. B, at 2, 4, 6). The City's notices and invoices described the process by which Plaintiff would be responsible for annual renewal of the building's VBML, the amount of the fee, and the conditions for avoidance of late fees in keeping with Cincinnati Muni. Code 1101-77. (*Id.*). The fee schedule for VBML fees is codified as C.M.C. Sec. 1101-129.1 and available online to the public, as are Building Department case records including notices of violation and inspector records. Public Building Department records in case B202006417 and

Plaintiff's own admissions demonstrate that Plaintiff had actual knowledge of the case. (Ex. C, at 4; Doc. 62, PageID#1422).

Finally, for the reasons discussed *infra*, Section II.c., Plaintiff filed the motion to add extortion as a RICO predicate act despite having no legal basis for the claim. Plaintiff is aware that no City Defendant or City official has obtained a payment to which he was not entitled as a result of the invoiced—but as yet unpaid—VBML fees, and thus cannot prove that any City Defendant committed extortion. *See Myers v. Wren*, 2024 U.S. App. LEXIS 8550, *6, 2024 WL 1506452 (6th Cir.) (affirming trial court's denial of motion to amend on basis that plaintiff acted in bad faith by threatening escalating damages and adding new defendants and claims without legal basis). Plaintiff's egregious misrepresentations are made in bad faith and should not provide cause for amending his pleadings for a third time.

### c. *Plaintiff's Proposed Amendment is Futile.*

Plaintiff's request to amend is futile because his RICO claim is doomed on other grounds, and because the allegations of extortion are insufficient on their own merits. "[A] proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). Plaintiff's civil RICO claim against the City Defendants is not sufficiently pleaded for the reasons laid out in the City Defendants' Motion to Dismiss and Reply. (Doc. 54, PageID#533-538; Doc. 68, PageID#1462-1463). Because the Court lacks jurisdiction to hear Plaintiff's RICO claim, which is barred by the *Rooker-*

*Feldman* doctrine and collateral estoppel, amendment of the Complaint to add extortion as a predicate act is futile. (Doc. 54, PageID#529-533).

Plaintiff further fails to plead the elements of the extortion claim. Extortion under color of official right, as defined in the Hobbs Act, 18 U.S.C. § 1951(b)(2), requires proving "a public official has obtained a payment to which he was not entitled, knowing that the payment was made in return for official acts." *Ocasio v. United States*, 578 U.S. 282, 285 (2016) quoting *Evans v. United States*, 504 U.S. 255, 260 (1992)).

Here, Plaintiff has not alleged a specific official acted with requisite criminal intent. Plaintiff obliquely suggests that "current Building Department administrators," acting with the knowledge that Inspector James issued "fraudulent condemnation orders," are at fault, but does not identify an official who has engaged in criminal conduct. (Doc. 62, PageID#1421-1422). The City, as a governmental entity, cannot violate the statute. *See Hammoud v. Cnty. of Wayne*, Case No. 15-cv-14461, 2016 U.S. Dist. LEXIS 117831, *16 (E.D. Mich. Sep. 1, 2016); *Mathis v. Ohio Dep't of Job & Family Servs.*, No. 2:11-cv-395, 2011 U.S. Dist. LEXIS 123436, *4-5, 2011 WL 5075824 (S.D. Ohio Oct. 25, 2011). Plaintiff includes no facts or information to suggest that Inspector Terry James or any municipal official committed the crime of extortion. Any amendment to that effect would be futile. Plaintiff roots his allegation of extortion in the invoice for VBML fees issued after the filing of the present lawsuit. (Doc. 62, PageID#1423). Plaintiff acknowledges that Inspector James was retired from the Building Department at the time of the filing of the

10

lawsuit, (Doc. 62, PageID#1422), and had no role in the Building Department's activities in 2025. Plaintiff elucidates no basis to amend the complaint to allege the City or Inspector James committed extortion.

Second, Plaintiff has not paid any official; the invoiced penalties are still due and owing and no official has "obtained" a payment as required by 18 U.S.C. § 1951(b)(2). Any payments made to satisfy the outstanding fees would be remitted to the Building Department, not to an individual official. (*See* Doc. 62, PageID#1426). *See Sekhar v. United States*, 570 U.S. 729, 734 (2013) (extortion under the Hobbs Act requires that the victim 'part with' his property, R. Perkins & R. Boyce, Criminal Law 451 (3d ed. 1982), and that the extortionist 'gain possession' of it[.]"). Third, Plaintiff cannot prove the existence of a payment to which an official was not entitled. Plaintiff makes no more than conclusory allegations that the fees are "extortionate" and does not present any argument that the fees are not authorized by law. As discussed *supra*, Section II.b., Plaintiff received notice of the fines and fees, which are also publicly codified in the Cincinnati Building Code.

The amendment proposed in Plaintiff's motion is futile, and the motion should be denied.

### III. Conclusion

For the foregoing reasons, Plaintiff's request for leave to add extortion claims against the City Defendants (Docs. 61 and 62) should be denied. Justice is not served by permitting Plaintiff to add bad faith, futile, and untimely extortion claims against the City of Cincinnati and Terry James. If the Court permits Plaintiff to re-file the

11

request to amend with the proposed amended pleading attached, the City requests the Court bar Plaintiff from adding claims the Court deems futile.

Respectfully submitted,

**EMILY SMART WOERNER (0089349)**
**CITY SOLICITOR**

*/s/ Rebecca P. Salley*
Rebecca P. Salley (0097269)
Johnnie Fitzpatrick (0100476)
Mark Manning (0088331)
Assistant City Solicitors
801 Plum Street, Suite 214
Cincinnati, OH 45202
Phone: (513) 352-4576
Fax: (513) 352-1515
rebecca.salley@cincinnati-oh.gov
johnnie.fitzpatrick@cincinnati-oh.gov
mark.manning@cincinnati-oh.gov

*Counsel for Defendants City of Cincinnati, and Terry James*

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2025, a true and accurate copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed to those parties who are not served via the Court's electronic filing system. Parties may access this filing through the Court's system.

John Klosterman
5615 Sidney Road
Cincinnati, OH 45238
513-250-2610
johncklosterman@gmail.com
*Plaintiff, Pro Se*

*/s/ Rebecca P. Salley*
Rebecca P. Salley (0097269)