UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
AT CINCINNATI

| | | |
|---|---|---|
| **JOHN KLOSTERMAN** | : | Case No. 1:25-cv-00312-SJD-KLL |
| | : | |
| Plaintiff, | : | Judge Susan J. Dlott |
| | : | |
| v. | : | Magistrate Karen L. Litkovitz |
| | : | |
| **KONZA, LLC, et al.** | : | **JENNIFER DONATHAN'S MOTION** |
| | : | **TO DISMISS** |
| Defendants | : | |

Defendant Jennifer Donathan moves to dismiss all claims against her for failure to state a claim upon which relief can be granted. The amended complaint (doc. 33) contains no factual allegations of any wrongdoing by Donathan. In the alternative, the Court lacks jurisdiction to hear this case because it essentially seeks review of a state-court decision, in violation of the *Rooker-Feldman* doctrine, or it should abstain from hearing this case under the *Colorado River* doctrine.

This motion is substantially similar (though not identical) to the motion to dismiss filed earlier by defendant FRI Mason, LLC (dba Keller Williams Realty) (doc. 53). Donathan is a Keller Williams agent, and the arguments applicable to Keller Williams apply equally to Donathan.

**I.  Background and facts**

This case started when the pro se plaintiff filed a 104-page complaint with 53 pages of exhibits. *See* doc. 1, 1-1.

The Court, on its own motion, ordered the plaintiff to re-plead and set out "in clear, short and concise terms . . . the specific claims for relief attributable to each defendant, and the factual allegations supporting each such claim." *See* doc. 32 at 4 (PAGEID # 360).

The plaintiff then filed a "Second Amended Complaint" (doc. 33) that is actually the first amended complaint (and in any event is the operative complaint, *see* doc. 35 (directing the defendants to respond)).

The operative amended complaint (doc. 33) generally alleges a scheme to deprive the plaintiff of his real property through a receivership in the Hamilton County (Ohio) Common Pleas Court. *See* doc. 33 at ¶5 (PAGEID # 364). The pleading goes on at some length about this alleged scheme, including allegations of theft of personal property, fraudulent appraisals, and so on. It is 17 pages long.

As best as Donathan can tell, her name appears only four times in the amended complaint. The first is at ¶4 (doc. 33, PAGEID # 363-364), which is merely a general list of the defendants.

The second is at ¶32 (doc. 33, PAGEID # 368):

32. The Enterprise operated through coordinated roles:

- Legal Cover: Konza/Boydston provided court-appointed authority
- Operations: TSO/Lentine managed properties and diverted income from paying bills
- Regulatory: James/City issued fraudulent condemnations
- Sales: Donathan artificially reduced values and facilitated engineered sale

The third appearance is in the title of Count VII (doc. 33, PAGEID # 370). That count consists of exactly one paragraph, to wit:

**COUNT VII: BREACH OF FIDUCIARY DUTY**

Against Boydston, Konza LLC, Jennifer Donathan, Keller Williams

43. As court-appointed receiver, Defendants owed Plaintiff fiduciary duties which they breached through the admitted "engineered sale", and Board of Revision testimony.

The fourth and final time that Donathan's name appears is in ¶58. That paragraph is not part of any count or claim, but instead is in a four-page section of the complaint that appears after all the counts or claims, and which is titled "VI. THE RECEIVERSHIP ENTERPRISE: A RICO ANALYSIS." *See* doc. 33 at PAGEID # 372-376). Paragraph 58 reads as follows:

58. **RICO Application: Classic Enterprise Activity.** This case exemplifies why Congress enacted RICO: sophisticated criminals using legitimate institutions (courts, law firms, city agencies) to commit organized fraud. The Enterprise operated through distinct roles—legal cover (Boydston/Konza), operations (Lentine/TSO), regulatory manipulation (James/City), and disposition (Donathan/Keller Williams)—exactly the type of coordinated criminal activity RICO was designed to address.

## II. This motion is timely because Donathan has not been served—but even if it were untimely, leave to file should be given.

The Court's order (doc. 32) establishes that the original complaint failed to validly raise any claims against any defendant. While the plaintiff filed an amended pleading that satisfied Rule 8's requirement and the Court's order (*see* doc. 33, doc. 35), Civil Rule 5(a)(2) requires that any amended pleading that asserts a new claim for relief must be served (together with a summons) on any party against which a new claim is raised. Neither the amended complaint itself nor the docket reflect service of the amended complaint or a summons on Donathan, and therefore her time to move or answer has not expired.

For sake of argument, even if the time to respond to the amended complaint *had* expired, leave to respond should be given. The plaintiff has not applied to the clerk for entry of default and the clerk has not entered a default, *see* Rule 55(a) (let alone a default *judgment* under Rule 55(b)). Even if the clerk had entered a default, the Court should grant leave to respond. In *Shepard Claims Serv. Inc. v. William Darrah & Assoc*, the Sixth

4

Circuit explained that a defendant's burden to obtain leave to respond was less onerous when the clerk had merely entered a default, than when a default *judgment* had been entered. *See* 796 F.2d 190, 193-194 (CA6 1986) (explaining that the factors include whether the plaintiff will be prejudiced, whether the defendant has a meritorious defense, and the preference for resolving matters on the merits). It therefore stands to reason that the burden is lower—if leave is even required at all—if the clerk has not yet even entered a default.

Here, the plaintiff will not be prejudiced. This case is in its infancy. Other defendants have raised similar motions to dismiss, and in fact Keller Williams's motion (doc. 53) is nearly identical to this motion. The plaintiff has also had his share of lenience from the Court when it comes to rules and deadlines: in addition to the Court's sua sponte order permitting amendment of the original complaint (doc. 32), the Court also granted (doc. 58) the plaintiff's motion for additional time to respond to other motions to dismiss (doc. 57) even though that motion was filed several weeks after the plaintiff's memoranda in opposition to those motions were due. *See* doc. 53, doc. 54, doc. 55 (motions to dismiss filed Aug. 1, 2025); S.D. Ohio Civ. R. 7.2(a)(2) (allowing 21 days for memoranda in opposition; oppositions therefore due on Aug. 22); doc. 57 (motion for extension of time, filed on Sept. 15); doc. 58 (granting extension until Oct. 1).

In addition, for the reasons set forth below, Donathan has meritorious defenses to present—namely, that the complaint fails to state a claim against her on which relief

5

can be granted, and also that the court lacks jurisdiction under the *Rooker-Feldman* and *Colorado River* doctrines.

And allowing this motion at this time—again, if leave is even required, which Donathan contends it is not—would permit the resolution of this matter on the merits.

### III. The amended complaint fails to state a claim against Donathan

The amended complaint fails to state a claim upon which relief can be granted against Donathan, because it includes no *factual allegations* of any kind relating to her.

#### A. Standard of review

To survive a motion to dismiss a complaint must allege enough facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is "plausible" if there are enough facts in the pleading for the Court to draw a reasonable inference that the defendant is liable for its alleged conduct. *Id.* at 668.

Facts are required. Legal conclusions—including legal conclusions couched as factual allegations—do not suffice. *See, e.g., Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (CA6 2009). General statements of wrongdoing, mere labels, or "formulaic recitation[s] of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Fraud claims must be pleaded with particularity, not merely with plausibility. *See* Fed. R. Civ. P. 9(b). That means the plaintiff must specify the "who, what, when,

where, and how of the alleged fraud." *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 973, 877 (CA6, 2006) (internal markup omitted).

### B. A single sentence fragment is insufficient to state a claim against Donathan.

Paragraph 32 of the complaint says in part that "Donathan artificially reduced values and facilitated engineered sale" [sic]. That is it; that is the sum total of the factual allegations about what Donathan is alleged to have done in connection with an alleged RICO enterprise.

That is not even a full sentence. It is a sentence fragment, apparently taken from what had been ¶67 in the original, complaint (doc. 1), which is one of the paragraphs that the Court highlighted in its sua sponte order (doc. 32) as one as to which the Court was "simply unable to discern or identify the factual allegations (as opposed to legal conclusions) attributable to each defendant in order to understand the substance of plaintiff's complaint." Doc. 32 at PAGEID # 359. As the Court noted in that order, Donathan should not be required to "fish a gold coin from a bucket of mud" in order to understand how that sentence fragment creates some kind of legal claim against her. *Id.* at PAGEID # 360.

The plaintiff has failed to state a plausible claim for relief against Donathan in that respect. (See Part D below for more discussion of ¶32.)

### C. The amended complaint fails to allege the existence of a fiduciary duty between Donathan and the plaintiff, and the statute of limitations has expired.

Count VII, which mentions Donathan only in the title, alleges a breach of fiduciary duty.

A fiduciary duty exists only where there is a "special confidence and trust" placed in someone such that "there is a resulting position of superiority or influence, acquired by virtue of this special trust." *Groob v. KeyBank*, 108 Ohio St.3d 348, 2006-Ohio-1189, ¶16. *See also Dunina v. Lifecare Hosps of Dayton*, Ohio App. 2d Dist., 2006-Ohio-2824, ¶31 ("*both parties* must understand under the circumstances that a special trust and confidence has been reposed in one by the other") (emphasis added).

The amended complaint does not include any factual allegations that suggest (or from which the Court could plausibly infer) the existence of any "special confidence and trust" placed in Donathan by the plaintiff, nor does it include any factual allegations that Donathan accepted or agreed to fulfill any such position of confidence or trust for the plaintiff. Without facts establishing the existence of a fiduciary relationship, there can be no breach of any fiduciary duty. *See, e.g., Werthmann v. DONet, Inc.*, Ohio App. 2d Dist., 2005-Ohio-3185, ¶42 (first element of breach of fiduciary duty claim is "the existence of a duty arising from a fiduciary relationship").

In addition, the statute of limitations for a breach of fiduciary duty claim is four years, and the discovery rule doesn't apply. *See* R.C. 2305.09(D); *Investors REIT One v. Jacobs* (1989), 46 Ohio St.3d 176, 182 (discovery rule in R.C. 2305.09 applies only to fraud and certain trespasses). The claim accrues when the conduct occurs, not when the plaintiff discovers it, and not when the plaintiff suffers a loss. *See Helman v. EPL Prolong, Inc.*, Ohio App. 7th Dist. 2000, 139 Ohio App. 3d 231, 249 (applying *Investors REIT One* and rejecting delayed-damages theory).

The amended complaint alleges that the plaintiff's properties were taken in either February or March of 2020. *See* doc. 33 at ¶5, PAGEID # 364 ("In February 2020, Hamilton County Court appointed Defendant Boydston through Konza , LLC as receiver over Plaintiff's 59 properties in Sedamsville, Ohio."); *id.* at ¶51, PAGEID # 373 (referring to the "TSO takeover [of the plaintiff's real estate] in March 2020"). The amended complaint also alleges that the scheme "was planned" (even if not completed) "beginning in 2018." *Id.* at ¶53. While the plaintiff alleges that the scheme "continued for 34 months," *id.* at ¶60, PAGEID # 375, and thus possibly continued into early 2023, that appears to indicate the date on which the properties were sold by the court-appointed receiver—i.e., the date on which the amount of the alleged loss was fixed, rather than the date on which the properties were taken.

This case was filed in May of 2025. *See* doc. 1. That is more than five years after the early 2020 dates identified as the date the plaintiff's properties were taken. Any

9

claim for breach of fiduciary duty would have accrued at that time, not 34 months later when the amount of the loss was ascertained, and any such claim is untimely by more than a year.

> **D. Part VI does not state any claim against Donathan—or, if it is construed as alleging a fraud claim, it is not pleaded with particularity, and the statute of limitations has expired.**

Part VI of the amended complaint is titled "THE RECEIVERSHIP ENTERPRISE: A RICO ANALYSIS." Donathan is mentioned only once, in ¶58, which says in relevant part that "This case exemplifies why Congress enacted RICO: sophisticated criminals using legitimate institutions (courts, law firms, city agencies) to commit organized fraud. The Enterprise operated through distinct roles," including "disposition (Donathan/Keller Williams)."

Interpreting the amended complaint as generously as possible to the plaintiff, it appears that Part VI is essentially a rehashing of Parts II and III (which are titled "CORE FACTS" and "THE CRIMINAL ENTERPRISE," respectively). *See* doc. 33 at ¶¶5-35, PAGEID # 364-369. These three parts together appear to be the factual support for counts I and II, which are fraud-based RICO claims under 18 USC §1962(c) and (d). *See id.* at ¶¶36-38, PAGEID # 369.

Because the plaintiff's RICO claims are (as ¶58 says) based on alleged fraud, each element of those claims must be pleaded with particularity, *see* Fed. R. Civ. P. 9(b), and

must be so pleaded with respect to each defendant. Construing the amended complaint in the light most favorable to the plaintiff, ¶58 *might* allege that the "who" of the fraud includes Donathan. But it does not allege the "what, when, where, [or] how of the alleged fraud" as to Donathan. *Sanderson*, 447 F.3d at 877. The Supreme Court has explained that "formulaic recitation[s] of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The amended complaint does not offer even that. Instead, it has lumped Donathan in with other defendants in an effort to obscure the lack of factual support for any claim against Donathan.

That does not comply with the Court's order (doc. 32 at 4, PAGEID # 360) to set out "in clear, short and concise terms . . . the specific claims for relief attributable to each defendant, and the factual allegations supporting each such claim." That does not satisfy the pleading requirements of the Civil Rules, and the claim must be dismissed. *See, e.g., Smith v. Liberty Mtge Co., Inc.*, 2020 U.S. Dist. LEXIS 84714, at *25 (S.D. Ohio no. 2:19-cv-3547, May 13, 2020) ("Plaintiffs have failed to state which Defendant is responsible for what alleged act, how each defendant was guilty of the named offense, or the time, place, and content of the alleged misrepresentations. In short, Plaintiffs' allegations have lumped all Defendants together for the purpose of alleging liability which is directly opposed to what is required to successfully plead a RICO claim.").

In addition, the statute of limitations for fraud is four years, *see* R.C. 2305.09(D), which begins to run when the plaintiff knows or should have known of the fraud. Here,

the plaintiff alleges that he was on notice of the scheme to defraud in early 2020, more than *five* years before this case was filed. Any fraud claim is untimely and must be dismissed.

### IV. The Court lacks jurisdiction under *Rooker-Feldman*, or should abstain under *Colorado River*.

Federal courts have limited jurisdiction, and that jurisdiction does not extend to review of state-court decisions. One particular application of this rule is the *Rooker-Feldman* doctrine, which "bars federal review of 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Fields v. Cottrill*, 2025 U.S. Dist. LEXIS 86241, at *6 (S.D. Ohio no. 2:24-cv-3857, May 6, 2025), quoting *Lance v. Dennis*, 546 U.S. 459, 464 (2006).

"[A] court determining whether the *Rooker-Feldman* doctrine applies need only ask if the source of the injury upon which plaintiff bases his federal claim is the state court judgment." *Id.* at *7 (internal quotes omitted). "[T]he Sixth Circuit [has] emphasized that cases in which 'a plaintiff asserts before a federal district court that a state court judgment itself was unconstitutional or in violation of federal law' are 'exemplified by *Rooker* and *Feldman* themselves,' because '[i]n such a situation, the plaintiff seeks appellate review of the state court judgment, and the federal district

12

court has no subject matter jurisdiction over such an action.'" *Id.*, quoting *McCormick v. Braverman*, 451 F.3d 382, 396 (CA6, 2006).

Whatever else one might say about the amended complaint, one thing is clear: the plaintiff claims that the source of his injury is the state court judgment. He repeatedly and specifically references the receivership action initiated in the Hamilton County Common Pleas Court, *see, e.g.,* doc. 33 at ¶5, 31, 32, 43, 48, 55 (referring to the "court-appointed" receiver) and at ¶58 ("sophisticated criminals using . . . *courts* . . . to commit organized fraud"). The gravamen of the amended complaint it that the state court wronged the plaintiff. His remedy for such a claim is an appeal in state court, not a federal lawsuit.

Alternatively, it is somewhat less than clear from the amended complaint whether the state court proceeding is still pending. If it is, then the Court should abstain from proceeding under the *Colorado River* doctrine. When the same or similar issues are pending before two *state* courts, the second court lacks jurisdiction and cannot proceed under the "jurisdictional priority rule." *See Zhao v. Zeng*, Ohio App. 1st Dist. 2003-Ohio-3060, ¶13. When the same or similar issues are pending before two *federal* courts of equal rank, "the court which first had possession of the subject must decide it" under the "first-to-file" rule. *Pritchard v. Dent Wizard Int'l Corp.*, 275 F. Supp. 2d 903, 910 (S.D. Ohio 2003).

The *Colorado River* abstention doctrine bridges the gap between the state-court-only jurisdictional priority rule, and the federal-court-only first-to-file rule; it "is akin to a first-to-file rule for actions that are first filed in state court and then filed in federal court." *Id.*, citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817-18 (1976).

*Colorado River* abstention is applicable whenever there is a state proceeding that is similar or parallel to the federal proceeding—the proceedings need not be identical, and in fact do not even need to between the same parties. *See Bates v. Van Buren Twp.*, 122 Fed. Appx. 803, 806 (CA6 2004). The touchstone inquiry is which proceedings (i.e., the state-court proceedings or the federal-court proceedings) are more advanced. *Id.* at 807 ("Our focus in these cases, once we have found that a parallel state proceeding exists, has been on the relative progress of the state and federal proceedings.").

Certainly—to the extent that the state-court proceedings are still active—they are more advanced that this case, inasmuch as they have been pending since early 2020, *see* doc. 33 at ¶5, PAGEID # 364, whereas this case has been pending only since May of 2025. For the sake of comity and conservation of resources, if the Court does not dismiss this case for one of the reasons set forth above, it should abstain from hearing the case at least until the state-court proceedings have concluded.

14

### V. Conclusion

The amended complaint fails to state a breach of fiduciary duty or fraud claim against Donathan, and even if it did, the statute of limitations for either claim has expired. Alternatively, the amended complaint should be dismissed because the Court lacks jurisdiction to review a state-court judgment, or because the Court should abstain from hearing the case while the state-court proceedings are ongoing.

                Respectfully submitted,

                */s/ Jeffrey M. Nye, Esq.* _____
                Paul T. Saba, Esq. (0063723)
                Jeffrey M. Nye, Esq. (0082247)
                Bailey E. Sharpe, Esq. (0103565)
                SSP Law Co., LPA
                2623 Erie Avenue
                Cincinnati, OH 45208
                513-533-6714
                513-533-2999 (fax)
                pts@sspfirm.com
                jmn@sspfirm.com
                bes@sspfirm.com
                **Attorneys for FRI Mason, LLC dba Keller Williams Advisors Realty and Jennifer Donathan**

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a copy of the foregoing was served upon all represented parties through the court's CM/ECF system and on the parties listed below by ordinary mail, on the date of filing.

John Klosterman
5615 Sidney Road
Cincinnati, Ohio 45238
*Pro Se Plaintiff*

                                              */s/ Jeffrey M. Nye, Esq.*
                                              Jeffrey M. Nye, Esq. (0082247)