# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

JOHN KLOSTERMAN, et al.,
   Plaintiff,

v.                                                Case No. 1:25-cv-00312-SJD-KLL
                                                  Judge Susan J. Dlott
KONZA, LLC, RICHARD BOYDSTON,                     Magistrate Karen L. Litkovitz
DENTONS BINGHAM
GREENEBAUM LLP, CITY OF
CINCINNATI, et al.,
   Defendants.

---

### PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANTS ANGEL STRUNK AND JOSEPH LENTINE, OR ALTERNATIVELY, TO FIND SERVICE COMPLETE BASED ON ACTUAL KNOWLEDGE

---

Plaintiff John Klosterman, proceeding pro se, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 4(m) for a ninety (90) day extension of time to complete service of process upon Defendants Angel Strunk and Joseph Lentine. Alternatively, Plaintiff requests this Court find that service requirements are satisfied based on Defendants' actual knowledge of this action through their counsel and their deliberate evasion of service.

## I. BACKGROUND

### A. Criminal Proceedings

1. Angel Strunk was convicted of federal PPP fraud in *United States v. Angel Strunk*, Case No. 1:22-cr-00070-MRB. On July 21, 2025, Plaintiff submitted a Victim Impact Statement (Exhibit A) detailing Ms. Strunk's role in orchestrating Plaintiff's wrongful imprisonment through fabricated evidence and perjury—conduct extending far beyond her PPP fraud conviction to include her participation in the broader RICO enterprise alleged in this civil action.

2. Judge Barrett delayed Ms. Strunk's July 22, 2025 sentencing after reviewing Plaintiff's statement. Sentencing is rescheduled for January 27, 2026. The government has requested no jail time, apparently unaware of the extensive criminal conduct detailed in Plaintiff's statement.

3. Joseph Lentine faces federal criminal charges and has requested delay of his report date due to purported health issues.

B. Attempted Service and Deliberate Refusal

4. Prior to Ms. Strunk's July 22, 2025 sentencing hearing, Plaintiff spoke with her counsel, Mr. Rubenstein, who explicitly stated he no longer represented Ms. Strunk.

5. Plaintiff attended the sentencing hearing carrying the summons and complaint to serve Ms. Strunk. Surprisingly, Mr. Rubenstein was present and actively represented Ms. Strunk, contradicting his earlier statement.

6. After the hearing, Plaintiff attempted service:
   - Ms. Strunk refused to accept service in the courthouse hallway
   - Mr. Rubenstein separately refused service, again stating: "No, I no longer represent Ms. Strunk"
   - Despite these claims, no motion to withdraw has been filed in the criminal case

7. This coordinated refusal demonstrates deliberate evasion: counsel claims non-representation to avoid service while simultaneously representing the defendant at her sentencing and maintaining his position as counsel of record.

8. Both defendants have moved from their last known addresses. Their current whereabouts are unknown to Plaintiff, although their counsel and probation officers know their addresses.

9. Defendant Lentine refused service at his home and has since moved. His counsel, Mr. James Nieberding, was also sent the suit. Mr. Nieberding represents Lentine in both his action against Konza (Hamilton County Case A1905588) and his criminal case.

## II. LEGAL STANDARD

### A. Extension for Good Cause

Federal Rule of Civil Procedure 4(m) requires service within 90 days but mandates extension upon showing good cause. "Good cause" exists when the plaintiff has made reasonable efforts to serve the defendant and the failure is not due to the plaintiff's lack of diligence. *Geiger v. Allen*, 850 F.3d 330, 334 (6th Cir. 2017).

Deliberate evasion of service constitutes good cause for extension. *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996).

### B. Liberal Construction When Defendant Has Actual Notice

"[T]he technical requirements of service should be construed liberally as long as the defendant had actual notice of the pending suit." *Karlsson v. Rabinowitz*, 318 F.2d 666, 668-69

(4th Cir. 1963); *see also Elkins v. Boome*, 213 F.R.D. 273, 275 (M.D.N.C. 2003) (applying *Karlsson*).

## C. Evasion Does Not Benefit Defendant

Courts recognize that defendants should not benefit from their own evasive conduct. Multiple jurisdictions permit alternative service methods when defendants deliberately evade process. *See, e.g.*, Md. Rule 2-121(b) (permitting alternative service "when proof is made by affidavit that a defendant has acted to evade service"); *Plaintiff's Warehouse v. Hoffman*, 764 F.2d 628, 630 (9th Cir. 1985) (defendant who evades service cannot claim lack of notice).

"[T]he rules governing service of process are not designed to create an obstacle course for Plaintiffs to navigate, or a cat-and-mouse game for defendants who are otherwise subject to the court's jurisdiction." *Transamerica Corp. v. TransAmerica Multiservices Inc.*, No. 1:18-cv-22483 (S.D. Fla. Sept. 15, 2018) (order authorizing alternative service based on evasion).

## III. ARGUMENT

### A. Primary Relief: Good Cause Exists for 90-Day Extension

### 1. Plaintiff Exercised Extraordinary Diligence

Plaintiff, proceeding pro se, made exceptional efforts:

- Traveled to federal court with summons in hand to serve Ms. Strunk at her sentencing
- Attempted service on both defendant and counsel at the courthouse
- Attempted service at last known addresses

4

- **Pursued reasonable investigative measures**

The failure to complete service is demonstrably not due to lack of effort. Plaintiff attended the defendant's criminal proceeding specifically to effectuate service, only to have both defendant and counsel refuse the documents.

**2. Defendants Deliberately Evaded Service**

The record demonstrates systematic evasion:

**As to Angel Strunk:**

- **Moved without forwarding information**
- **Refused service at her own sentencing hearing in federal court hall**
- **Coordinated with counsel to refuse service while he simultaneously represented her**

**As to Joseph Lentine:**

- **Refused service at his home**
- **Moved to unknown location**
- **His counsel received the suit but service remains incomplete**

**As to Coordinated Evasion Tactics:**

**Mr. Rubenstein's conduct reveals deliberate strategy:**

- **Before hearing: Claims he doesn't represent Ms. Strunk**
- **At hearing: Appears and actively represents her**
- **After hearing: Refuses service, again claiming non-representation**

- **In court record: No motion to withdraw filed**

This cannot be coincidental. It demonstrates calculated effort to prevent service while maintaining representation—having it both ways.

**3. Defendants Will Enter Federal Custody Within 90 Days**

Both defendants face federal custody:

- **Strunk: Judge Barrett delayed sentencing after reviewing extensive evidence of criminal conduct (fabrication of evidence, perjury, RICO participation). A custodial sentence is likely at the January 27, 2026 hearing.**
- **Lentine: Faces federal criminal consequences with delayed report date.**

Once in custody, their locations will be readily ascertainable through the Bureau of Prisons inmate locator, and service can be promptly effectuated. Service upon incarcerated defendants is well-established practice. *Jones v. North Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119 (1977).

**B. Alternative Relief: Court Should Recognize Actual Knowledge Satisfies Due Process**

**1. Both Defendants Have Actual Knowledge**

As to Angel Strunk:

- **Physically present when Plaintiff attempted service at her sentencing**
- **Her counsel represented her while refusing service**
- **Detailed allegations referenced in Plaintiff's Victim Impact Statement in her criminal case**

- **Refused documents despite being in federal courthouse**

**As to Joseph Lentine:**

- **His counsel Mr. James Nieberding received the suit**
- **Mr. Nieberding represents Lentine in both his civil case against Konza (A1905588) and his criminal case**
- **Lentine refused service at home before moving**
- **Counsel's knowledge provides actual notice to defendant**

**2. Liberal Construction Is Appropriate**

Given defendants' actual knowledge and deliberate evasion, liberal construction of service requirements is appropriate. *Karlsson*, 318 F.2d at 668-69 (technical requirements construed liberally when defendant has actual notice).

**3. Defendants Cannot Benefit from Evasion**

Both defendants deliberately evaded service to avoid accountability for civil damages arising from their criminal conduct. Courts have inherent authority to prevent defendants from benefiting from their own evasive tactics. *Plaintiff's Warehouse*, 764 F.2d at 630.

Their probation officers and counsel know their addresses, yet both refuse to accept or facilitate service. This coordinated evasion, combined with actual knowledge, warrants a finding that service requirements are satisfied for due process purposes.

**C. No Prejudice to Defendants**

Neither defendant can claim prejudice:

- Both have actual knowledge through counsel and attempted service

- Ms. Strunk physically refused service at her sentencing

- Mr. Lentine's counsel received the suit

- Allegations arise from conduct underlying their criminal convictions

- Their evasion, not Plaintiff's diligence, caused any delay

**D. Judicial Economy Supports Relief**

Granting this motion:

- Avoids dismissal and refiling once defendants' whereabouts become known

- Ensures comprehensive resolution of RICO claims

- Prevents defendants from benefiting from evasion

- Aligns with progression of related criminal cases

**IV. CONCLUSION**

Plaintiff requests this Court grant a 90-day extension to serve Defendants once they enter federal custody. Alternatively, based on Defendants' actual knowledge through counsel, deliberate evasion, and refused service at the courthouse, the Court should find service requirements satisfied.

WHEREFORE, Plaintiff respectfully requests that this Court:

1. GRANT a ninety (90) day extension of time to serve Defendants Angel Strunk and Joseph Lentine;

2. AUTHORIZE service at their federal correctional institutions upon entry into custody;

**OR ALTERNATIVELY:**

3. **FIND that service requirements are satisfied based on:**

   ○ **Defendants' actual knowledge of this action through their respective counsel**

   ○ **Their deliberate and systematic evasion of service**

   ○ **Defendant Strunk's physical refusal to accept service at her sentencing hearing**

   ○ **Defendant Lentine's counsel Mr. James Nieberding's receipt of the suit**

   ○ **The principle that technical service requirements should be construed liberally when defendants have actual notice**

4. **FIND that Defendant Strunk has actual knowledge based on her physical presence when service was attempted and her and her counsel's deliberate refusal to accept the summons and complaint;**

5. **FIND that Defendant Lentine has actual knowledge through his counsel Mr. James Nieberding, who represents Lentine in both his action against Konza (Case A1905588) and his criminal case;**

6. **ORDER Mr. Rubenstein to clarify his representation status with respect to Defendant Strunk or accept service on her behalf if he is in fact her counsel; and**

7. **Grant such other and further relief as the Court deems just and proper.**

Respectfully submitted,

*[signature]*

**John Klosterman, Pro Se**
**Plaintiff**
**5615 Sidney Road**
**Cincinnati, Ohio 45238**
**(513) 250-2610**

Johncklosterman@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Motion was served upon all counsel of record via Email and the Court's CM/ECF system on this 9th day of November, 2025.

John Klosterman, Pro Se

**Counsel for City of Cincinnati and Terry James**

**Counsel for Konza LLC and Boydston**

**Counsel for Dentons**

**Counsel for Donnathan and Keller Williams**

---

**EXHIBIT A**