UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
AT CINCINNATI

| | | |
|---|---|---|
| **JOHN KLOSTERMAN** | : | Case No. 1:25-cv-00312-SJD-KLL |
| Plaintiff, | : | Judge Susan J. Dlott |
| v. | : | Magistrate Karen L. Litkovitz |
| **KONZA, LLC, et al.** | : | DEFENDANT JENNIFER DONATHAN'S REPLY IN SUPPORT OF MOTION TO DISMISS |
| Defendants | : | |

Jennifer Donathan's motion to dismiss (doc. 74) should be granted.

The principal argument of the plaintiff's opposition appears in the second sentence of his brief (doc. 75 at PAGEID # 1582), in which he asserts that "[t]he motion demonstrates unfamiliarity with over 3,100 pages of filings in lower court case [number] A1905588 . . . ."

There are two very obvious problems with this argument. First, the Hamilton County Common Pleas Court that the plaintiff is referring to is not a "lower court." The plaintiff's own arguments establish the *Rooker-Feldman* problem here. He asserts later in his brief (at doc. 75, PAGEID # 1589) that his injury "is the loss of the properties through fraud, not the state court judgment approving the sale"—but these two things are inextricably entwined. The plaintiff actively participated in that state-court litigation, and fundamentally what he seeks in this Court is redress for what happened in the state court. This Court has no jurisdiction to review state court judgments.

Second, *Rooker-Feldman* problems aside, the "3,100 pages of filings" in the state-court case are not part of the pleadings in *this* case. Whatever those filings do or don't say about Jennifer Donathan, the amended complaint in this case does not mention her other than obliquely, and without any *factual* allegations about her (as discussed in the motion, doc. 74, at PAGEID # 1567-1569). The plaintiff's brief argues at some length that Donathan was involved in the alleged fraud, but at no point does it cite any *factual allegations in the amended complaint* which, if proven to be true, would entitle him to relief against Donathan.

For example, the plaintiff's brief repeatedly refers (16 times, it appears) to an allegedly illegal commission received by Donathan. The amended complaint does not contain any allegation that Donathan received an illegal commission. And, more to the point, the brief does not *cite* any provision of the amended complaint which so alleges; neither Donathan nor the Court are required to scour the plaintiff's meandering pleadings to establish his case for him. Factual allegations must be contained *in the pleadings*. A memorandum in opposition to a motion to dismiss is not a pleading, and is not the plaintiff's opportunity to allege new facts in support of his claims.

The plaintiff's other arguments also fail. As to the statute of limitations, he asserts (at doc. 75, PAGEID # 1586) that even though the alleged fraud started many years ago—remember, the state-court case that is alleged to have provided cover for the fraud was filed in 2019, meaning that the alleged fraud must have started even earlier—"Ms.

2

Donathan did not become involved until 2021." Once again, there is no factual support for this in the amended complaint. Similarly, he argues (at doc. 75, PAGEID # 1586-1587) that even if the alleged fraud started earlier, there should be an extended statute of limitations due to the "continuing violation." Klosterman cites no law in support of this theory, which (as noted in the motion) is inconsistent with Ohio law. (Note that even if Klosterman's argument can be construed as one in favor of equitable tolling rather than a discovery rule, equitable tolling requires "active concealment" of an alleged wrong. *See Doe v. Archdiocese of Cincinnati*, 109 Ohio St.3d 491, at ¶¶45-46 (Ohio 2006). There is no such allegation here. Klosterman's theory of the case is that his properties were taken from him in broad daylight, through public proceedings in an Ohio court of record.)

With respect to the fiduciary duty claim, Klosterman's brief argues (at PAGEID # 1587-1588) that Donathan inherently owed him a duty by virtue of the court-appointed receivership. Besides the *Rooker-Feldman* problem, one hole in this argument is that the amended complaint alleges that either Boydston or Konza was appointed as the receiver—not Donathan. *See* doc. 33 at PAGEID # 364, ¶5. And to the extent that the brief argues that Donathan owed fiduciary duties to Klosterman by virtue of her status as a licensed real estate agent, the problem is that Donathan is not alleged to be *Klosterman*'s real estate agent, and Klosterman cites (and Donathan is unaware of) any

3

authority holding that an agent owes a *fiduciary* duty to someone other than her own client.

Klosterman's brief makes some other general arguments that do not warrant a specific reply, other than to note that approximately the final seven pages of the brief (PAGEID # 1593-1599) appear to raise new factual allegations rather than identify (let alone cite) factual allegations in the amended complaint.

To the extent that Klosterman's brief raises any other arguments, Donathan is content to rest on her motion.

Respectfully submitted,

*/s/ Jeffrey M. Nye, Esq.*
Paul T. Saba, Esq. (0063723)
Jeffrey M. Nye, Esq. (0082247)
Bailey E. Sharpe, Esq. (0103565)
SSP Law Co., LPA
2623 Erie Avenue
Cincinnati, OH 45208
513-533-6714
513-533-2999 (fax)
pts@sspfirm.com
jmn@sspfirm.com
bes@sspfirm.com
**Attorneys for FRI Mason, LLC dba Keller Williams Advisors Realty and Jennifer Donathan**

## CERTIFICATE OF SERVICE

I certify that a copy of this filing was served on all parties via cm/ecf on the date of filing.

*/s/ Jeffrey M. Nye, Esq.*
Jeffrey M. Nye, Esq. (0082247)

4