UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
AT CINCINNATI

| | | |
|---|---|---|
| JOHN KLOSTERMAN, | : | Civil Action No. 1:25-cv-00312-SJD-KLL |
| | : | (Judge Susan J. Dlott) |
| Plaintiff, | : | (Magistrate Judge Karen L. Litkovitz) |
| | : | |
| v. | : | |
| | : | |
| KONZA, LLC, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**DEFENDANTS KONZA, LLC, RICHARD BOYDSTON,
DENTONS BINGHAM GREENEBAUM LLP, CITY OF CINCINNATI, AND TERRY
JAMES' JOINT OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION**

Defendants Konza, LLC, Richard Boydston, and Dentons Bingham Greenebaum LLP (collectively the "Boydston Defendants"), and the City of Cincinnati and Terry James ('City Defendants"), by counsel, submit this opposition to Plaintiff's "Emergency" Motion for Temporary Restraining Order, Preliminary Injunction, and Order Compelling Receiver's Final Accounting to Preserve and Distribute Proceeds. (Doc. 77.)

Plaintiff asks the Court for several forms of relief. All of them are improper. His requests for a temporary restraining order and preliminary injunction are improper because they are based on purported monetary harm. His request to stay the state court proceedings is improper because a stay would violate 28 U.S.C. § 2283. Last, his request

1

that this Court take over the receivership proceedings is improper because the powers and duties related to the state court receivership belong exclusively to the state court. The motion should be denied in its entirety.

1. **The Court should deny the requests for a temporary restraining order and preliminary injunction because Plaintiff concedes any harm would be monetary.[1]**

Under Federal Rule of Civil Procedure 65(b), the court may issue a temporary restraining order only after "specific facts in an affidavit . . . clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Irreparable harm is a prerequisite to a preliminary injunction, as well. *D.T. v. Sumner Cnty. Schs.*, 942 F.3d 324, 327 (6th Cir. 2019 ("Irreparable injury is perhaps the single most important prerequisite for the issuance of a preliminary injunction.") (cleaned up).

If the potential harm is monetary, the injury is not irreparable. *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 578 (6th Cir. 2002) ("A plaintiff's harm from the denial of a preliminary injunction is irreparable if it is not fully compensable by monetary damages.") Plaintiff's requested injunction is admittedly about money: He asks the court to freeze $85,950.62 in escrow at Provident Title Company arguing that money "represents [his] only realistic opportunity for any recovery[.]" (Doc. 77, PageID

---

[1] Plaintiff did not satisfy any of the requirements to obtain a restraining order or preliminary injunction. But his admission that any harm to him would be monetary is enough to deny to requests.

2

1627–28, 1639.) The requested relief is not appropriate for a temporary restraining order or preliminary injunction. *See EOG Res., Inc. v. Lucky Land Mgmt.*, 134 F.4th 868, 885 (6th Cir. 2025) ("If the plaintiff isn't facing imminent and irreparable injury, there's no need to grant relief *now* as opposed to at the end of the lawsuit.") (emphasis in original) (holding district court erred in granting preliminary injunction without finding irreparable injury).

    **2. Staying the state court proceedings is inappropriate under 28 U.S.C. § 2283.**

"A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The purpose of § 2283 is to "avoid unseemly conflict between the state and federal courts." *Lamb Enters., Inc. v. Kiroff*, 549 F.2d 1052, 1061 (6th Cir. 1997) (quoting *NLRB v. Nash-Finch Co.*, 404 U.S. 138, 146 (1971)). "[T]he sensitive nature of federal interference with state court proceedings requires that the statute be strictly construed." *Id.* The Act "is an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of its three specifically defined exceptions." *Hanover Am. Ins. Co. v. Tattooed Millionaire Entm't, LLC*, 38 F.4th 501, 505 (6th Cir. 2022) (cleaned up). Plaintiff incorrectly argues that the "necessary in aid of its jurisdiction" exception applies.

    The "necessary in aid of its jurisdiction" exception applies only "where the case is removed from the state court, and where the federal court acquires in rem or quasi in

3

rem jurisdiction over a case involving real property before the state court does." *Id.* at 506. This case was not removed from state court; it does not involve in rem jurisdiction; and, even if jurisdiction were in rem, the state court acquired jurisdiction first because that case began in 2019. There is no basis for enjoining the state court proceedings. *See* 28 U.S.C. § 2283; *see also Dates v. HSBC*, 721 F. Supp. 3d 616, 627 (S.D. Ohio 2024) (RICO statute's authorization of injunctions does not "specifically authorize[] injunctions that are directed against state court proceedings" and therefore does not fall within the "Act of Congress" exception to § 2283).

3. **The Court cannot take over the receivership proceedings.**

Under the *Barton* doctrine, when a court appoints a receiver the "powers and duties" related to that receivership belong "*exclusively*" to that court. *Barton v. Barbour*, 104 U.S. 126, 136 (1881) (emphasis added). Plaintiff asks this Court to toss this longstanding rule aside. For the reasons explained in the Boydston Defendants' Motion to Dismiss (Doc. 55, PageID 782–83) the Court cannot take control of the receivership proceedings. Plaintiff cites *SEC v. Lincoln Thrift Ass'n*, 577 F.2d 600, 606 (9th Cir. 1978) in support of his improper request. That Ninth Circuit case did not involve a state court receivership; it involved a "Securities & Exchange Commission initiated receivership" under federal law and in federal court. *Lincoln Thrift*, 577 F.2d at 601, 603. The case does not support Plaintiff's improper request. The Court should deny the request to take over the state court proceedings.

Respectfully submitted,

/s/ James D. Houston
James D. Houston (OH 0072794)
Stephen E. Schilling (OH 0086897)
STRAUSS TROY CO., LPA
150 East Fourth Street, 4th Floor
Cincinnati, OH 45202-4018
(513) 621-2120
Facsimile (513) 241-8259
jdhouston@strausstroy.com
seschilling@straustroy.com

Andrew W. Hull (admitted *pro hac vice*)
Gregory A. English (admitted *pro hac vice*)
111 Monument Circle, Suite 4400
Indianapolis, IN 46204
Telephone: (317) 822-4400
awhull@hooverhullturner.com
genglish@hooverhullturner.com

*Counsel for Defendants Konza, LLC, Richard Boydston, and Dentons Bingham Greenebaum LLP*

**EMILY SMART WOERNER (0089349)**
City Solicitor

*/s/ Rebecca Salley*
Rebecca Salley (0097269)
Mark Manning (0088331)
Johnnie Fitzpatrick (0100476)
Assistant City Solicitor
801 Plum Street, Room 214
Cincinnati, Ohio 45202
Phone: (513) 352-4710
Fax: (513) 352-1515
E-mail: rebecca.salley@cincinnati-oh.gov
E-mail: mark.manning@cincinnati-oh.gov
E-mail: johnnie.fitzpatrick@cincinnati-oh.gov
*Trial Counsel for City Defendants*

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing has been filed electronically with the U.S. District Court, Southern District of Ohio this 24th day of November 2025. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                                 */s/ James D. Houston*
                                                                 James D. Houston (OH 0072794)