# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**JOHN KLOSTERMAN, et al.,**

    Plaintiffs,

v.

**KONZA, LLC, RICHARD BOYDSTON, DENTONS BINGHAM GREENEBAUM LLP, CITY OF CINCINNATI, et al.**

    Defendants.

Case No. 1:25-cv-00312-SJD-KLL

Judge Susan J. Dlott
Magistrate Karen L. Litkovitz

---

**PLAINTIFF'S REPLY TO DOCUMENT 81, RENEWED EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER, MOTION TO STRIKE OPPOSITION FILED BY NON-PARTIES, AND NOTICE OF INTENT TO SEEK PARTIAL SUMMARY JUDGMENT**

---

## I. INTRODUCTION: NINE EX PARTE VIOLATIONS DEMAND IMMEDIATE FEDERAL INTERVENTION

Plaintiff John Klosterman, a 76-year-old historic preservationist who spent over 35 years rehabilitating Cincinnati's Sedamsville neighborhood, pro se, respectfully moves this Court for emergency relief to freeze $85,950.62 in escrow funds and provides notice of intent to seek

partial summary judgment for disgorgement of paid $210,854. to Konza, LLC in fraudulent receiver fees proven by Defendants' own records and admissions.

This Motion presents uncontroverted evidence of the most egregious judicial corruption imaginable: NINE documented ex parte communications between Receiver Boydston and court personnel, including Boydston actually drafting the Magistrate's orders—violations that render all proceedings void under *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009).

## II. STATEMENT OF UNDISPUTED FACTS

### A. The Nine Ex Parte Violations That Corrupt Everything

Seven Communications with Alexis Royse (Magistrate's Berdings Law Clerk): Boydston billed Plaintiff's estate minimum $2,120 for violating due process:

1. May 6, 2020: *"Phone conference Alexis Royse on hearing date and email Jaci Martin"*
2. October 27, 2021: *"courtroom conference Alexis Royse"*
3. November 4, 2021: *"conference Alexis Royce on 11/9/21 hearing"*
4. December 10, 2021: *"emails Alexis Royse"* (re: Klosterman appeal)
5. December 28, 2021: *"conference with Alexis Royse"* (0.50 hours, $175.00)
6. February 14, 2022: *"conference Alexis Royse"* (1.00 hour, $350.00)
7. September 27, 2022: *"emails Alexis Royse"*

Two Direct Magistrate Berding Violations:

8. October 3, 2022: *"obtain 10/18/22 hearing date from Magistrate Berding"*

2

- - KELLY ALLESEE IN EMAIL CHAIN
  - Direct ex parte communication
  - Preferential scheduling obtained

9. **October 18, 2022:** *"edit Magistrate's order"*
   - **KELLY ALLESEE IN CONFERENCES**
   - **Receiver drafting court's decisions**
   - **Complete judicial capture**

## B. The Confession and Criminal Convictions

- **Defendant Boydston confessed under oath: sale was "engineered" to cover fees**
- **Co-conspirator Joseph Lentine: 63 months federal prison for fraud with Plaintiff being the whistle blower. Three meetings with the FBI beginning in early 2020.**
- **Properties valued at $3.5 + million sold for $800,000. (17% of value)**
- **Ken Knoppe's higher bid was rejected for predetermined HCLRC sale ( Boydsons Legal records reveal communications with HCLRC at the exact same time before the auction with Ken Knoppe alleged theater.)**

## C. The Timeline of Concealment and Consciousness of Guilt

- **May 2020 - Sept 2022: Nine ex parte violations occur**
- **May 1, 2023: Properties sold at 77% discount**
- **December 5, 2022: Boydston FINALLY files billing (47 days after sale)**
- **December 12, 2022: Plaintiff files objection exposing fraud**
- **December 5, 2022: Boydston writes order for Judge Cross, refuses to sign (exhibit A)**

3

- **December 20, 2022: Boydston writes order for Magistrate Berding. She refuses to sign ; Magistrate Beridon signs instead (Exhibit B)**

Judge Cross' refusal to sign may have been a mistake by Boydston filing to Judge Cross instead of Magistrate Berding. However, Berdings refusal proves consciousness of guilt—she and Judge Cross knew the billings were fraudulent to say nothing about Plaintiff discovering in Boydsten's legal billings the ex parte memos in plain site. Chief Magistrate Anita Berding was allegedly compromised by the indisputable evidence and had Magistrate Beridon sign off on the $499,000.00 invoice.

D. Document 81: Non-Parties Filing Sham Opposition

- City of Cincinnati: Assigned all interest to HCLRC, lacks standing
- Terry James: Only a party to the federal case
- Proves: Conspiracy continues through coordinated obstruction

III. LEGAL ARGUMENT

A. The Ex Parte Violations Void All State Proceedings

Under *Caperton*, 556 U.S. at 876, due process requires recusal when "probability of actual bias" ( which Plaintiff filed motion asking for Magistrate Berding to recuse herself due to bias and prejudice, but Boydston wrote the denial for Berding to sign. ) It rises to an unconstitutional level. Here we have documented certainty through nine billing entries.

*Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847 (1988): Ex parte communications affecting proceedings require vacatur.

4

*State ex rel. Campanella v. Reed*, 143 Ohio St.3d 41 (2015): Orders without jurisdiction are void ab initio.

All proceedings after May 6, 2020 are VOID, not voidable.

B. Document 81's Arguments Are Meritless

1. "Just Money" Argument Fails

These aren't ordinary damages but:

- RICO proceeds requiring preservation (*United States v. Monsanto*, 491 U.S. 600)
- Traceable fruits of documented corruption
- Evidence that will be destroyed
- Federal jurisdiction that will be lost

For a 76-year-old plaintiff with ADHD who lost his life's work, time IS money he doesn't have.

2. Anti-Injunction Act Doesn't Apply

Three reasons § 2283 doesn't bar relief:

- Void proceedings aren't "proceedings"—corruption nullifies everything
- "Necessary in aid" exception—protecting federal RICO jurisdiction
- Express authorization—18 U.S.C. § 1964(a) authorizes injunctions

3. We're Not "Taking Over"—We're Freezing Crime Proceeds

*Barton* doctrine protects legitimate receiverships, not criminal enterprises masquerading as court proceedings.

5

### C. Plaintiff Satisfies All TRO Requirements

Under *Winter v. Natural Resources Defense Council*, 555 U.S. 7 (2008):

1. **Likelihood of Success:** Nine ex parte violations + confession = certain victory
2. **Irreparable Harm:** 76-year-old facing dissipation of only recoverable funds
3. **Balance of Equities:** Life's work stolen vs. criminals keeping proceeds
4. **Public Interest:** Stopping judicial corruption

## IV. NOTICE OF INTENT TO SEEK PARTIAL SUMMARY JUDGMENT

Plaintiff provides notice that upon completion of initial discovery responses, Plaintiff will move for partial summary judgment on:

### A. LIABILITY under 18 U.S.C. § 1962(c) and (d) based on:

- **Confession Evidence:** Boydston's admission of "engineered sale"
- **Criminal Convictions:** Lentine's 63-month federal sentence
- **Documentary Evidence:** Nine ex parte violations
- **Enterprise Proven:** 200+ coordinated communications
- **Void Proceedings:** Ex parte violations nullifying everything

### B. DISGORGEMENT of $210,854 representing 40% of fraudulent $499,000 billing:

- **Timeline Fraud:** 6-month job stretched to 34 months (467% overrun)
- **Double Billing:** Through both Dentons ($350/hour) and Konza ($300/hour). Plaintiff sent Dentons a letter stating Boydstons double billings ( as pled previously with the letter as exhibit)

6

- **Incompetent Work: Pizza workers instead of historic craftsmen**
- **Pre-appointment Billing: $10,990 billed before Boydston was appointed on 2/14/25**
- **No Documentation: 60% Missing or fraudulent vendor invoices**

Under *Fed. R. Civ. P. 42(b)* and *Gildea v. Guardian Title Co.*, 970 F.Supp.2d 576 (E.D. Mich. 2013), partial summary judgment on RICO liability is appropriate when pattern established, allowing trial solely on damages.

**C. Dentons' Liability Under Partnership and Ratification Theories:**

**Dentons faces liability given:**

- **Partnership liability for Boydston's acts (*National Union Fire Ins. Co. v. Wuerth*, 122 Ohio St.3d 594)**
- **Ratification through inaction after April 28, 2023 notice of fraud**
- **<u>Pattern shown in *RevoLaze LLC v. Dentons US LLP*: $32.2 million verdict for similar breaches</u>**

**V. REQUEST FOR SPECIAL MASTER**

Given Defendants' demonstrated willingness to corrupt judicial proceedings through nine ex parte violations, Plaintiff requests appointment of Special Master under Fed. R. Civ. P. 53 to:

- **Oversee discovery to prevent destruction**
- **Review privilege claims given crime-fraud exception**
- **Monitor compliance with court orders**

7

- Ensure transparency after years of concealment of bank and credit card release and no notices of all but 3 hearings.

## VI. THE HUMAN COST DEMANDS IMMEDIATE ACTION

This Court must understand what nine ex parte violations destroyed:

**John Klosterman at 76:**

- 35 years rehabilitating Sedamsville's historic district
- Charter President of two historical societies Dayton, Ohio St. Ann's Hill (1976) and Sedamsville Historical Society
- Saved Our Lady of Perpetual Help Church from demolition threatened by Archdiocese of Cincinnati.
- 60% ownership of neighborhood's rental housing
- Every property on National Register of Historic Places
- "If I wouldn't live here, then you can't"—Plaintiff challenges any defendant or past tenant 300 + to provide any evidence of poor rental conditions. Plaintiff returned deposits 45% of the time.

**The Systematic Destruction:**

- Promise: 6-month receivership for auction sale
- Reality: 34-month looting operation
- Receiver: Hired known prior convicted felon Lentine
- Workers: Former pizza employees, not craftsmen
- Result: Properties destroyed, not improved after allegedly spending $350,000

8

- **Price: $800,000 for $3.5 + million in value**
- **Impact: Complete economic depression**

**Now: Fighting alone with ADHD against an international law firm while designated "vexatious" to silence him.**

## VII. IMMEDIATE RELIEF REQUESTED

**WHEREFORE, Plaintiff respectfully requests this Court:**

1. **GRANT Plaintiff's Emergency Motion for Temporary Restraining Order**
2. **FREEZE the $85,950.62 in escrow funds immediately**
3. **ORDER transfer of funds to federal court registry**
4. **STRIKE Document 81 as filed by non-parties without standing**
5. **ENJOIN state court from any disbursement of funds**
6. **FIND all state court orders after May 6, 2020 VOID due to ex parte violations**
7. **SCHEDULE expedited briefing on partial summary judgment for:**
   - **RICO liability determination**
   - **Disgorgement of $210,000.00 in fraudulent double billing legal fees paid**
8. **ORDER disgorgement within 30 days of ruling**
9. **APPOINT Special Master under Fed. R. Civ. P. 53 to oversee discovery**
10. **SANCTION counsel under Rule 11 for ghost representation**
11. **REFER counsel to Ohio Disciplinary Committee for:**
    - **Filing on behalf of non-parties**
    - **Participating in ex parte violations**
12. **AWARD costs and pro se time fees under 18 U.S.C. § 1964(c)**

9

13. GRANT leave to add Kelly Allesee and HCLRC as defendants

## VIII. CONCLUSION

This Court faces a watershed moment. Nine documented ex parte violations corrupted every aspect of state proceedings. Defendants stole $3.5+ million from a 76-year-old historic preservationist through judicial corruption so brazen they billed for it. Now they deploy non-parties to file sham oppositions while racing to dissipate the last recoverable proceeds.

The evidence is uncontroverted:

- Nine ex parte communications documented in billing records
- Kelly Allesee participated in October 3 and 18th ex parte violations
- Helped Boydston draft and edit the Magistrate's orders
- Judge Cross and Magistrate Berding refused to sign after exposure of fraud
- "Engineered sale" confession under oath
- Document 81 proves conspiracy continues

Given the overwhelming evidence, Plaintiff requests expedited consideration of partial summary judgment on liability, allowing trial solely on the full measure of damages while immediately preserving the remaining RICO proceeds.

Justice delayed is justice denied for a 76-year-old plaintiff.

Respectfully submitted,

/s/ John Klosterman

John Klosterman
Pro Se Plaintiff
5615 Sidney Road
Cincinnati, OH 45238
(513) 250-2610
johncklosterman@gmail.com

EXHIBITS :

Exhibit A  Boydston original payment order for Judge Cross to sign

Exhibit B  Boydston modified the payment order for Magistrate Berding to sign, showing Magistrate Beridon's signature "for" Magistrate Berding.

CERTIFICATE OF SERVICE

I hereby certify that on December 2, 2024, the foregoing will be filed personally or electronically with the Clerk of Court using the CM/ECF system, and courtesy copies will be emailed to:

City Counsel:

- Rebecca Salley (rebecca.salley@cincinnati-oh.gov)
- Mark Manning (mark.manning@cincinnati-oh.gov)
- Johnnie Fitzpatrick (johnnie.fitzpatrick@cincinnati-oh.gov)
- Emily Smart Woerner (emily.woerner@cincinnati-oh.gov)

Defendants' Counsel:

- James D. Houston (jdhouston@strausstroy.com)
- Stephen E. Schilling (seschilling@strausstroy.com)
- Andrew W. Hull (awhull@hooverhullturner.com)
- Gregory A. English (genglish@hooverhullturner.com)

Notice to State Bar Disciplinary Authorities is hereby provided regarding documented ex parte violations and representation of non-parties.

/s/ John Klosterman
John Klosterman

COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| CITY OF CINCINNATI, | : | Case No. A1905588 |
| | : | (Judge Wende C. Cross) |
| Plaintiff, | : | (Magistrate Anita P. Berding) |
| | : | |
| v. | : | |
| | : | ORDER GRANTING MOTION BY |
| JOHN KLOSTERMAN, et al., | : | RECEIVER FOR APPROVAL AND |
| | : | PAYMENT OF FEES AND EXPENSES |
| Defendants. | : | |

This case comes before the Court on the Motion by Receiver for Approval of Fees and Expense Through November 30, 2022 and Order Directing Payment (the "Motion") filed December 5, 2022 by Konza, LLC as receiver (the "Receiver") and the hearing on the Motion and exhibits and testimony admitted at that hearing and the pleadings and papers of and docket entries of record in the case.

The Court is of the opinion that the Motion is well taken and should be granted and therefore it is hereby

ORDERED, that the Motion is granted; and it is further

ORDERED, that Prominent Title Agency LLC shall promptly pay to the Receiver the amount of $499,717.76 being held by it pursuant to the Order Approving Sale; and it is further

ORDERED, that the Court expressly determines pursuant to Civ.R. 54(B) there is no just reason for delay.

SO ORDERED.

_____
Judge Wende C. Cross

Exhibit A

22308920.v1

submitted by,
Richard Boydston (0022360)
Counsel for Konza, LLC, Receiver
Dentons Bingham Greenebaum LLP
312 Walnut Street #2450
Cincinnati, Ohio 45202-4028
513.455.7663
513.762.7963 (fax)
richard.boydston@dentons.com

2

22308920.v1



COURT OF COMMON PLEAS
HAMILTON COUNTY, OHIO

ENTERED
DEC 20 2022

CITY OF CINCINNATI,

  Plaintiff,

v.

JOHN KLOSTERMAN, et al.,

  Defendants.

Case No. A1905588
(Judge Wende C. Cross)
(Magistrate Anita P. Berding)

MAGISTRATE'S ORDER ON MOTION BY RECEIVER FOR APPROVAL OF FEES AND EXPENSES THROUGH NOVEMBER 30, 2022 AND ORDER DIRECTING PAYMENT

This case comes before the Court on the Motion by Receiver for Approval of Fees and Expense Through November 30, 2022 and Order Directing Payment filed December 5, 2022 by Konza, LLC as receiver appointed by order entered February 14, 2020 and the hearing on the Motion and the testimony admitted and argument made at said hearing and the pleadings and papers of record and docket sheets in the case. All capitalized terms in this Order not otherwise defined shall have the same meaning as given them in the Motion.

The Magistrate is of the opinion that the Motion is well taken and should be granted and therefore the Magistrate orders as follows:

ORDERED, that the Motion is granted; and it is further

ORDERED, that the Title Company shall pay the Receiver the sum of $499,717.76 out of the proceeds of the sale of the Properties pursuant to the PSA and the Magistrate's Order on Motion by Receiver to Approve Sale entered October 19, 2022; and it is further

ORDERED, that the Magistrate expressly determines pursuant to Civ.R 54(B) that there is no just reason for delay.

SO ORDERED.

_Magistrate Beridon for_ Magistrate Anita P. Berding

EXHIBIT B

22559217.v1

submitted by,
Richard Boydston (0022360)
Counsel for Konza, LLC, Receiver
Dentons Bingham Greenebaum LLP
312 Walnut Street #2450
Cincinnati, Ohio 45202-4028
513.455.7663
513.762.7963 (fax)
richard.boydston@dentons.com