# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **JOHN KLOSTERMAN, et al.,** | **Case No. 1:25-cv-00312-SJD-KLL** |
| **Plaintiffs,** | **Judge Susan J. Dlott** |
| | **Magistrate Karen L. Litkovitz** |
| v. | |
| **KONZA, LLC, RICHARD BOYDSTON, DENTONS BINGHAM GREENEBAUM LLP, CITY OF CINCINNATI, et al.** | |
| **Defendants.** | |

## PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT (DOC. #84)

## I. INTRODUCTION

Plaintiff John Klosterman, pro se, respectfully submits this supplement to clarify two

dispositive legal points: (1) Kelly Allesee's individual liability for personal criminal

participation, and (2) how Federal Rule of Evidence 801(d)(2)(E) makes Boydston's confession

binding on all conspirators.

## II. KELLY ALLESEE'S INDIVIDUAL LIABILITY

## A. Personal Capacity Required

Plaintiff seeks to add Kelly Allesee individually, not as HCLRC's representative. The distinction is critical for accountability and recovery.

## B. Evidence of Personal Participation

Boydston's billing records document Allesee's direct involvement:

- October 3, 2022: "emails Kelley Allesee...obtain 10/18/22 hearing date from Magistrate Berding" (ex parte violation)
- October 18, 2022: "conferences Jennifer Donathan...and Kelley Allesee...edit Magistrate's order"
- 49 total communications coordinating the conspiracy

## C. Legal Standard for Individual Liability

*Reves v. Ernst & Young*, 507 U.S. 170, 179 (1993), establishes that professionals who participate in RICO enterprise operations face personal liability. When attorneys cross from advice to participation, immunity disappears.

## III. FEDERAL RULE OF EVIDENCE 801(d)(2)(E): BINDING ALL CONSPIRATORS

## A. The Rule's Application

Rule 801(d)(2)(E) makes co-conspirator statements admissible against all conspirators. These statements are not hearsay and bind every participant.

## B. Boydston's Binding Admissions

In January 2025, Boydston testified:

- "Was the sale to HCLRC an engineered sale?" - "Yes"

- "Did HCLRC agree to pay before the auction?" - "We had agreed on the basic terms"

## C. Legal Effect on Each Defendant

HCLRC: Cannot deny the "engineered sale" - it's their admission under 801(d)(2)(E)

Allesee (individually): The "we" in "we agreed" includes her as negotiator

Donathan: Billing records prove participation; bound by all admissions

## D. Supreme Court Authority

*Bourjaily v. United States*, 483 U.S. 171, 181 (1987): Co-conspirator statements made during the conspiracy bind all members.

## IV. WHY THESE CLARIFICATIONS MATTER

### A. Complete Accountability

Without adding Allesee individually:

- She escapes personal responsibility
- Professional misconduct goes undeterred
- Recovery limited to entity assets

### B. Dispositive Evidence

The 801(d)(2)(E) admissions:

- Prove every element of RICO

- Establish conspiracy participation

- Eliminate factual disputes

- Prevent "failure to state claim" defenses

## V. CONCLUSION

Two points require emphasis:

First, Kelly Allesee must be added individually for participating in ex parte violations and structuring fraud. Professional status provides no shield for criminal conduct.

Second, Boydston's confession binds all defendants under Rule 801(d)(2)(E). They cannot deny what their co-conspirator admitted under oath.

These clarifications support granting leave to amend. The evidence is overwhelming, the law is clear, and justice demands complete defendant accountability.

Respectfully submitted

*[signature]*

JOHN KLOSTERMAN
Pro Se Plaintiff
5615 Sidney Road
Cincinnati, OH 45238
(513) 250-2610
johncklosterman@gmail.com

Date: December 8th, 2025

## CERTIFICATE OF SERVICE

I certify that on December 8, 2025, this document was filed electronically via CM/ECF, or Email providing notice to all counsel of record.


/s/ John Klosterman