# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JOHN KLOSTERMAN, et al.,

    Plaintiffs,

v.

KONZA, LLC, RICHARD BOYDSTON,
DENTONS BINGHAM
GREENEBAUM LLP, CITY OF
CINCINNATI, et al.

    Defendants.

Case No. 1:25-cv-00312-SJD-KLL

Judge Susan J. Dlott
Magistrate Karen L. Litkovitz

---

**PLAINTIFF'S MOTION FOR LEAVE TO WITHDRAW TEMPORARY RESTRAINING ORDER REQUEST FROM DOCUMENT #86**

---

Now comes Plaintiff John Klosterman, pro se, and respectfully moves this Court for leave to withdraw his request for Temporary Restraining Order contained within Document #86 filed December 1, 2025.

**GROUNDS FOR WITHDRAWAL:**

1. **Mootness:** Hamilton County Land Reutilization Corporation filed documents on December 8, 2025 in state court Case No. A1905588 confirming only $23,709.44 remains from the original receivership estate, rendering emergency relief unnecessary.

2. **Judicial Economy:** The Court's resources are better directed toward adjudicating the federal RICO claims seeking $13.5 million in trebled damages rather than preserving minimal remaining funds.

3. **Strategic Focus:** HCLRC's December 8 admissions provide superior evidence supporting immediate partial summary judgment on liability, making emergency relief unnecessary.

4. **No Prejudice:** Withdrawal does not waive any claims or rights but rather focuses prosecution on proven RICO violations.

A Memorandum in Support is filed contemporaneously herewith.

WHEREFORE, Plaintiff respectfully requests this Court grant leave to withdraw the Temporary Restraining Order request from Document #86.

Respectfully submitted,

_____

John Klosterman
Pro Se Plaintiff
5615 Sidney Road
Cincinnati, OH 45238
513-250-2610
johncklosterman@gmail.com

CERTIFICATE OF SERVICE

2

I certify that on December 12, 2025, this document will be filed via CM/ECF or Email providing notice to all counsel of record.

_____
John Klosterman

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| JOHN KLOSTERMAN, et al., | Case No. 1:25-cv-00312-SJD-KLL |
| Plaintiffs, | Judge Susan J. Dlott |
| | Magistrate Karen L. Litkovitz |
| v. | |
| KONZA, LLC, RICHARD BOYDSTON, DENTONS BINGHAM GREENEBAUM LLP, CITY OF CINCINNATI, et al. | |
| Defendants. | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO WITHDRAW TRO REQUEST AND MOTION FOR APPOINTMENT OF SPECIAL MASTER**

## I. INTRODUCTION

Plaintiff John Klosterman, pro se, submits this memorandum supporting withdrawal of his TRO request and urgently requesting appointment of a Special Master. On December 8, 2025, Hamilton County Land Reutilization Corporation inadvertently confessed to the entire conspiracy, rendering the TRO moot while proving the RICO enterprise.

The epitaph of this conspiracy:

4

- "In their greed, they documented everything" - Nine ex parte violations in billing records
- "In their arrogance, they confessed everything" - Boydston's sworn "engineered sale" admission
- "In their betrayal of each other, they proved everything" - HCLRC's December 8 filing

## II. STATEMENT OF FACTS

### A. The December 8, 2025 Confessions

Two days before this Court dismissed Plaintiff's case (later reconsidered), HCLRC filed devastating admissions in state court:

1. **$423,169.42 Given to Convicted Criminals:** "TSO and Lentine collected and kept all rents due for the Properties—amounting to $423,169.42"
2. **Receivership Bankruptcy:** Only $23,709.44 remains from $3.5+ million in properties
3. **Co-Conspirator Payment Dispute:** "To the extent that the Receiver suggests HCLRC should contribute out-of-pocket, there is no support for that contention"
4. **Request to Close Immediately:** HCLRC desperately seeks closure before further exposure

### B. The Boydston-HCLRC "Agreement"

HCLRC's filing reveals this wasn't an auction but a conspiracy:

- **Boydston demands HCLRC pay his $104,438.75 shortfall**

5

- HCLRC refuses, having already received $3.5+ million in properties for $800,000
- Both admit to an "agreement" predating any legitimate sale

C. The Nine Ex Parte Violations

Boydston's billing records document judicial corruption:

1. May 6, 2020: "Phone conference Alexis Royse"
2. October 27, 2021: "courtroom conference Alexis Royse"
3. November 4, 2021: "conference Alexis Royce on 11/9/21 hearing"
4. December 10, 2021: "emails Alexis Royse"
5. December 28, 2021: "conference with Alexis Royse"
6. February 14, 2022: "conference Alexis Royse"
7. September 27, 2022: "emails Alexis Royse"
8. October 3, 2022: "obtain 10/18/22 hearing date from Magistrate Berding"
9. October 18, 2022: "edit Magistrate's order"

## III. ARGUMENT

A. The TRO Is Moot Given HCLRC's Admissions

The TRO sought to preserve $85,950.62. HCLRC admits only $23,709.44 remains. More importantly, their December 8 filing provides something far more valuable: written confession to the conspiracy.

Emergency relief is unnecessary when:

1. The theft is complete and documented

6

2. Co-conspirators are fighting over proceeds

3. Federal criminal convictions validate the enterprise

4. Admissions support immediate summary judgment

**B. Strategic Considerations Support Withdrawal**

**1. Preservation of Judicial Resources**

This Court should focus on:

- The $13.5 million RICO claim (trebled from $3.5+ million theft)
- Nine documented ex parte violations
- Federal criminal convictions of co-conspirators
- Complex discovery requiring Special Master oversight

**2. Superior Evidence Through Admissions**

HCLRC's December 8 filing constitutes judicial admission under Fed. R. Evid. 801(d)(2):

- Admits knowledge of $423,169.42 theft
- Confirms conspiracy with Boydston
- Documents ongoing criminal enterprise
- Proves predetermined "agreement" not auction

**3. Focus on Federal Jurisdiction**

Withdrawal:

- Eliminates potential Rooker-Feldman challenges

7

- **Concentrates on federal RICO with clear jurisdiction**
- **Avoids entanglement with void state proceedings**
- **Expedites resolution through partial summary judgment**

## IV. URGENT NEED FOR SPECIAL MASTER APPOINTMENT

### A. Complex Financial Fraud Requiring Expertise

This case involves:

- **59 properties valued at $3.5 + million**
- **$423,169.42 in admitted stolen funds**
- **Nine ex parte judicial communications**
- **Multiple sophisticated defendants with coordinated counsel**
- **Forensic accounting across years of fraudulent billing**

Under Fed. R. Civ. P. 53, immediate appointment of a Special Master is essential.

### B. Demonstrated Pattern of Obstruction

The record establishes defendants will:

1. **Destroy Evidence:** Missing receivership records, concealed billing
2. **Coordinate False Narratives:** December 8 filing proves coordination
3. **Use Non-Parties:** Document #81 filed by entities lacking standing
4. **Continue Ex Parte Communications:** Nine documented violations

### C. Proposed Special Master Duties

The Special Master should have authority to:

1. **Oversee All Discovery**
   - Prevent document destruction
   - OBTAIN BANK RECORDS
   - Compel production from third parties
   - Review electronic communications

2. **Conduct Forensic Accounting**
   - Trace the $423,169.42 stolen funds
   - Analyze Boydston's double billing
   - Investigate HCLRC's payment to convicted criminals

3. **Review Privilege Claims**
   - Apply crime-fraud exception
   - Examine attorney-client communications
   - Investigate Dentons' knowledge and participation

4. **Monitor Compliance**
   - Ensure preservation of evidence
   - Supervise document production
   - Report violations to the Court

**D. Required Qualifications**

The Special Master must possess:

- Certified Fraud Examiner (CFE) or forensic accounting credentials

9

- Experience with RICO cases and receivership fraud
- No connections to Cincinnati/Ohio legal community
- Federal criminal investigation background
- Availability for immediate appointment

## V. HCLRC'S ADMISSIONS AS BINDING JUDICIAL STATEMENTS

Under *MacDonald v. General Motors Corp.*, 110 F.3d 337, 341 (6th Cir. 1997), judicial admissions are "formal concessions... that have the effect of withdrawing a fact from contention."

HCLRC's December 8 admissions are binding:

1. Filed in official court proceedings
2. Signed by counsel (Dinsmore & Shohl LLP)
3. Clear and unequivocal statements
4. Against HCLRC's interest

These admissions cannot be withdrawn and support immediate partial summary judgment.

## VI. THE CONSPIRACY STANDS FULLY EXPOSED

The December 8 filing reveals the conspiracy's unraveling:

Boydston to HCLRC: "Kelly Allesee, I got you $3.5+ million in properties for 20 cents on the dollar through our engineered sale. Now you can't cover my $104k shortfall?"

HCLRC's Response: "We got what we agreed to. You over billed. Your billing problems are your own."

Translation: Thieves fighting over loot. It was not an arms length transaction.

When co-conspirators publicly argue about dividing stolen proceeds in court filings, they confess to the conspiracy. Plaintiff wonders what was said in emails or phone conversations.

## VII. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests this Court:

1. GRANT leave to withdraw the TRO request from Document #86
2. IMMEDIATELY APPOINT A SPECIAL MASTER under Fed. R. Civ. P. 53 with comprehensive authority over discovery and investigation
3. TAKE JUDICIAL NOTICE of HCLRC's December 8, 2025 admissions as binding proof of conspiracy
4. ORDER expedited briefing schedule for partial summary judgment on liability
5. REQUIRE defendants to preserve all documents and communications pending Special Master appointment
6. SCHEDULE immediate status conference to address:
   - Special Master selection criteria
   - Discovery protocols and deadlines
   - Motion to add HCLRC and Kelly Allisee as defendants
   - Partial summary judgment briefing
7. FIND that withdrawal of TRO request preserves all claims and rights

11

## VIII. CONCLUSION

HCLRC's December 8 filing transforms this case. No longer must Plaintiff prove conspiracy through circumstantial evidence. The conspirators have confessed in writing, fighting over payment for their "engineered sale" while $423,169.42 sits in convicted criminals' pockets.

The appointment of a Special Master is urgent and necessary. The conspiracy is proven. The only question remaining is the full measure of damages.

Respectfully submitted,

John Klosterman
Pro Se Plaintiff
5615 Sidney Road
Cincinnati, OH 45238
513-250-2610
johncklosterman@gmail.com

## CERTIFICATE OF SERVICE

I certify that on December 12, 2025, this document will be filed via CM/ECF or Email providing notice to all counsel of record.

John Klosterman