RECEIVED

DEC 1 5 2025

RICHARD W. NAGEL
Clerk Of Court
CINCINNATI, OHIO

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| **JOHN KLOSTERMAN, et al.,** | Case No. 1:25-cv-00312-SJD-KLL |
| **Plaintiffs,** | Judge Susan J. Dlott |
| | Magistrate Karen L. Litkovitz |
| v. | |
| **KONZA, LLC, RICHARD BOYDSTON, DENTONS BINGHAM GREENEBAUM LLP, CITY OF CINCINNATI, et al.** | **PLAINTIFF'S RULE 59(e) SUPPLEMENT: NEWLY DISCOVERED EVIDENCE FROM DECEMBER 8, 2025** |
| **Defendants.** | |

## I. INTRODUCTION

Plaintiff respectfully submits this supplement to his pending Motion for Reconsideration (Doc 91) based on newly discovered evidence that fundamentally alters this case.

On December 8, 2025—two days before this Court's dismissal of Plaintiff's claims against existing defendants—Hamilton County Land Reutilization Corporation ("HCLRC"), which Plaintiff has sought to add as a defendant, filed judicial admissions in state court (Case No. A-1905588). These admissions:

1. **Confirm the fraudulent conduct by existing defendants Boydston and Konza**

2. Establish HCLRC's knowledge and participation in the conspiracy

3. Provide documentary evidence previously unavailable to the Court

This supplement presents these December 8 admissions which support both reconsideration of the dismissal and the addition of HCLRC as a defendant.

## II. THE DECEMBER 8, 2025 ADMISSIONS

### A. HCLRC Admits the Receiver Allowed $423,169.42 Theft

In its December 8 filing, HCLRC states:

> "Moreover, it became clear during the litigation that the Receiver voluntarily relinquished all rental payments from the Properties to TSO and Lentine, amounting to $423,169.42." (HCLRC Motion, p. 11)

This admission establishes:

- The specific amount taken from Plaintiff's estate
- That Receiver Boydston "voluntarily" allowed this to occur
- That the funds went to Joseph Lentine, sentenced to 63 months in federal prison

### B. HCLRC Admits No Court Approval Was Obtained

HCLRC further admits:

> "The Receiver never sought approval for these significant expenditures, unilaterally surrendering the Receivership's only source of income and

2

> compensating TSO and Lentine without any application to the Court." (HCLRC Motion, p. 11)

Under Ohio Revised Code § 2735.01, receivers must obtain court approval for significant expenditures. HCLRC admits this never occurred.

C. HCLRC Admits "Special Circumstances" Creating Liability

HCLRC's filing discusses when "special circumstances" make parties liable for receivership deficiencies, citing *Fifth Third Bank v. Dayton Lodge*, 2013-Ohio-5755, then proceeds to describe exactly those circumstances in this case:

- Irregular receiver practices
- Unauthorized actions
- Failure to obtain court approval

These admissions establish liability for all parties involved in the receivership.

III. HOW THESE ADMISSIONS SUPPORT RECONSIDERATION

A. Regarding Evidence of Fraud

The Court's Concern: Insufficient evidence of fraudulent conduct

The December 8 Answer: HCLRC admits the Receiver "voluntarily relinquished" $423,169.42 to individuals who are now convicted felons. When combined with Receiver Boydston's prior sworn testimony that this was an "engineered sale" where HCLRC "agreed to pay" before any public auction, the fraud is established through the defendants' own words.

### B. Regarding Rooker-Feldman

**The Court's Concern:** Federal court cannot review state court proceedings

**The December 8 Answer:** These admissions confirm Plaintiff seeks damages for fraud by private parties, not reversal of state court orders. HCLRC's admission that the Receiver breached fiduciary duties and acted without court approval establishes private party liability separate from any state court judgment. Under *McCormick v. Braverman*, 451 F.3d 382 (6th Cir. 2006), such claims are not barred.

### C. Regarding the Parties and Claims

**The Court's Concern:** Confusion about parties and their roles

**The December 8 Answer:** HCLRC's admissions clarify the conspiracy:

1. Boydston/Konza allowed the theft (admitted breach)
2. Lentine executed the theft (federal prison)
3. HCLRC benefited (purchased for 20% of value)
4. The City funded HCLRC's purchase

Each party's role and liability is now clear through their own admissions.

## IV. THE COMPLETE PICTURE WITH EXISTING EVIDENCE

The December 8 admissions must be viewed alongside evidence already before the Court:

### A. The FBI Investigation and Convictions

4

- Plaintiff reported to FBI in April 2020
- Multiple convictions resulted
- Lentine sentenced to 63 months federal prison
- Angel Strunk convicted felon awaits sentencing
- Criminal enterprise proven beyond reasonable doubt

**B. The Fisher Memorandum (Already in Record)**

- Attorney Cynthia Fisher's 17-page memorandum
- Includes FBI arrest warrant
- Plaintiff was the whistleblower
- Shows consciousness of guilt requiring extensive defense for Konza/Boydston

**C. The Andrew Garth Connection (Already in Record)**

- When Plaintiff moved to remove Lentine after arrest
- City Solicitor Garth stated "Lentine was only arrested"
- Allowed continued theft
- Garth now serves as HCLRC executive

**D. The Boydston Confession (Already in Record)**

- Sworn testimony: "engineered sale"
- Admission: "not at proper value"
- Confirmation: HCLRC "agreed to pay" before auction

**E. The Ex Parte Violations and Billing Analysis (Documentary Evidence)**

5

**Boydston's own billing records reveal the conspiracy's full scope:**

**1. Judicial Corruption (October 2022):**

- October 3: Billed $420 for "obtain 10/18/22 hearing date from Magistrate Berding"
- October 18: Billed $350 for "edit Magistrate's order"
- These ex parte violations void all proceedings after October 3, 2022

**2. The Cover-Up Timeline:**

- Cynthia Fisher (HCLRC's attorney): ZERO billing entries during entire receivership (2020-May 1, 2023)
- Fisher suddenly appears 16 times starting May 18, 2023 (17 days after sale)
- This proves no oversight during theft, only retroactive paper cover

**3. The Criminal Partnership:**

- 200+ communications between Boydston and convicted felon Lentine
- Boydston never fired Lentine despite documented $437,799 theft
- 51 communications AFTER the engineered sale AFTER he was fired!
- Pattern proves RICO "associates in fact"

These billing records prove HCLRC's December 8 admissions are not isolated events but part of a systematic conspiracy corrupting the judicial process itself.

## V. WHY IMMEDIATE RECONSIDERATION IS APPROPRIATE

6

### A. The Evidence Was Unavailable

The December 8 filing occurred just two days before the Court's dismissal order. The Court could not have considered these admissions when ruling. Under Fed. R. Civ. P. 59(e), newly discovered evidence that could not have been discovered earlier warrants reconsideration.

### B. The Admissions Are Dispositive

Judicial admissions are conclusive. MacDonald v. General Motors Corp., 110 F.3d 337, 341 (6th Cir. 1997). HCLRC has now admitted:

- The theft occurred
- The Receiver allowed it
- No court approval was obtained
- Special circumstances exist creating liability

These admissions establish every element Plaintiff must prove.

### C. Manifest Injustice Would Result

Allowing dismissal to stand when defendants have confessed would constitute manifest injustice. The FBI has already prosecuted this as criminal fraud. The defendants have admitted the key facts.

For thirty years, when building inspectors asked why someone with Plaintiff's talents would restore properties nobody wanted in Sedamsville, Plaintiff answered: "If I don't do it, who will?" No one else would. Plaintiff saved 29 historic properties from demolition, housed working families, preserved a historic community, and created $3.5 million in value from

abandoned buildings. Now that he succeeded where others wouldn't even try, Defendants stole his life's work through admitted fraud.

Plaintiff now faces foreclosure while admitted conspirators retain the $3.5 million in property value he spent three decades creating. This is not merely theft of property - it is theft of a lifetime's dedication to saving what nobody else would save.

## VI. REQUEST FOR LIMITED ADDITIONAL DISCOVERY

Should the Court grant reconsideration, Plaintiff respectfully requests limited discovery on:

1. The December 8 Admissions:
    - Who authorized HCLRC's admissions
    - What additional evidence HCLRC possesses
    - Full scope of the $423,169.42 theft
2. The City Solicitor Pipeline:
    - Communications between Garth/Allesee and HCLRC
    - Timeline of employment transitions
    - Role in protecting Lentine after arrest
3. The Cover-Up:
    - Attorney Fisher's communications with Boydston
    - Preparation of defensive memoranda
    - Coordination of legal strategies
    - Jennifer Donnathan's communications with Boydston

This limited discovery would quickly clarify remaining factual issues.

8

## VII. PROPOSED AMENDMENT TO ADD HCLRC

Based on these admissions, Plaintiff renews his motion for leave to add HCLRC and Kelly Allesee as defendants. The December 8 filing establishes:

- HCLRC's knowledge of the theft
- HCLRC's benefit from the conspiracy
- HCLRC's participation through former City Solicitors
- HCLRC's role in the ongoing cover-up

Further supporting this motion, HCLRC's own contradictory positions reveal their participation. In their April 25, 2025 state court filing, <u>HCLRC claimed 'the Receiver's actions have no relevance to and cannot be attributed to HCLRC.'</u> Yet their December 8 filing admits being 'entangled' in those very practices. Such contradictions demonstrate consciousness of guilt and the necessity of adding HCLRC to ensure complete relief.

## VIII. REQUEST FOR EXPEDITED RULING

Plaintiff faces imminent foreclosure on his personal residence. Every day that passes while confessed conspirators retain stolen property causes irreparable harm. Plaintiff respectfully requests expedited consideration of this supplement.

## IX. CONCLUSION

Your Honor, this is not a request to relitigate decided issues. This is a presentation of new evidence—defendants' own admissions filed two days before dismissal—that directly addresses the Court's concerns.

9

HCLRC has admitted that $423,169.42 was stolen from Plaintiff's estate while the Receiver "voluntarily relinquished" control. They admit no court approval was obtained. They admit special circumstances exist creating liability.

When (requested) defendant HCLRC confess to the essential elements of Plaintiff's claims after the Court has ruled, reconsideration is not just appropriate—it is necessary to avoid manifest injustice. The evidence now exists in defendants' own words.

The Court noted concerns about evidence on other issues, which were addressed in ( doc 91)

The Court questioned whether federal jurisdiction was proper. The admissions confirm this involves fraud by private parties, not review of state court orders.

The Court expressed confusion about the parties. The admissions clarify each conspirator's role.

"The December 8 admissions provide a clear path to judicial economy. Rather than protracted discovery, the Court now has documented confessions establishing liability. Partial summary judgment on enterprise existence and pattern elements would narrow remaining issues and facilitate settlement."

Before December 8: Plaintiff had proof supported by FBI convictions, Sworn testimony by Defendant Boydston

After December 8: Plaintiff has (Proposed ) DEFENDANTS' OWN ADMISSIONS confirming every element

Legal Effect: Judicial admissions are conclusive - *Barnes v. Owens-Corning Fiberglas Corp.*, 201 F.3d 815, 829 (6th Cir. 2000)

10

Required Result: Reconsideration must be granted when defendants confess after dismissal.

*[signature]*

Respectfully submitted,

/s/ John Klosterman
JOHN KLOSTERMAN
Pro Se Plaintiff
5616 Sidney Road
513-250-2610
johncklosterman@gmail.com

Dated: December 16, 2025

*[signature]*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 16, 2025, I filed the foregoing document through the Court's ECF system, or email which will serve electronic copies on all counsel of record.

/s/ John Klosterman

*[signature]*

**INDEX OF EXHIBITS**

Exhibit A: HCLRC's December 8, 2025 State Court Filing (highlighted admissions)

Exhibit B: Comparison Chart - Plaintiff's Allegations vs. HCLRC's Admissions

Exhibit C: Timeline - December 8 Admissions and December 10 Dismissal

## Exhibit A: COMPARISON: PLAINTIFF'S ALLEGATIONS vs. HCLRC'S DECEMBER 8 ADMISSIONS

| PLAINTIFF'S ALLEGATIONS | HCLRC'S DECEMBER 8 ADMISSIONS | LEGAL SIGNIFICANCE |
|---|---|---|
| Receiver allowed theft of estate funds | "The Receiver voluntarily relinquished all rental payments from the Properties to TSO and Lentine, amounting to $423,169.42" | Breach of fiduciary duty established |
| No court oversight or approval | "The Receiver never sought approval for these significant expenditures" | Violation of *American Savings Bank Co. v. Union Trust*, 124 Ohio St. 126 |
| Receiver acted unilaterally | "*unilaterally surrendering the Receivership's only source of income*" | Exceeded legal authority |
| Funds went to criminals | "*compensating TSO and Lentine*" [Lentine 63 months federal prison] | Criminal conspiracy proven |
| Special circumstances exist for liability | HCLRC describes special circumstances under *Fifth Third Bank*, then admits those exact circumstances | All parties liable for deficiencies |

exhibit A

12

| | | |
|---|---|---|
| Receiver knew of theft | *"The Receiver knew that Lentine and TSO would retain the $423,169.42"* | Consciousness of guilt/intentional act |
| HCLRC was involved | *"The Receiver's practices already entangled HCLRC in unnecessary litigation"* | Participation in conspiracy |
| Pattern of misconduct | *"HCLRC has already incurred its own substantial legal fees as a result"* | Long-term knowledge and cover-up |
| Estate was drained | *"the Receivership now contains only $23,709.44"* | Damages established |
| Engineered sale at below market | Combined with Boydston's testimony: *"engineered sale"* *"not at proper value"* | Fraud proven through admissions |

---

## ADDITIONAL CONTEXT FROM PLAINTIFF'S FEDERAL COMPLAINT

| FEDERAL COMPLAINT ALLEGATIONS | STATUS AFTER DECEMBER 8 |
|---|---|
| RICO conspiracy (18 U.S.C. § 1962) | ✓ CONFIRMED - Pattern of racketeering admitted |

| | |
|---|---|
| Wire/Mail fraud (18 U.S.C. § 1341, 1343) | ✓ CONFIRMED - $423,169 theft admitted |
| Breach of fiduciary duty | ✓ CONFIRMED - "Voluntarily relinquished" funds |
| Conversion | ✓ CONFIRMED - Estate property taken |
| Fraud | ✓ CONFIRMED - No court approval, engineered sale |
| Conspiracy | ✓ CONFIRMED - Multiple parties "entangled" |
| Damages of $3.5 million | ✓ CONFIRMED - Properties sold for $800,000 (20% of value) |

---

## CRIMINAL CONTEXT

| PARTY | DECEMBER 8 ADMISSION | CRIMINAL STATUS |
|---|---|---|
| Joseph Lentine | Received $423,169.42 | Convicted - 63 months federal prison |
| Angel Strunk | Received funds with Lentine | Convicted - Federal charges |

14

| | | |
|---|---|---|
| Richard Boydston | "Voluntarily relinquished" funds | Under investigation |
| HCLRC | "Entangled" in practices | Admitted participant |

**Exhibit B: THE DECEMBER 8 ADMISSIONS ANSWER THE COURT'S CONCERNS**

| COURT'S DECEMBER 10 CONCERN | DECEMBER 8 ANSWER |
|---|---|
| "Insufficient evidence of fraud" | HCLRC admits $423,169 theft with no court approval |
| "Rooker-Feldman may bar claims" | Admissions show private party fraud, not state court review |
| "Confusion about parties" | HCLRC admits who did what: Lentine stole, Boydston allowed, HCLRC benefited |
| "Unclear damages" | $423,169 stolen + $800,000 for $3.5M properties = clear damages |

exhibit

B

16

**Exhibit C: TIMELINE: THE CRITICAL 48 HOURS**

| DATE | EVENT | SIGNIFICANCE |
|---|---|---|
| December 8, 2025 | HCLRC files admissions in state court | Defendants confess |
| December 10, 2025 | Federal court dismisses for "lack of evidence" | Court unaware of confession |
| December 11, 2025 | Plaintiff files Motion for Reconsideration | Seeks to inform court |
| December 16, 2025 | Plaintiff files this Supplement | Provides confession to court |

Exhibit C

17