# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| JOHN KLOSTERMAN, | Case No. 1:25-cv-312 |
| Plaintiff, | Dlott, J. |
| | Litkovitz, M.J. |
| vs. | |
| KONZA, LLC, *et al*., | **REPORT AND** |
| | **RECOMMENDATION[1]** |
| Defendants. | |

This matter is before the Court on plaintiff's "motion for extension of time to serve defendants Angel Strunk and Joseph Lentine, or alternatively, to find service complete based on actual knowledge." (Doc. 76). For the reasons that follow, the motion should be denied because (1) the amended complaint fails to state a malicious prosecution claim against Strunk and Lentine, and (2) the Court has recently dismissed the remaining claims in the amended complaint such that leave to extend to serve these defendants would be futile.

The background of this case is set forth in the Court's December 10, 2025 Order granting the motions to dismiss of defendants Keller Williams Realty; the City of Cincinnati and Terry James; and Konza, LLC, Richard Boydston, and Dentons Bingham Greenebaum LLP. (Doc. 89). Plaintiff asserts ten causes of action in the amended complaint, seven of which are brought against defendants Strunk and Lentine:

> Count I: Racketeer Influenced and Corrupt Organizations Act (RICO) Violation (18 U.S.C. § 1962(c)) against all defendants;
>
> Count II: RICO Conspiracy (18 U.S.C. § 1962(d)) against all defendants;

---

[1] As the denial of plaintiff's "motion for extension of time to serve defendants Angel Strunk and Joseph Lentine, or alternatively, to find service complete based on actual knowledge" results in a dispositive ruling on his claims against defendants Strunk and Lentine, the undersigned issues a Report and Recommendation. 28 U.S.C. § 636(b).

Count III: Civil Rights Conspiracy (42 U.S.C. § 1985) against all defendants;

Count V: Conversion against all defendants;

Count VI: Fraud against all defendants;

Count VIII: Malicious Prosecution against Joseph Lentine; Angel Strunk, and

Richard Boydston;

Count X: Intentional Infliction of Emotional Distress against all defendants.

(Doc. 33 at PAGEID 369-371).  The amended complaint alleges that defendant Lentine testified during the state court foreclosure and receivership action (Doc. 33 at PAGEID 365, ¶ 11) and participated in the "criminal enterprise" forming the basis of plaintiff's RICO claims (*Id*. at PAGEID 368, ¶ 32).  The amended complaint also alleges that defendants Strunk and Lentine initiated criminal proceedings against plaintiff by filing "false" police reports alleging plaintiff stalked them on September 17, 2021.  Plaintiff states these "false" reports resulted in his criminal prosecution and "wrongful imprisonment for nearly one year."  (Doc. 33 at PAGEID 367).

A claim for malicious prosecution under the Fourth Amendment "'requires the plaintiff to show a favorable termination of the underlying criminal case against him,' and the wrongful initiation of charges without probable cause resulting in a seizure."  *Susselman v. Washtenaw Cnty. Sheriff's Off.*, 109 F.4th 864, 870 (6th Cir. 2024), *cert. denied sub nom. Susselman v. Washtenaw Cnty. Sheriff's Off.*, 145 S. Ct. 1901 (2025) (quoting *Thompson v. Clark*, 596 U.S. 36, 43-44 (2022)).  "'To demonstrate a favorable termination of a criminal prosecution' in satisfaction of the claim's final element, 'a plaintiff need only show that his prosecution ended without a conviction.'"  *Monson v. City of Detroit, Michigan*, No. 22-2050, 2024 WL 84093, at *6 (6th Cir. Jan. 8, 2024), *cert. denied sub nom. Ghougoian v. Monson*, 144 S. Ct. 2659 (2024) (quoting *Thompson*, 596 U.S. at 39).  The amended complaint fails to allege that plaintiff's

prosecution ended without a conviction.  In fact, plaintiff admits he was convicted and imprisoned, and the amended complaint contains no other allegations showing a favorable termination of his criminal prosecution.  Therefore, the amended complaint fails to state a claim under the Fourth Amendment.  To the extent plaintiff alleges a malicious prosecution claim under state law, the amended complaint fails to state a plausible claim for relief for the reasons set forth in the Court's December 10, 2025 Order.  (Doc. 89 at PAGEID 17-18).  Accordingly, the amended complaint fails to state a malicious prosecution claim against Strunk and Lentine

In addition, for the reasons set forth in the Court's December 10, 2025 Order granting the motions to dismiss of the other defendants, the Court lacks subject-matter jurisdiction under the *Rooker-Feldman* doctrine over the claims related to the state court foreclosure proceedings; plaintiff has no standing to sue based on the 621 Delhi Avenue "fraudulent" condemnation proceedings; the amended complaint fails to state a RICO claim; the § 1985 claims are time-barred; and the state law claims fail as a matter of law.  (Doc. 89).  Therefore, granting plaintiff an extension of time to serve defendants Strunk and Lentine would be futile as the claims against them would nevertheless be subject to dismissal for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

For these reasons, plaintiff's "motion for extension of time to serve defendants Angel Strunk and Joseph Lentine, or alternatively, to find service complete based on actual knowledge" (Doc. 76) should be **DENIED**.

**IT IS SO RECOMMENDED.**

Date: 12/17/2025

Karen L. Litkovitz
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JOHN KLOSTERMAN,                                    Case No. 1:25-cv-312
      Plaintiff,                                    Dlott, J.
                                                   Litkovitz, M.J.

      vs.

KONZA, LLC, *et al.*,
      Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

4