# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JOHN KLOSTERMAN, et al.,

    Plaintiffs,

v.

KONZA, LLC, RICHARD BOYDSTON,
DENTONS BINGHAM
GREENEBAUM LLP, CITY OF
CINCINNATI, et al.

    Defendants.

Case No. 1:25-cv-00312-SJD-KLL

Judge Susan J. Dlott
Magistrate Karen L. Litkovitz

## PLAINTIFF'S OBJECTION TO MAGISTRATE'S REPORT AND RECOMMENDATION

### I. INTRODUCTION

Plaintiff John Klosterman, proceeding pro se, respectfully objects to Magistrate Judge Karen L. Litkovitz's Report and Recommendation dated December 17, 2025, which recommends dismissing Plaintiff's malicious prosecution claims against defendants Angel Strunk and Joseph Lentine. The Magistrate's recommendation is erroneous as a matter of law and fact.

Most critically, Plaintiff was the FBI whistleblower who reported Strunk and Lentine's fraud to federal authorities. The stalking charges that form the basis for the Magistrate's recommendation were filed as direct retaliation for Plaintiff's FBI cooperation and were

procured through fabricated evidence and coordination between the defendants and Hamilton County prosecutor Susan Zurface.

## II. BACKGROUND

### A. Plaintiff Was the FBI Whistleblower Who Exposed Strunk and Lentine

In 2020, Plaintiff reported Angel Strunk and Joseph Lentine's fraud scheme to FBI Special Agent Ferron M. Yi. Agent Yi came to Plaintiff's home on two separate occasions to gather evidence. Plaintiff also traveled to the FBI office to provide detailed documentation of:

- Lentine's misappropriation of rental income from Plaintiff's historic properties

- Strunk's role in preparing fraudulent PPP loan applications

- Systematic property theft through fraudulent receivership proceedings

### B. The Stalking Charges Were Retaliation for FBI Whistleblowing

On September 17, 2020, Angel Strunk filed false stalking charges against Plaintiff. The timing is dispositive: Strunk filed these charges while she was actively committing the very PPP fraud scheme that Plaintiff had reported to the FBI.

The key "evidence" was an alleged 8:20 AM doctor's appointment on September 17, 2020. When Plaintiff's two defense attorneys filed discovery requests to verify this appointment, Hamilton County prosecutor Susan Zurface DENIED the discovery request. No one—not Plaintiff's attorneys, not Plaintiff, not any court—was ever permitted to verify whether this doctor's appointment existed.

Plaintiff possesses time-stamped receipts proving he was in Delhi, Ohio (8 miles away) at the time of the alleged stalking. Despite having competent counsel and exculpatory

evidence, Plaintiff was convicted based on unverified, unverifiable "evidence" and imprisoned for one year.

## C. The FBI Validated Plaintiff's Whistleblower Disclosures

On August 31, 2021, FBI Special Agent Ferron M. Yi filed a criminal complaint against Angel Strunk in federal court (Case No. 1:22-cr-00070-MRB), charging her with:

- Wire Fraud (18 U.S.C. § 1343)

- Bank Fraud (18 U.S.C. § 1344)

- Conspiracy to Defraud the United States (18 U.S.C. § 371)

- False Statements in Loan Applications (18 U.S.C. § 1014)

- Fraud in Connection with Major Disaster Benefits (18 U.S.C. § 1040)

Angel Strunk was convicted of federal wire fraud. Her sentencing was originally scheduled for July 2025 but Judge Matthew W. Barrett postponed it to January 22, 2026 after reviewing Plaintiff's victim impact statement containing time-stamped receipts and evidence that the stalking charges were fabricated.

## D. Magistrate Litkovitz Signed the FBI's Arrest Warrant for Strunk

The criminal complaint against Angel Strunk was signed by Magistrate Judge Karen L. Litkovitz on August 31, 2021. Magistrate Litkovitz found probable cause to believe Strunk committed wire fraud, bank fraud, conspiracy, and false statements based on FBI Agent Yi's affidavit—which was based on Plaintiff's whistleblower evidence.

*The same Magistrate Litkovitz now recommends dismissing Plaintiff's malicious prosecution claims against this proven federal criminal.*

## III. ARGUMENT

3

## I. THE MAGISTRATE'S RECOMMENDATION CREATES AN INTOLERABLE ABSURDITY

Magistrate Litkovitz's December 17, 2025 Report creates an absurd and unjust result:

> **AUGUST 31, 2021: Magistrate Litkovitz: "There is probable cause to arrest Angel Strunk for wire fraud, bank fraud, and conspiracy based on FBI whistleblower evidence."**

> **DECEMBER 17, 2025: Magistrate Litkovitz: "Plaintiff cannot pursue malicious prosecution claims against Angel Strunk because he was convicted of stalking her."**

The stalking conviction that Magistrate Litkovitz now uses to bar Plaintiff's claims was procured through retaliation for FBI whistleblowing, coordination between Strunk, Lentine, Boydston, Martin, and prosecutor Zurface, blocked discovery preventing verification of fabricated evidence, and perjured testimony about a doctor's appointment that never existed.

## II. THE CONVICTION WAS PROCURED THROUGH FRAUD AND VIOLATES DUE PROCESS

Plaintiff's stalking conviction was procured through prosecutor Zurface's intentional blocking of discovery, coordination with RICO defendants to fabricate charges, and use of unverified "evidence" that Plaintiff's time-stamped receipts conclusively disprove. A conviction procured through fraud on the tribunal and obstruction of the defendant's right to present exculpatory evidence violates fundamental due process.

4

Federal Judge Barrett's extraordinary six-month sentencing postponement demonstrates that Plaintiff's evidence of fabricated charges is sufficiently credible to impact a federal criminal sentencing. Yet Magistrate Litkovitz dismisses these same claims without permitting discovery or depositions.

## III. FEDERAL WHISTLEBLOWER PROTECTIONS REQUIRE REJECTION OF THE RECOMMENDATION

Federal whistleblower protections exist precisely to prevent what happened here: criminals using false charges to silence those who report their crimes to federal authorities. The FBI used Plaintiff's evidence to prosecute and convict Strunk. Federal prosecutors don't file criminal charges without substantial evidence. Agent Yi's investigation validated everything Plaintiff reported.

Despite this federal validation of Plaintiff's credibility as a whistleblower, Magistrate Litkovitz recommends accepting the fabricated stalking conviction at face value and dismissing Plaintiff's claims against his proven fraudster accusers. This rewards criminal retaliation against FBI whistleblowers and creates perverse incentives for defendants to fabricate criminal charges against those who report their crimes.

## IV. THE STALKING CHARGES WERE RICO PREDICATE ACTS

The stalking charges were not merely retaliatory—they were integral components of the RICO enterprise alleged in this case. The false charges served multiple purposes:

- Retaliated against Plaintiff for FBI cooperation

- Obstructed the receivership fraud investigation

5

- Prevented Plaintiff from calling vendors to verify unpaid bills

- Intimidated Plaintiff into abandoning property recovery

Prosecutor Zurface coordinated with RICO defendants Strunk, Boydston, and Martin to weaponize the criminal justice system as part of the systematic property theft scheme. This coordination is evidenced by Zurface's denial of discovery requests and the timing of the charges and multiple communications with Boydston and Martin which Boydstons legal billing records show.

## V. PLAINTIFF HAS PROVEN THE UNDERLYING RICO SCHEME

Plaintiff possesses defendant Richard Boydston's sworn confession that the property sale was an "engineered sale." Plaintiff also has Hamilton County Land Reutilization Corporation's December 8, 2025 admission that they discovered $423,169.42 in theft. These admissions, combined with federal criminal convictions of co-conspirators Lentine (63 months imprisonment) and Strunk (convicted wire fraud, sentencing January 27, 2026), validate the entire RICO scheme that Plaintiff alleged.

The enterprise weaponized the criminal justice system against the person who exposed their fraud to federal authorities. This is classic retaliation and constitutes additional predicate acts under RICO.

## VI. PLAINTIFF IS ENTITLED TO DISCOVERY ON THE STALKING CONVICTION

At minimum, Plaintiff is entitled to discovery and depositions before his malicious prosecution claims are dismissed. Plaintiff seeks to depose Angel Strunk, Joseph Lentine, prosecutor Susan Zurface, to reveal  the alleged doctor appointment at

8:20 AM. Plaintiff seeks appointment schedules, and communications between Strunk, Lentine, Boydston, Martin, and prosecutor Zurface regarding the fabricated charges.

This discovery was blocked in the state criminal case. Dismissing Plaintiff's claims without permitting this discovery perpetuates the injustice and denies Plaintiff due process.

## IV. CONCLUSION

Plaintiff respectfully requests that this Court reject Magistrate Litkovitz's Report and Recommendation and allow Plaintiff's malicious prosecution claims against Angel Strunk and Joseph Lentine to proceed to discovery. At age 76, representing himself pro se after losing historic properties worth $3.5 million and spending one year in prison based on fabricated charges, Plaintiff has earned the right to have his day in court against the federal criminals who weaponized the justice system to silence his FBI whistleblowing.

The FBI believed Plaintiff enough to prosecute and convict Strunk and Lentine. Federal Judge Barrett found Plaintiff's evidence credible enough to postpone sentencing by six months. Magistrate Litkovitz herself found probable cause to arrest Strunk based on Plaintiff's whistleblower reports. Plaintiff deserves the opportunity to prove that the stalking conviction used to bar his claims was procured through the very fraud scheme he reported to federal authorities.

Respectfully submitted,

/s/ John Klosterman
JOHN KLOSTERMAN
Pro Se Plaintiff

7

**5616 Sidney Road**
**513-250-2610**
**johncklosterman@gmail.com**

**Dated: December 16, 2025**

**CERTIFICATE OF SERVICE**

I hereby certify that on December 19, 2025, I filed the foregoing document through the Court's ECF system, or email which will serve electronic copies on all counsel of record.

/s/ John Klosterman