# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

JOHN KLOSTERMAN, et al.,

    Plaintiffs,

v.

KONZA, LLC, RICHARD BOYDSTON, DENTONS BINGHAM GREENEBAUM LLP, CITY OF CINCINNATI, et al.

    Defendants.

Case No. 1:25-cv-00312-SJD-KLL

Judge Susan J. Dlott
Magistrate Karen L. Litkovitz

PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION

---

Pursuant to Fed. R. Civ. P. 72(b), Plaintiff objects to the Magistrate Judge's Report and Recommendation (Doc. 94). The R&R errs in four respects:

## I. FEDERAL CRIMINAL CONVICTION PROVES RICO ENTERPRISE

The R&R concludes that extending time to serve defendant Joseph Lentine would be "futile" because "the amended complaint fails to state a RICO claim." (Doc. 94 at 3). This ignores that the United States Department of Justice successfully prosecuted and convicted Lentine for the same fraudulent conduct alleged in Plaintiff's RICO claims.

Lentine was convicted in federal court and sentenced to 63 months imprisonment for fraud involving Plaintiff's properties. United States v. Joseph Lentine, Case No. 1:21-mj-00633-KLL. When federal prosecutors obtain a criminal conviction for conduct forming the basis of civil RICO claims, that conviction establishes the predicate acts. See Emich Motors Corp. v. General Motors Corp., 340 U.S. 558, 568-69 (1951).

Extension of time to serve Lentine is not "futile" when the United States has already proven he committed federal crimes as part of the alleged RICO enterprise.

## II. ROOKER-FELDMAN DOES NOT BAR RICO CLAIMS AGAINST PRIVATE FRAUDSTERS

The R&R adopts the same erroneous Rooker-Feldman analysis as the December 10 dismissal order. Plaintiff does not seek to reverse any state court judgment. Plaintiff seeks damages from private parties—Strunk and Lentine—for their fraudulent conduct.

The Sixth Circuit has repeatedly held that Rooker-Feldman does not bar federal suits against private parties who committed fraud, even if that fraud occurred during state court proceedings. McCormick v. Braverman, 451 F.3d 382, 393 (6th Cir. 2006); Berry v. Schmitt, 688 F.3d 290, 298 (6th Cir. 2012).

## III. MALICIOUS PROSECUTION CLAIM SURVIVES IN RICO CONTEXT

The R&R dismisses the malicious prosecution claim because Plaintiff was convicted. (Doc. 94 at 2-3). But Plaintiff alleges that conviction was obtained through false police reports filed as part of the RICO conspiracy to silence his investigation into the receivership fraud.

Lentine's federal conviction proves he was part of a criminal enterprise. Strunk's alleged filing of false police reports against Plaintiff in September 2021—five months after Plaintiff filed detailed fraud allegations with the court—fits the pattern of racketeering activity. These false charges resulted in Plaintiff's imprisonment for nearly one year, preventing him from monitoring the receivership or objecting to the property sale.

If criminal charges were initiated through fraud and conspiracy, the conviction does not automatically bar civil claims challenging that process.

## IV. THE R&R'S "FUTILITY" REASONING IS CIRCULAR

The R&R concludes extension would be "futile" because other defendants were dismissed. (Doc. 94 at 3). But those dismissals are on appeal precisely because they ignored:

- Defendant Boydston's sworn confession that the sale was "engineered" and "not at proper value"
- Federal criminal convictions validating the RICO enterprise

- Hamilton County Land Reutilization Corporation's written admission of pre-arrangement
- $175,000+ in documented double billing

The Court cannot deny service on Strunk and Lentine based on dismissals that are currently being challenged as erroneous.

CONCLUSION

Plaintiff respectfully requests that the Court REJECT the Report and Recommendation and GRANT the motion for extension of time to serve Angel Strunk and Joseph Lentine.

Respectfully submitted,

_____

JOHN KLOSTERMAN
Pro Se Plaintiff
5615 Sidney Road
Cincinnati, OH 45238
(513) 250-2610
johncklosterman@gmail.com

Date: December 29th, 2025

CERTIFICATE OF SERVICE

I certify that on December 29, 2025, this document was filed electronically via CM/ECF or Email, providing notice to all counsel of record.

/s/ John Klosterman