UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JOHN KLOSTERMAN, | : | Case No. 1:25cv312 |
| | : | |
| Plaintiff, | : | Judge Susan J. Dlott |
| | : | Magistrate Judge Karen Litkovitz |
| v. | : | |
| | : | |
| KONZA, LLC, et al., | : | **CITY DEFENDANTS' RESPONSE IN** |
| | : | **OPPOSITION TO PLAINTIFF'S** |
| Defendants. | : | **MOTION FOR RECONSIDERATION** |

The City of Cincinnati and Terry James ("the City Defendants") submit the following response in opposition to Plaintiff's Motion for Reconsideration of Order Dismissing Case (Doc. 91) and Motion for Leave to File Second Supplement to Rule 59 Motion (Doc. 93).[1] Plaintiff fails to establish grounds for the Court to alter or amend the Court's Order dismissing the Second Amended Complaint (Doc. 89) and fails to establish good cause for the Court to permit lengthy, duplicative supplemental briefing.

I. Background

Following comprehensive briefing on multiple Motions to Dismiss, including the City Defendants' Motion (Doc. 54), the Court issued a written opinion on December 10, 2025, dismissing with prejudice all claims in Plaintiff Klosterman's

---

[1] Shortly before City Defendants filed this Response, Plaintiff filed a "Notice of Withdrawal" purporting to withdraw his Motion for Reconsideration under Fed. R. 41. (Doc. 100). Pursuant to Fed. App. R. 4(a)(4)(B)(i), a notice of appeal filed during the pending of a Rule 59 motion is not effective until "the order disposing of the last such remaining motion is entered." The City Defendants file this Response to reserve all rights until the Court moots or otherwise resolves Plaintiff's Motion for Reconsideration (Doc. 91) and Rule 59(e) Supplement (Doc. 93 and Doc. 93-1).

Second Amended Complaint. (Doc. 89, PageID#1757). The following day, December 11, 2025, Plaintiff filed a Motion for Reconsideration of Order Dismissing Case and Request for Judicial Notice (Doc. 91) requesting the Court vacate its December 10 Order (*id.*, PageID#1767). Plaintiff claimed that December 8, 2025 filings submitted in the state court foreclosure action by the Hamilton County Land Reutilization Corp. ("the Landbank") included "additional confirmation of the fraud" Plaintiff alleged in his Second Amended Complaint. (Doc. 91, PageID#1766).

On December 15, 2025, Plaintiff filed a Motion for Leave to File Second Supplement to Rule 59(e) Motion, to which he attached a seventeen-page document styled as a supplemental brief, "Plaintiff's Rule 59(e) Supplement: Newly Discovered Evidence from December 8, 2025." (Doc. 93 and 93-1). The City Defendants respectfully request the Court deny both Motions.[2]

## II. Analysis

The Sixth Circuit permits a trial court to alter or amend its judgment under Fed. R. 59 based on: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Brumley v. UPS*, 909 F.3d 834, 841 (6th Cir. 2018). Here, Plaintiff argues that the first, second, and fourth grounds apply to merit reconsideration. Plaintiff bears the

---

[2] The City Defendants oppose Plaintiff's request for leave to file Doc. 93 and 93-1. Doc. 93-1, Plaintiff's "Rule 59(e) Supplement: Newly Discovered Evidence from December 8, 2025" is highly duplicative of Doc. 91 and other briefing in the case, and includes improper, untimely requests for the Court to permit discovery. Local Rules require all evidence in support of a motion "shall be discussed in, and submitted no later than, the primary memorandum of the party relying upon such evidence." S.D. Ohio Civ. R. 7.2(d). Plaintiff's motion does not establish good cause for filing a lengthy supplemental brief just to present the same "newly discovered evidence" summarized in Doc. 91 and filed just four days earlier.

2

burden of showing that he is entitled to the requested relief. *Collier v. Monroe*, E.D.Mich. No. 25-cv-11959, 2025 U.S. Dist. LEXIS 160845, at *3 (Aug. 19, 2025).

Plaintiff elucidates no valid basis under Fed. R. 59 for this Court to reconsider, alter, or amend its dismissal of claims against the City Defendants. In fact, Plaintiff's motions do not mention the City Defendants except that the "City funded [Hamilton County Land Reutilization Corporation]'s purchase," much less identify any error in dismissing claims against them. (Doc. 93-1, PageId# 1821). His Motion should be denied.

A. The Court has not committed a clear error of law.

Plaintiff's Motion fails to identify any clear error of law to unsettle the Court's dispositive findings on the City Defendants' claims. Plaintiff has not established that the Court "wholesale disregarded, misapplied, or failed to recognize controlling precedent[,]" and thus fails to establish a basis for reconsideration of the Court's order. *See Green v. City of Willoughby Hills*, Case No. 2025 U.S. Dist. LEXIS 188546, *7, 2025 WL 2733663 (N.D. Ohio, Sep. 25, 2025).

First, the Court accurately concluded Plaintiff Klosterman lacked standing to bring "claims based on the 621 Delhi Avenue allegations," including the relevant RICO, federal civil rights, and state law claims, because at all relevant times that property was owned by a business entity, John Jennegans LLC. (Doc. 89, PageID#1750). Plaintiff argues the Court erred in this conclusion because "John Johnagans LLC" (*sic*) is encompassed in the "et al" of the case caption. (Doc. 91, PageID#1763).

3

This argument, in addition to inaccurately describing the parties to this lawsuit, fails to undermine the Court's legal conclusion that a member of a limited liability company lacks standing to sue on the company's behalf. (Doc. 89, PageID#1750). Plaintiff Klosterman is the only plaintiff in this case. The Second Amended Complaint (Doc. 33) does not identify John Jennegans LLC as a party. Even if John Jennegans LLC was named, Plaintiff Klosterman is not a licensed attorney and is barred from representing a business entity or making legal arguments on its behalf. *See Disciplinary Counsel v. Kafele*, 843 N.E.2d 169, 174, 2006-Ohio-904, ¶ 20 (Ohio, 2006). Plaintiff identifies no basis for the Court to amend or alter its decision that Plaintiff lacks standing to raise claims relating to 621 Delhi Avenue.

Second, Plaintiff's Motion does not contest the dispositive legal issues related to Plaintiff's claims against the City Defendants, including: (1) the Court's analysis of RICO claims arising from the 621 Delhi Avenue allegations, and (2) statutes of limitations applicable to Plaintiff's claims under 42 U.S.C. § 1983, 42 U.S.C. § 1985, and state law. Plaintiff's Motion does not identify any error of law in the Court's application of precedent to the RICO claims against the City Defendants, leaving undisturbed the Court's dismissal of Counts I and II, (*see* Doc. 89, PageID#1751) and denial of the Request for Leave to Add Extortion Claims, (*id.*, PageID#1756-1757). The Court properly dismissed Counts III, IV, V, VI, IX, and X against the City Defendants because each of these claims are plainly time-barred. (*See* Doc. 89, PageID#1751-1753). Nothing in Plaintiff's Motion for Reconsideration or supplemental briefing undermines the Court's analysis or decisions on this issue.

4

Finally, Plaintiff misapprehends the Court's *Rooker-Feldman* and *Colorado River* analyses. The Court thoroughly addressed why the "extrinsic fraud" exception to *Rooker-Feldman* abstention is inapplicable in this suit, given Plaintiff's undisputed and extensive raising of fraud allegations against parties in the foreclosure proceeding, including the City. (*See* FN 7, Doc. 89, PageID#1746-1747; FN 8, PageID#1748).

Plaintiff cannot establish that the Court committed a clear error of law in its analysis of claims against City Defendants, and his Motion should be denied.

B. <u>Plaintiff offers no newly discovered evidence.</u>

Plaintiff's Motion for Reconsideration (Doc. 91) presents no newly discovered evidence and thus offers no basis for the Court to alter or amend its order on those grounds. Plaintiff seeks to cast new filings in the state court foreclosure action as "additional confirmation" in support of his theory of RICO conspiracy, (Doc. 91, PageID#1766); however, Plaintiff specifies only information which has long been part of the record in the foreclosure action, (*see* Doc. 91, PageID#1762), and thus cannot form the basis of amendment or modification under Rule 59(e).

To constitute "newly discovered evidence" sufficient to assert a Rule 59(e) motion, "the evidence must have been previously unavailable." *G.D. Deal Holdings, Inc. v. Cincinnati Ins. Co.*, 501 F. Supp. 2d 914, 928 (W.D. Ky., Jun. 12, 2007). "[T]he newly discovered evidence also 'must be of such a nature as would probably produce a different result[.]'" *Doe v. Baum*, 282 F. Supp. 3d 972, 978 (E.D. Mich. Oct. 3, 2017).

Plaintiff attached, as Exhibits to his Motion for Reconsideration, two filings by the Hamilton County Land Reutilization Corporation ("the Landbank") in the state court foreclosure action. (*See* Doc. 91, Ex. D, Dec. 8, 2025 Motion to Terminate the Receivership, PageID#1799; Doc. 91, Ex. E, Dec. 8, 2025 Mem. in Opp. to Receiver's Second Application for Approval of Payment of Fees and Expenses, PageID#1785). These filings present no new information or evidence and explicitly cite the existing record in the foreclosure case for all fact assertions. For instance, Plaintiff claims the Landbank made "admissions" in its December 8 filings regarding rental payments gathered during the receivership and court approval of receivership expenditures. (Doc. 93-1, PageID#1819-1820). In reality, the Landbank's Motion to Terminate the Receivership (Ex. E), cites to the April 11, 2025 Magistrate's Decision and the Landbank's June 5, 2023 briefing on the same issues. (Doc. 91, PageID#1790, 1795). Plaintiff has not identified "newly discovered evidence" relevant to his claims. Furthermore, Plaintiff raises no new facts or information pertaining to the City Defendants in his Motion.

The Court should deny Plaintiff's attempt to re-introduce evidence already presented to and rejected by this Court.

C. <u>Plaintiff fails to present a manifest injustice requiring reconsideration</u>.

Manifest injustice occurs where there was "[a]n error in the trial court that is direct, obvious, and observable[,]" e.g. a "fundamental flaw in the court's decision." *Devore v. UPS Co. Air*, W.D. Ky. No. 3:21-cv-478, 2023 WL 2658357, 2023 U.S. Dist. LEXIS 54611, *14 (Mar. 13, 2023) (quoting *Tenn. Prot. & Advoc., Inc. v. Wells*, 371

6

F.3d 342, 348 (6th Cir. 2004)). Plaintiff argues that "manifest injustice" will occur if he is not permitted to litigate what he calls the "admitted fraud" occurring during the receivership. (Doc. 91, PageID#1766). Rather than pointing to a "fundamental flaw" in the Court's decision, Plaintiff presents his underlying theory of RICO liability, already considered and adjudicated by the Court, as the source of manifest injustice. (Doc. 91, PageID#1764-1766). Plaintiff may not otherwise use a Rule 59(e) motion to re-litigate issues already decided in this and other lawsuits. Plaintiff has not raised a "direct, obvious, and observable" error by this Court which would constitute manifest injustice. Plaintiff's Motion for reconsideration must be denied.

### III. Conclusion

For the foregoing reasons, Plaintiff's Motion for Reconsideration (Doc. 91) must be denied.

Respectfully submitted,

**EMILY SMART WOERNER (0089349)**
**CITY SOLICITOR**

*/s/ Rebecca P. Salley*
Rebecca P. Salley (0097269)
Johnnie Fitzpatrick (0100476)
Mark Manning (0088331)
Assistant City Solicitors
801 Plum Street, Suite 214
Cincinnati, OH 45202
Phone: (513) 352-4576
Fax: (513) 352-1515
rebecca.salley@cincinnati-oh.gov
johnnie.fitzpatrick@cincinnati-oh.gov
mark.manning@cincinnati-oh.gov

*Counsel for Defendants*
*City of Cincinnati and Terry James*

7

**CERTIFICATE OF SERVICE**

I hereby certify that on December 29, 2025, a true and accurate copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed to those parties who are not served via the Court's electronic filing system. Parties may access this filing through the Court's system.

John Klosterman
5615 Sidney Road
Cincinnati, OH 45238
513-250-2610
johncklosterman@gmail.com
*Plaintiff, Pro Se*

                                        */s/ Rebecca P. Salley*
                                        Rebecca P. Salley (0097269)