UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JOHN KLOSTERMAN,<br>    Plaintiff, | Case No. 1:25-cv-312<br>Dlott, J.<br>Litkovitz, M.J. |
| vs. | |
| KONZA, LLC, *et al.*,<br>    Defendants. | ORDER AND REPORT AND RECOMMENDATION |

This matter is before the Court on pro se plaintiff John Klosterman's motion for leave to file a third amended complaint to name Hamilton County Land Reutilization Corporation (HCLRC) and Kelley Allesee[1] as defendants (Doc. 84) and motion for leave to file a supplemental memorandum in support thereof (Doc. 88).

For good cause shown, the motion for leave to file a supplemental memorandum (Doc. 88) is **GRANTED**.

**I. Background**

Plaintiff's claims arise from an earlier state court foreclosure proceeding in which 59 of his properties were sold to the HCLRC to satisfy a judgment obtained by the City of Cincinnati in prior nuisance lawsuit. (Doc. 89 at PAGEID 1740, citing *City of Cincinnati v. Klosterman*, No. A1905588 (Hamilton County, Ohio C.P)). Plaintiff's amended complaint identifies ten defendants: Konza LLC; Richard Boydston; Dentons Bingham Greenbaum LLP; Tri-State Organization, Inc.; Joseph Lentine; Angel Strunk; Jennifer Donathan; Keller Williams Advisors Realty; Terry James; and the City of Cincinnati. (Doc. 33 at PageID 363-364). The amended complaint asserts ten causes of action:

---

[1] Plaintiff incorrectly refers to "Kelly" Allesee, however, this putative defendant was identified in previous litigation as Kelley Allesee. *See Klosterman v. Sedamsville Cmty. Dev. Grp.*, No. 1:20-cv-119, 2020 WL 6440257, at *4 (S.D. Ohio Nov. 3, 2020), *report and recommendation adopted sub nom. Klosterman v. Sedamsville Cmty. Dev. Corp.*, 2020 WL 7711627 (S.D. Ohio Dec. 29, 2020).

    Count I: Racketeer Influenced and Corrupt Organizations Act (RICO) Violation (18 U.S.C. § 1962(c)) against all defendants;

    Count II: RICO Conspiracy (18 U.S.C. § 1962(d)) against all defendants;

    Count III: Civil Rights Conspiracy (42 U.S.C. § 1985) against all defendants;

    Count IV: Civil Rights Violations (42 U.S.C. § 1983) against Richard Boydston and the City defendants;

    Count V: Conversion against all defendants;

    Count VI: Fraud against all defendants;

    Count VII: Breach of Fiduciary Duty against Konza, LLC, Dentons Bingham Greenbaum LLP, Richard Boydston, Jennifer Donathan, and Keller Williams Realty;

    Count VIII: Malicious Prosecution against Joseph Lentine, Angel Strunk, and Richard Boydston;

    Count IX: Negligent Supervision against Dentons Bingham Greenbaum LLP and the City of Cincinnati; and

    Count X: Intentional Infliction of Emotional Distress against all defendants.

(Doc. 33 at PageID 369-371; *see also* Doc. 89 at PageID 1743-44). On October 6, 2025, the Court granted plaintiff's motion for leave to file a second amended complaint to clarify the corporate entity for defendant Keller Williams Advisors Realty as FRI Mason, LLC, d/b/a Keller Williams Advisors Realty. (Docs. 43, 63).

    On December 10, 2025, the District Judge denied plaintiff's motion for leave to amend his complaint to add extortion claims and granted the motions to dismiss for all claims against defendants Keller Williams Realty, the City of Cincinnati, Terry James, Konza LLC, Richard Boydston, Dentons Bingham Greenbaum LLP, and Jennifer Donathan. (Doc. 89).

    On January 13, 2026, the Court denied plaintiff's motion for an extension of time to serve defendants Angel Strunk and Joseph Lentine as futile because plaintiff's claim against these defendants would be subject to dismissal for lack of subject matter jurisdiction or for failure to

2

state a claim upon which relief can be granted. (Doc. 103).

Plaintiff moves to file a third amended complaint to add two additional defendants, HCLRC and Kelley Allesee. (Doc. 84). In the proposed third amended complaint, plaintiff alleges that Ms. Allesee is responsible for "orchestrating judicial corruption" (Doc. 84 at PageID 1689) by participating in ex parte communications with the state court magistrate on October 8, 2022 and October 18, 2022 (Doc. 84 at PageID 1730-31) during the underlying foreclosure litigation, *City of Cincinnati v. Klosterman*, No. A1905588 (Hamilton County, Ohio C.P). Plaintiff bases his allegations on billing statements from Richard Boydston, an attorney with Dentons Bingham Greenbaum LLP and the appointed receiver in the litigation, that indicate Ms. Allesee[2] "was in the email chain when Boydston obtained hearing dates ex parte from the Magistrate." (Doc. 84 at PageID 1689; Doc. 88 at PageID 1734). Plaintiff asserts RICO, conspiracy, fraud, and "judicial corruption" claims against Ms. Allesee. (Doc. 84 at PageID 1696). Plaintiff states HCLRC benefited from the ex parte communications and received a "$3.7 million in stolen property" through "corrupted" judicial proceedings. Plaintiff asserts RICO, conspiracy, fraudulent transfer, and unjust enrichment claims against HCLRC. (*Id.* at PageID 1689, 1696).

## II. Legal Standard

The granting or denial of a motion to amend under Rule 15(a) is within the discretion of the trial court and leave to amend should be liberally granted. *Foman v. Davis,* 371 U.S. 178, 182 (1962). "In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and

---

[2] The Court notes that Ms. Allesee is an attorney who represented HCLRC in the action. *See* October 19, 2022 Order, *City of Cincinnati v. Klosterman*, No. A1905588 (Hamilton County, Ohio C.P).

3

futility of amendment." *Brumbalough v. Camelot Care Ctrs., Inc.,* 427 F.3d 996, 1001 (6th Cir. 2005). The test for futility is whether the amended complaint "could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000).

### III. Analysis

Plaintiff's motion for leave to amend to add HCLRC and Ms. Allesee as defendants should be denied as futile. The complaint, as amended, would be subject to dismissal for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine "precludes 'lower federal courts . . . from exercising appellate jurisdiction over final state-court judgments.'" *Skyway Inv. Corp. v. Tushman*, 541 F. App'x 536, 538 (6th Cir. 2013) (quoting *Lance v. Dennis*, 546 U.S. 459, 463 (2006)). The doctrine is "confined to cases . . . brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). See also *Durham v. Haslam*, 528 F. App'x 559, 565 (6th Cir. 2013) ("[T]he *Rooker-Feldman* doctrine concerns the subject-matter jurisdiction of the district court . . . and 'federal courts have a duty to consider their subject matter jurisdiction in regard to every case. . . .'") (citing *In re Squire*, 617 F.3d 461, 465 (6th Cir. 2010) and quoting *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009)).

Subject matter jurisdiction is lacking under the *Rooker-Feldman* doctrine if: (1) the plaintiff is "the losing party in state court," *Skyway Inv. Corp.,* 541 F. App'x at 538 (quoting *Skinner v. Switzer*, 562 U.S. 521, 531 (2011)); (2) the plaintiff is asking the district court to "'review and reject [ ]' those judgments, which were 'rendered before the district court

4

proceedings commenced,'" *Id.* (quoting *Exxon Mobil Corp.*, 544 U.S. at 284); and (3) the plaintiff's "injuries were 'caused[ ]' by the state-court judgment at issue." *Id.* "The pertinent inquiry . . . is whether the 'source of the injury' upon which [the] plaintiff bases his federal claim is the state-court judgment, not simply whether the injury complained of is 'inextricably intertwined' with the state-court judgment." *Id.* (alteration in original) (quoting *Kovacic v. Cuyahoga Cnty. Dep't of Child. and Fam. Servs.*, 606 F.3d 301, 309 (6th Cir. 2010)) (quoting *McCormick v. Braverman*, 451 F.3d 382, 394 (6th Cir. 2006)).

For the reasons set forth in the Court's December 10, 2025 Order granting the motions to dismiss filed by the other defendants (Doc. 89) and in the Court's December 17, 2025 Report and Recommendation (Doc. 94)[3], the Court lacks subject-matter jurisdiction over the proposed claims against defendants HCLRC and Allesee under *Rooker-Feldman*. The claims set forth in the putative third amended complaint are based on plaintiff's dissatisfaction with the final orders issued in the state court foreclosure proceeding against him. (*See Order Appointing Receiver*, Doc. 55-3; *Final Decree of Foreclosure*, Doc. 54-7; *Final Order Approving Sale*, Doc. 55-21; *Magistrate's Order on Motion by Receiver to Approve Sale*, Doc. 55-23). Similar to the claims against the other defendants which have been previously dismissed, the claims against these putative defendants arise from the state court foreclosure proceedings. The source of plaintiff's injury—the loss of $3.7 million in the sale of his properties through "corrupt" judicial proceedings—is the state court judgment. A favorable ruling on plaintiff's claims in this case would require the federal court to review and reject the state court judgment. Because the source of plaintiff's injury is the state court judgment resulting in the foreclosure and sale of his properties, the *Rooker Feldman* doctrine precludes jurisdiction over the third amended

---

[3] The Report and Recommendation was adopted by the District Judge on January 13, 2026. (Doc. 103).

5

complaint. *See O'Neal v. Nationstar Mortg.,* No. 1:07-cv-505, 2008 WL 3007834, at *4 (S.D. Ohio Aug. 1, 2008) (citing *McCormick,* 451 F.3d at 395).

For these reasons, plaintiff's motion for leave to file a third amended complaint to add Ms. Allesee and HCLRC as defendants (Doc. 84) should be **DENIED**.

**IT IS SO RECOMMENDED.**

Date: 1/22/2026

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN KLOSTERMAN,
    Plaintiff,

vs.

KONZA, LLC, *et al.*,
    Defendants.

Case No. 1:25-cv-312
Dlott, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).