# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JOHN KLOSTERMAN, et al
    Plaintiff-Appellant,

v.

KONZA, LLC, et al.,
    Defendants-Appellees.

Case No. 1:25-cv-00312-SJD-KLL
Judge Susan J. Dlott
Magistrate Judge Litkovitz

## NOTICE OF APPEAL
## WITH NOTICE OF EMERGENCY MOTION TO FOLLOW

Plaintiff-Appellant John Klosterman ("Appellant"), proceeding *pro se*, hereby appeals to the United States Court of Appeals for the Sixth Circuit from the following orders entered in this action:

    1. The Order Granting Defendants' Motions to Dismiss Plaintiff's Amended Complaint and Denying Request for Leave to Add Extortion Claim, entered on December 10, 2025 (Doc. 89), which dismissed with prejudice all claims against Defendants Keller Williams Realty (FRI Mason, LLC), the City of Cincinnati, Terry James, Konza LLC, Richard Boydston, Dentons Bingham Greenebaum LLP, and Jennifer Donathan;

    2. The Order and Report and Recommendation entered on January 22, 2026 (Doc. 105), denying Plaintiff's motion for leave to file a third amended complaint to add

Hamilton County Land Reutilization Corporation (HCLRC) and Kelley Allesee as defendants, to the extent adopted by the District Court;

3. The Order entered on January 13, 2026 (Doc. 103), denying Plaintiff's motion for extension of time to serve Defendants Angel Strunk and Joseph Lentine as futile;

4. The District Court's failure to rule on Plaintiff's pending motion to add Jacki Martin (former Assistant City Solicitor) and Susan Zurface (Hamilton County Assistant Prosecutor) as defendants, which motion remained unresolved at the time of dismissal despite both individuals' documented participation in the RICO enterprise—Martin in orchestrating the "engineered sale" and selection of the listing agent, and Zurface in coordinating the perjured testimony used to imprison Appellant months after he became an FBI cooperating witness;

5. All other interlocutory and procedural orders that merged into the final judgment, including but not limited to:

   a. The Order striking Plaintiff's opposition brief (Doc. 80);

   b. The Order of Magistrate Judge Litkovitz limiting the Amended Complaint to 20 pages (Doc. 32);

   c. All rulings on motions and procedural matters that contributed to the final disposition of this action.

## JURISDICTIONAL STATEMENT

2

The District Court had jurisdiction under 28 U.S.C. § 1331 (federal question) and 18 U.S.C. § 1964(c) (civil RICO). This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 as an appeal from a final decision of the district court. The December 10, 2025 Order (Doc. 89) became a final, appealable judgment disposing of all claims against all parties upon Plaintiff's filing of a Notice of Voluntary Dismissal Without Prejudice of remaining claims against Defendants Tri-State Organization, Inc., Joseph Lentine, and Angel Strunk on February 11, 2026 (Doc. 108). See *Catlin v. United States*, 324 U.S. 229, 233 (1945); *Liberty Mutual Ins. Co. v. Wetzel*, 424 U.S. 737, 742–45 (1976).

This Notice of Appeal is timely filed within 30 days of the date the voluntary dismissal rendered the judgment final. Fed. R. App. P. 4(a)(1)(A).

## ISSUES PRESENTED FOR REVIEW

1. **Rooker-Feldman Doctrine:** Whether the District Court erred in holding that the Rooker-Feldman doctrine bars Plaintiff's federal RICO and civil rights claims where: (a) Plaintiff challenges independent federal law violations committed during state court proceedings, not the state court judgment itself; (b) the "source of injury" is Defendants' criminal conduct, including an admitted "engineered sale," not any state court ruling; and (c) co-conspirators have been convicted in federal criminal proceedings for conduct arising from the same receivership.

2. **RICO Pattern:** Whether the District Court erred in characterizing Plaintiff's allegations as a "single, limited time scheme targeting a single victim" where the Amended Complaint alleges: (a) a multi-year conspiracy involving ten defendants across multiple enterprises; (b) predicate acts of wire fraud, mail fraud, witness

tampering, and money laundering; (c) multiple victims including Plaintiff and his tenants; and (d) an ongoing threat of repetition through continued fraudulent billing in state court.

**3. RICO Against Municipal Entity:** Whether the District Court correctly held that the City of Cincinnati cannot be held liable under RICO, particularly where the Sixth Circuit has not definitively resolved this issue and other circuits have permitted RICO claims against municipalities.

**4. Barton Doctrine:** Whether the Barton doctrine bars federal RICO claims against a court-appointed receiver and his counsel where the receiver has confessed under oath to conducting an "engineered sale" and co-conspirators have been convicted of federal crimes related to the receivership.

**5. Standing — 621 Delhi Avenue:** Whether the District Court erred in holding that Plaintiff lacked standing to assert claims regarding 621 Delhi Avenue where Plaintiff is the statutory agent of John Jennagans LLC and alleges individual injuries including lost rental income and property value destruction.

**6. Leave to Amend:** Whether the District Court abused its discretion in denying leave to add HCLRC and Kelley Allesee as defendants where: (a) HCLRC's own counsel subsequently admitted in state court filings that the Receiver's recordkeeping was "intentionally designed to conceal," that the Receiver "voluntarily surrendered $423,169.42 without seeking Court approval," and that Receiver billing contained "facially inappropriate charges"; and (b) Allesee participated in ex parte communications with the state court magistrate during the foreclosure proceedings.

4

**7. Pro Se Pleading Standard:** Whether the District Court held Plaintiff's *pro se* Amended Complaint to pleading standards more stringent than those required by *Haines v. Kerner*, 404 U.S. 519, 520 (1972), particularly in limiting the complaint to 20 pages for claims involving 59 properties, 10 defendants, a multi-year conspiracy, and federal criminal convictions.

**8. Statute of Limitations:** Whether the District Court erred in applying the statute of limitations to the §§ 1983 and 1985 claims where the continuing violation doctrine applies to ongoing conspiracies and where fraudulent concealment tolled the limitations period.

**9. Failure to Rule on Pending Motion to Add Enterprise Participants:** Whether the District Court erred in dismissing this action without ruling on Plaintiff's pending motion to add Jacki Martin and Susan Zurface as defendants, where: (a) Martin, as Assistant City Solicitor, was directly involved in orchestrating the "engineered sale" and allegedly assisted in the selection of the listing agent Jennifer Donathan, and subsequently resigned from the City Law Department as the federal investigation intensified—demonstrating consciousness of guilt; and (b) Zurface, as Hamilton County Assistant Prosecutor, coordinated with Receiver Boydston and Ms. Martin (as documented in Boydston's November 3, 2021 billing entry) to prosecute Appellant on charges based on perjured testimony by Angel Strunk, resulting in Appellant's false imprisonment—five months after Appellant became an FBI cooperating witness—in an effort to silence the federal whistleblower and complete the fraudulent sale of his properties while he was incarcerated.

5

## RELIEF SOUGHT ON APPEAL

**Appellant respectfully requests that the Court of Appeals:**

a. Reverse the District Court's December 10, 2025 Order (Doc. 89) in its entirety;

b. Reverse the denial of leave to amend to add HCLRC and Kelley Allesee as defendants;

c. Direct that Jacki Martin (former Assistant City Solicitor) and Susan Zurface (Hamilton County Assistant Prosecutor) be added as defendants on remand, or in the alternative, direct the District Court to rule on Plaintiff's pending motion to add these enterprise participants, whose roles in the RICO conspiracy—including orchestrating the fraudulent property sale and coordinating the false imprisonment of an FBI whistleblower—are documented in Defendants' own billing records and sworn testimony;

d. Remand the action to the District Court for proceedings on the merits, including discovery;

e. Reassign this case to a different district judge upon remand pursuant to 28 U.S.C. § 2106, given the pattern of adverse procedural rulings detailed herein;

f. Direct the district court on remand to consider appointment of a Special Master pursuant to Federal Rule of Civil Procedure 53 to oversee discovery and conduct an independent forensic accounting of the receivership;

g. Enter an emergency order freezing the $85,950.62 in receivership escrow funds held by Provident Title Company pending resolution of this appeal, to prevent distribution

6

of RICO proceeds to Defendants, including a co-conspirator currently serving a 63-month federal sentence;

h. Award prejudgment interest on all damages from the date of the fraudulent sale to the date of judgment, reflecting Appellant's five-year deprivation of $4.5 million in property value and rental income; and

i. Grant such other and further relief as the Court deems just and proper.

## NOTICE OF EMERGENCY MOTION

Appellant hereby notifies this Court that he will file an Emergency Motion for Injunction Pending Appeal pursuant to Federal Rule of Appellate Procedure 8 immediately upon docketing of this appeal.

Receivership escrow funds totaling $85,950.62, held by Provident Title Company, are in imminent danger of distribution to Defendants—including Tri-State Organization, Inc., whose principal Joseph Lentine is currently serving a 63-month federal sentence at USP McCreary for wire fraud, money laundering, and PPP loan fraud arising from the same receivership. On December 19, 2025, TSO demanded immediate distribution of $57,271.18 from the escrow. The Hamilton County Court of Common Pleas has scheduled proceedings that could authorize distribution at any time after oriel arguments asked and granted by HCLRC to distribute and close the receivership.. Additionally, 634 Delhi Avenue is scheduled for sheriff's sale on March 4, 2026—three weeks from this filing.

7

Appellant has been deprived of the proceeds of the fraudulent sale of his 59 historic properties for nearly five years. The court-appointed Receiver confessed under oath that the sale was "engineered" at a price "hoped to cover expenses" rather than reflect fair market value. HCLRC's own counsel has now admitted the Receiver's recordkeeping was "intentionally designed to conceal," that $423,169.42 in rental income was transferred "without Court approval," and that billing contained "facially inappropriate charges" including charging TSO's payroll taxes to the receivership. These are the same ghost employees used for the $1.3 million PPP fraud.

Additionally, 634 Delhi Avenue—a property directly connected to the RICO enterprise and the subject of Angel Strunk's CAA fraud admission (Exhibit E-7)—is scheduled for sheriff's sale on March 4, 2026—Case No. A2502941 three weeks after this Notice of Appeal is filed. This property will be irreversibly lost unless this Court acts before that date. The sheriff's sale of 634 Delhi is a direct consequence of the receivership fraud.. If the sale proceeds, Appellant will suffer an irreversible loss of property that cannot be remedied by a later favorable ruling on appeal.

Appellant is 76 years old. These escrow funds represent the last identifiable, recoverable proceeds from properties worth $4.5 million that were sold for $800,000 through an admitted "engineered sale." The district court denied preservation of these funds. Immediate appellate intervention is necessary to prevent irreparable harm.

Respectfully submitted,

_/s/ Jerry Lootman_

8

John C. Klosterman
Plaintiff-Appellant, Pro Se
5615 Sidney Road
Cincinnati, Ohio 45238
(513) 250-2610
johncklosterman@gmail.com

Date: February 13, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2026, a copy of the foregoing Notice of Appeal was filed electronically via the Court's CM/ECF system, which will provide notice to all counsel of record:

John Klosterman
Counsel of Record:


**For Defendants Konza LLC, Richard Boydston, and Dentons Bingham Greenebaum LLP:**
  Dinsmore & Shohl LLP / Hoover Hull Turner LLP

**For Defendant City of Cincinnati and Terry James:**
  City of Cincinnati Law Department

**For Defendant FRI Mason, LLC (d/b/a Keller Williams Realty):**
  [Counsel per CM/ECF]

**For Defendant Jennifer Donathan:**
  [Counsel per CM/ECF]

_____

John C. Klosterman
Plaintiff-Appellant, Pro Se

9