NOT RECOMMENDED FOR PUBLICATION

No. 26-3118

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

```
FILED
Feb 20, 2026
KELLY L. STEPHENS, Clerk
```

| | | |
|---|---|---|
| JOHN KLOSTERMAN, | ) | |
| | ) | |
|     Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| KONZA, LLC, et al., | ) | THE SOUTHERN DISTRICT OF |
| | ) | OHIO |
|     Defendants-Appellees. | ) | |

O R D E R

Before: BOGGS, STRANCH, and DAVIS, Circuit Judges.

This matter is before the court upon initial consideration of appellate jurisdiction.

In an amended complaint, in a civil action brought under the Federal Racketeer and Corrupt Organizations Act (RICO), 18 U.S.C. § 1946(c), John Klosterman named ten defendants and asserted multiple claims, including conspiracy, malicious prosecution, and fraud. Seven of the defendants filed motions to dismiss. On December 10, 2025, the district court granted those motions and dismissed those seven defendants from the action. The order additionally denied Klosterman's request for leave to add additional claims of extortion. Klosterman filed a notice of appeal from the December 10 order, which a panel of this court dismissed for lack of appellate jurisdiction as taken from a non-final order. *Klosterman v. Konza, LLC*, No. 25-4021 (6th Cir. Feb. 9, 2026) (order).

No. 26-3118
- 2 -

On February 11, 2026, Klosterman filed in the district court a "Notice of Voluntary Dismissal of Remaining Claims." The notice sought to dismiss the claims against the remaining defendants without prejudice, reserving Klosterman's right to refile them. Klosterman explained that the purpose of the voluntary dismissal was to render the December 10, 2025, order a final judgment and to allow him to appeal in this court. Klosterman stated that he intended to file a new notice of appeal within 30 days of the notice of voluntary dismissal. Klosterman filed the new notice of appeal on February 13, 2026, docketed as the instant appeal.

"[F]ederal courts of appeals are empowered to review only 'final decisions of the district courts.'" *Microsoft Corp. v. Baker*, 582 U.S. 23, 27 (2017) (quoting 28 U.S.C. § 1291). A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Hall v. Hall*, 584 U.S. 59, 64 (2018) (quoting *Ray Haluch Gravel Co. v. Cent. Pension Fund of Operating Eng'rs & Participating Emps.*, 571 U.S. 177, 183 (2014)). This requires that the district court resolve "all claims and all parties in the case," *In re Fifth Third Early Access Cash Advance Litig.*, 925 F.3d 265, 273 (6th Cir. 2019) (quoting *Adler v. Elk Glenn, LLC*, 758 F.3d 737, 739 (6th Cir. 2014)), because the general rule is that "a party is entitled to a single appeal, to be deferred until final judgment has been entered," *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712 (1996) (quoting *Digital Equip. Corp. v. Desktop Direct, Inc.*, 511 U.S. 863, 868 (1994)). As a result, "[i]n the absence of a Rule 54(b) certification, an order disposing of fewer than all of the asserted claims is not appealable as a final judgment under 28 U.S.C. § 1291." *Good v. Ohio Edison Co.*, 104 F.3d 93, 95 (6th Cir. 1997).

Despite Klosterman's efforts, we still lack jurisdiction to review the December 10, 2025, order. First, although Klosterman notified the court of his intent to dismiss the remaining defendants, the district court has not entered an order dismissing those defendants. Therefore, the claims against those defendants remain pending. Second, even if the district court were to enter the requested dismissal, "[a] party cannot use voluntary dismissal *without* prejudice as an end-run around the final judgment rule to convert an otherwise non-final—and thus non-appealable—ruling into a final decision appealable under § 1291." *Dearth v. Mukasey*, 516 F.3d 413, 416 (6th Cir. 2008) (quoting *Marshall v. Kansas City S. Ry. Co.*, 378 F.3d 495, 500 (5th Cir. 2004)

No. 26-3118
- 3 -

(emphasis in original)). Klosterman's desire to "voluntarily dismiss [his remaining] claims without prejudice for the purpose of obtaining an immediate appeal . . . is an impermissible circumvention of the finality requirement." *Rowland v. S. Health Partners, Inc.*, 4 F.4th 422, 425 (6th Cir. 2021). This type of conditional dismissal does not meet the "traditional test of finality," "which is intended to prevent parties from pausing the litigation, appealing, then resuming the litigation on a 'half-abandoned claim if the case returns.'" *Id*. at 426, 429 (citation omitted). Under these circumstances, we lack jurisdiction.

The appeal is **DISMISSED**.

ENTERED BY ORDER OF THE COURT

*Kelly L. Stephens*
Kelly L. Stephens, Clerk

# United States Court of Appeals for the Sixth Circuit

**U.S. Mail Notice of Docket Activity**

The following transaction was filed on 02/20/2026.

**Case Name:** John Klosterman v. Konza, LLC, et al
**Case Number:** 26-3118

**Docket Text:**
ORDER filed to dismiss case for lack of jurisdiction. No mandate to issue; declaring as moot motion exceed page limit [7487964-2] motion to stay other court proceeding [7487971-2] motion for injunction pending appeal [7487973-2] motion for summary judgment [7487974-2] filed by Mr. John Klosterman. Danny J. Boggs, Circuit Judge; Jane Branstetter Stranch, Circuit Judge and Stephanie Dawkins Davis, Circuit Judge.

**The following documents(s) are associated with this transaction:**
Document Description:   Order

**Notice will be sent to:**

Mr. John Klosterman
5615 Sidney Road
Cincinnati, OH 45238

**A copy of this notice will be issued to:**

Mr. James D. Houston
Mr. Richard W. Nagel
Mr. Paul Saba
Ms. Rebecca P. Salley
Ms. Bailey Sharpe