# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JOHN KLOSTERMAN,
    Plaintiff,

V.

                                     Case No. 1:25-cv-00312-SJD-KLL

                                     Judge Susan J. Dlott

KONZA, LLC, et al.,
    Defendants.

---

### PLAINTIFF'S EMERGENCY MOTION FOR:
### (1) ENTRY OF RULE 4(m) DISMISSAL OF UNSERVED DEFENDANTS;
### AND (2) RULE 54(b) CERTIFICATION OF FINAL JUDGMENT

---

## I. INTRODUCTION

Plaintiff John Klosterman moves this Court for two related forms of emergency relief that together will produce a complete final judgment in this action and allow Plaintiff to pursue his appeal in the Sixth Circuit. First, Plaintiff requests that the Court enter a formal order dismissing unserved Defendants Tri-State Organization, Inc., Joseph Lentine, and Angel Strunk pursuant to Federal Rule of Civil Procedure 4(m), based on this Court's January 13, 2026 denial of Plaintiff's motion for extension of time to serve (Doc. #103). Second, Plaintiff requests that the Court certify its December 10, 2025 dismissal order (Doc. #89) as a final judgment pursuant to Federal Rule of Civil Procedure 54(b). Together, these orders will render the entire case final and immediately appealable.

## II. BACKGROUND

On December 10, 2025, this Court dismissed seven defendants with prejudice (Doc. #89). Three defendants remained: Tri-State Organization, Inc., Joseph Lentine, and Angel Strunk. Defendants Lentine and Strunk have never been served with process. On January 13, 2026, this Court denied Plaintiff's motion for extension of time to serve Lentine and Strunk as futile (Doc. #103), and that ruling was confirmed by Judge Dlott. Defendant Tri-State Organization, Inc. has not been served and has filed no responsive pleading.

Plaintiff filed a Notice of Voluntary Dismissal (Doc. #108) on February 11, 2026, which is the subject of a contemporaneous withdrawal motion. The Sixth Circuit has twice dismissed appeals for lack of appellate jurisdiction and identified Rule 54(b) certification as the proper procedural vehicle. *Klosterman v. Konza, LLC*, No. 25-4021 (6th Cir. Feb. 9, 2026); No. 26-3118 (6th Cir. Feb. 20, 2026). The first panel expressly stated the December 10 order was not final because it 'did not dispose of all claims involved in this action and did not direct entry of a final, appealable judgment under Federal Rule of Civil Procedure 54(b).'

## III. ARGUMENT

A. Rule 4(m) Dismissal of Lentine, Strunk, and TSO Is Mandatory.

Federal Rule of Civil Procedure 4(m) provides that if a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own — must dismiss the action without prejudice against that defendant. This Court's January 13, 2026 denial of the service

2

extension motion as futile (Doc. #103), confirmed by Judge Dlott, constitutes the requisite court determination that proper service cannot be accomplished. Formal entry of Rule 4(m) dismissal as to Lentine, Strunk, and Tri-State Organization is therefore mandatory and appropriate.

This dismissal is compelled by the Court's own prior ruling — it is not a strategic choice by Plaintiff. The distinction is legally significant: the Sixth Circuit's concern in Case 26-3118 was with voluntary dismissal engineered by a plaintiff to manufacture finality. A court-ordered Rule 4(m) dismissal flowing from the Court's own denial of the service extension presents no such concern.

### B. Rule 54(b) Certification of the December 10, 2025 Order Is Warranted.

Federal Rule of Civil Procedure 54(b) permits this Court to direct entry of final judgment as to fewer than all defendants upon an express determination that there is no just reason for delay. *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 7-8 (1980). Both prongs are satisfied here.

First, the December 10 order is a final disposition of all claims against all seven dismissed defendants — nothing remains for this Court to decide as to those parties. Second, there is no just reason for delay. Plaintiff faces a sheriff's sale of 634 Delhi Pike on March 6, 2026. The Sixth Circuit has twice identified Rule 54(b) as the correct mechanism. The dismissed defendants' claims are fully separable from the Rule 4(m) dismissal of the unserved defendants. Immediate certification serves judicial economy and prevents irreversible harm.

3

## IV. CONCLUSION

Plaintiff respectfully requests that this Court enter the attached proposed order: (1) formally dismissing Tri-State Organization, Inc., Joseph Lentine, and Angel Strunk under Rule 4(m); (2) certifying the December 10, 2025 order as a final judgment under Rule 54(b); and (3) directing the Clerk to enter final judgment, thereby perfecting appellate jurisdiction in the Sixth Circuit.

Respectfully submitted,

_____
John Klosterman, Pro Se
5615 Sidney Road
Cincinnati, Ohio 45238
513-2502610
johncklosterman@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 23, 2026, I filed this Motion with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit via the CM/ECF system or via Email, which will send notification to all counsel of record.

_____
John Klosterman, Pro Se

4