IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| John Klosterman, | : | Case No. 1:25-cv-312 |
| Plaintiff, | : | Judge Susan J. Dlott |
| v. | : | Order Dismissing without Prejudice Tri-State Organization, Inc., Joseph Lentine, and Angel Strunk under Federal Rule of Civil Procedure 4(m) |
| Konza, LLC, *et al.*, | : | |
| Defendants. | : | |

This matter is before the Court on Plaintiff's Emergency Motion to Withdraw Notice of Voluntary Dismissal and Plaintiff's Emergency Motion for (1) Entry of Rule 4(m) Dismissal of Unserved Defendants and (2) Rule 54(b) Certification of Final Judgment following dismissal of his appeal by the Sixth Circuit Court of Appeals. (Docs. 113–114).

I.

Plaintiff John Klosterman filed an Amended Complaint on June 27, 2025 against ten named Defendants. (Doc. 33.) Seven Defendants filed Motions to Dismiss. (Docs. 53–55, 74.) On December 10, 2025, the Court granted the Motions and dismissed with prejudice the claims against Defendants Keller Williams Realty, the City of Cincinnati, Terry James, Konza LLC, Richard Boydston, Dentons Bingham Greenbaum LLP, and Jennifer Donathan. (Doc. 89.)

Klosterman failed to effectuate service against Defendants Tri-State Organization, Inc., Joseph Lentine, and Angel Strunk. On January 13, 2026, the Court denied Klosterman's request for an extension of time to serve Joseph Lentine and Angel Strunk. (Doc. 103.) On February 11, 2026, Klosterman filed a Notice of Voluntary Dismissal purporting to dismiss without prejudice his claims against the three unserved Defendants pursuant to Federal Rule of Civil Procedure

1

41(a)(1)(A). (Doc. 108.) Rule 41(a)(1)(A) allows a plaintiff to dismiss an action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A). Then on February 13, 2026, before the Court entered a final judgment in the case, Klosterman filed a Notice of Appeal seeking to appeal, among other issues, both the December 10, 2025 Dismissal Order (Doc. 89) and the Court's Order denying his request for an extension of time to serve Joseph Lentine and Angel Strunk (Doc. 103). (Doc. 109.)

On February 20, 2026, the Sixth Circuit Court of Appeals dismissed Klosterman's appeal for lack of jurisdiction. (Doc. 112.) The Sixth Circuit noted that this Court had not put on an order dismissing Tri-State Organization, Inc., Joseph Lentine, and Angel Strunk. (*Id.* at Page 1904.) It stated that Klosterman could not voluntarily dismiss without prejudice the three Defendants simply for the purpose of obtaining an immediate appeal. (*Id.* at PageID 1904–1905.) Finally, the Sixth Circuit suggested that it could not exercise jurisdiction over the December 10, 2025 Dismissal Order (Doc. 89) because the Court had not put on a final judgment with a Federal Rule of Civil Procedure 54(b) certification.

Klosterman now moves the Court to withdraw his Notice of Voluntary Dismissal under Rule 41(a)(1)(A) and to enter an order dismissing without prejudice Tri-State Organization, Inc., Joseph Lentine, and Angel Strunk under Federal Rule of Civil Procedure 4(m). (Docs. 113–114.) Rule 4(m) provides in part that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant." Fed. R. Civ. P. 4(m). As Klosterman has not served Tri-State Organization, Inc., Joseph Lentine, and Angel Strunk, they must be

2

dismissed under Rule 4(m).[1] The Court will permit Klosterman to withdraw his Notice of Voluntary Dismissal under Rule 41(a)(1)(A) to effectuate the purpose of Rule 4(m) and allow dismissal for failure to timely serve these three Defendants.

Klosterman also asks the Court to enter a final judgment pursuant to Federal Rule of Civil Procedure 54(b) as to the December 10, 2025 Dismissal Order, so he can appeal it. (Doc. 114 at PageID 1911–1912.)

## II.

Accordingly, Plaintiff's Emergency Motion to Withdraw Notice of Voluntary Dismissal (Doc. 113) is **GRANTED**.

Plaintiff's Emergency Motion for (1) Entry of Rule 4(m) Dismissal of Unserved Defendants and (2) Rule 54(b) Certification of Final Judgment (Doc. 114) is **GRANTED**. The Court **DISMISSES WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 4(m) Defendants Tri-State Organization, Inc., Joseph Lentine, and Angel Strunk because Klosterman failed to timely obtain service against them.

Judgment to follow. Federal Rule of Civil Procedure 54(b) certification is not necessary because the Court has resolved all claims against all parties. However, if the Sixth Circuit were to deem it necessary, the Court notes that there would not be any "just reason for delay" for appeal of the Court's December 10, 2025 Dismissal Order (Doc. 89).

---

[1] By its terms, Rule 41(a)(1)(A) allows a plaintiff to dismiss an action "without a court order." This Court does not understand the Sixth Circuit's statement that the claims against the three unserved Defendants were still pending after Klosterman filed the Notice of Voluntary Dismissal (Doc. 108) absent a court order. (Doc. 112 at PageID 1904.) It is true, however, that the Court had not put on a judgment dismissing the case before Klosterman filed his appeal. The Sixth Circuit seems concerned that Klosterman both tried to voluntarily dismiss his claims against the three unserved Defendants without prejudice to refiling under Rule 41(a)(1)(A), but also to appeal the Court's decision to not allow him to serve Joseph Lentine and Angel Strunk out of time. (Doc. 112 at PageID 1904.) "Generally, a plaintiff who requests or consents to the dismissal of his action cannot appeal that dismissal because it is not an involuntary adverse judgment." *Dearth v. Mukasey*, 516 F.3d 413, 415 (6th Cir. 2008). Klosterman has requested or consented to the Rule 4(m) dismissal of the three unserved Defendants here.

3

IT IS SO ORDERED.

BY THE COURT:

_____
Susan J. Dlott
United States District Judge

4