**UNITED STATES COURT OF APPEALS**

FOR THE SIXTH CIRCUIT

<table>
<tr><td>Kelly L. Stephens<br>Clerk</td><td>100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988</td><td>Tel. (513) 564-7000<br>www.ca6.uscourts.gov</td></tr>
</table>

Filed: March 19, 2026

Mr. John Klosterman
5615 Sidney Road
Cincinnati, OH 45238

    Re:  Case No. 26-3149, *John Klosterman v. Konza, LLC, et al*
        Originating Case No. 1:25-cv-00312

Dear Mr. Klosterman,

  The Court issued the enclosed Order today in this case.

          Sincerely yours,

          s/Kelly Stephens, Clerk

          Appeal Case Manager: Gretchen
          Direct Dial No. 513-564-7018

cc: Mr. James D. Houston
    Mr. Richard W. Nagel
    Mr. Jeffrey M. Nye
    Mr. Paul Saba
    Ms. Rebecca P. Salley
    Ms. Bailey Sharpe

Enclosure

No.  26-3149

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Mar 19, 2026
KELLY L. STEPHENS, Clerk

JOHN KLOSTERMAN,                    )
                                    )
        Plaintiff-Appellant,        )
                                    )
v.                                  )          O R D E R
                                    )
KONZA, LLC, et al.,                 )
                                    )
        Defendants-Appellees.       )


Before:  NORRIS, BLOOMEKATZ, and HERMANDORFER, Circuit Judges.


        Plaintiff John Klosterman appeals a district court order dismissing his claims against

defendants Konza, LLC; Richard Boydston; Dentons, Bingham and Greenebaum, LLP; Tri-State

Organization, Inc.; Joseph Lentine, III; Angel Strunk; Jennifer Donathan; Keller Williams Realty;

Terry James; and the City of Cincinnati.  He moves on an emergency basis to enjoin non-party

Hamilton County Land Reutilization Corporation from demolishing or otherwise materially

altering a parcel of real property in Cincinnati.

        We consider four factors when determining whether to grant an injunction pending appeal:

"(1) whether the moving party has shown a likelihood of success on the merits; (2) whether the

moving party will be irreparably injured absent an injunction; (3) whether issuing an injunction

will harm other parties to the litigation; and (4) whether an injunction is in the public interest."

*Kentucky v. Biden*, 57 F.4th 545, 550 (6th Cir. 2023) (quoting *Vitolo v. Guzman*, 999 F.3d 353,

No. 26-3149
-2-

360 (6th Cir. 2021)); *see also Monclova Christian Acad. v. Toledo-Lucas Cnty. Health Dep't*, 984

F.3d 477, 479 (6th Cir. 2020) (order).

Klosterman's motion makes only conclusory legal assertions and provides no reasoning or

factual basis to show that he has satisfied the requisite factors. Even considering our relaxed

standard for evaluating pro se pleadings, *see Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008),

the motion is insufficient on its face to demonstrate entitlement to the requested relief, *see Nken v.*

*Holder*, 556 U.S. 418, 434 (2009) (requiring a "strong showing" that the movant "is likely to

succeed on the merits" (citation omitted)).

Therefore, we **DENY** the motion.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk